# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| JAMIE WEATHERFORD and KIMBERLY WEATHERFORD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>E.I. DUPONT DE NEMOURS & COMPANY, THE CHEMOURS COMPANY, FC, LLC, 3M LLC, and 3M COMPANY,<br><br>Defendants | Case No.<br><br>**DEFENDANT 3M COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441**<br><br>**JURY TRIAL DEMANDED** |

Defendant 3M Company, by and through undersigned counsel, hereby gives notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Court of Common Pleas, Fourth Judicial Circuit, of Darlington County, South Carolina, to the United States District Court for the District of South Carolina. As grounds for removal, 3M Company states as follows:

## BACKGROUND

1. This action was filed on March 28, 2022, in the Court of Common Pleas, Fourth Judicial Circuit, of Darlington County, South Carolina, bearing case number 2022CP1600264. (Ex. A, Complaint).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 121 and 1441(a) because the Court of Common Pleas, Fourth Judicial Circuit, of Darlington County, South Carolina, is located within the Florence Division of the District of South Carolina.

3. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service upon 3M Company of the complaint and summons. 3M Company has not been served. Accordingly, removal is timely.

4.     No other process, pleadings, or orders have been served on 3M Company in this action.

5.     The remaining Defendants have not been served as of this date. Thus, their consent to removal is not necessary. *See* 28 U.S.C. § 1446(b)(2)(A) (providing that all defendants "who have been properly joined *and served* must join in or consent to the removal of the action" when removal is based solely on 28 U.S. Code § 1441 (emphasis added)).

6.     Plaintiffs allege that "Defendants" manufactured and/or distributed a group of chemicals that Plaintiffs refer to generally as "PFCs" or "PFAS" that were used in textile treatment and finishing at the Galey & Lord plant in Darlington County, were released into the environment, and thereby contaminated Plaintiffs' property. (*See*, *e.g.*, Compl. ¶¶ 1, 10, 16-21).

7.     Plaintiffs assert claims for negligence (*id.* ¶¶ 86–96), strict liability for ultrahazardous activity (*id.* ¶¶ 97–101), trespass (*id.* ¶¶ 102–109), nuisance (*id.* ¶¶ 110–18), and medical monitoring (*id.* ¶¶ 119–20).

8.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon the other parties and a copy is being filed with the Clerk of the Court of Common Pleas, Fourth Judicial Circuit, of Darlington County, South Carolina.

9.     By filing a Notice of Removal in this matter, 3M Company does not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and 3M Company specifically reserves the rights of all Defendants to assert any defenses and/or objections to which they may be entitled.

10.     3M Company reserves the right to amend or supplement this Notice of Removal.

11. If any question arises as to the propriety of the removal of this action, 3M Company respectfully requests the opportunity to present a brief and request oral argument in support of removal.

## REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

13. Removal here is proper under 28 U.S.C. § 1332, which provides for removal where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) complete diversity exists between the plaintiff and defendants. *See, e.g.*, *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1004 (4th Cir. 2014). There is complete diversity here under 28 U.S.C. § 1332(a)(1) because Plaintiffs are citizens of South Carolina and Defendants 3M Company, E. I. du Pont de Nemours and Company ("DuPont"), and The Chemours Company FC, LLC, are citizens of states other than South Carolina.

14. For diversity purposes, a corporation is a citizen of "every State or foreign state by which it has been incorporated" as well as "the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see, e.g.*, *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 350 (4th Cir. 2020). An unincorporated business entity such as an LLC "is imbued with the citizenship of all its members." *Navy Fed. Credit Union*, 972 F.3d at 354; *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). An LLC's own state of organization and principal place of business thus are "irrelevant" for determining its citizenship. *E.g.*, *Meyn Am., LLC v. Omtron USA LLC*, 856 F. Supp. 2d 728, 733 (M.D.N.C. 2012).

**I.     There is Complete Diversity of Citizenship Between the Parties.**

15. The Complaint alleges that the named Plaintiffs, Jamie and Kimberly Weatherford, are citizens of the State of South Carolina. (Compl. ¶ 3).

16.     The Complaint alleges that 3M Company is "organized under the laws of Delaware and headquartered in Minnesota." (*Id.* ¶ 5). 3M Company is a Delaware corporation with its principal place of business in Minnesota. Accordingly, 3M Company is a citizen of Delaware and Minnesota.

17.     The Complaint alleges that Defendant E. I. du Pont de Nemours and Company ("DuPont") is "organized and headquartered" in Delaware. (*Id.* ¶ 4). On information and belief, DuPont is a Delaware corporation with its principal place of business in Delaware. Accordingly, DuPont is a citizen of Delaware.

18.     On information and belief, Defendant The Chemours Company FC, LLC is a limited liability company whose sole member is The Chemours Company, and The Chemours Company is incorporated and has its principal place of business in Delaware. Accordingly, The Chemours Company is a citizen of Delaware and Defendant The Chemours Company FC, LLC likewise is a citizen of Delaware.

19.     Because Plaintiffs Jamie and Kimberly Weatherford are citizens of the State of South Carolina and Defendants 3M Company, DuPont, and The Chemours Company FC, LLC, are citizens of states other than South Carolina, there is complete diversity.[1]

---

[1] The caption of the Complaint identifies "3M LLC" as a defendant in addition to "3M Company," but the body of the Complaint does not make any reference to "3M LLC," much less assert any causes of action against it or offer any allegations concerning any putative involvement by "3M LLC" in the alleged conduct at issue. Moreover, there is no entity known as "3M LLC" that has any affiliation with 3M Company. Accordingly, "3M LLC" should be disregarded for purposes of the diversity analysis. *See, e.g.*, *McDaniel v. Loya*, 304 F.R.D. 617, 637 (D.N.M. 2015) (defendant named in case caption but against whom no cause of action is alleged in the body of the complaint does not affect diversity analysis, which "is based upon the existence of actual claims" in the complaint) (citing *Roe v. General American Life Ins. Co.*, 712 F.2d 450, 452 n.* (10th Cir. 1983) ("the joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal")). By the same token, because "3M LLC" has not been "properly joined and served," its consent to removal is not required. *See* 28 U.S.C. 1446(b)(2)(A).

**II.        The Amount in Controversy Requirement is Satisfied.**

20.     The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied in this action. The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). Although Plaintiffs do not state a precise dollar amount in controversy, the allegations in the Complaint show that the damages sought by Plaintiffs Jamie Weatherford and Kimberly Weatherford on their own behalf exceed $75,000, exclusive of interest and costs.

21.     Calculation of the amount in controversy must include all damages, including punitive damages. *Am. Health & Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D.S.C. 2003). While 3M denies that Plaintiffs are entitled to any monetary or other relief, it is plain that the amount in controversy here exceeds the jurisdictional minimum.

22.     Although Plaintiffs do not state a precise dollar amount in controversy, the allegations in the Complaint show that the damages sought exceed $75,000, exclusive of interest and costs. Plaintiffs are owners of property in Darlington, South Carolina, and seek to recover all "general and special damages determined to have been sustained by each of them respectively," including "financial losses, loss of the use and enjoyment of their property and loss due to the increased risk of exposure of person and property to PFAS chemicals, as well as reimbursement of the costs of inspection, analysis, containment, and removal of PFAS chemicals or their contaminants incurred by the Plaintiffs or by the State of South Carolina or the Federal

Government in their behalf, loss due to the interference of the use and enjoyment of Plaintiffs' property by [P]laintiffs due to remediation activities, and all such damages and other relief that is provided by statute." (Compl. (Prayer for Relief) at 22).

23.     Plaintiffs also seek punitive damages and "damages sufficient to compensate the Plaintiffs for the past, present, and future cost of obtaining periodic medical screening for the purpose of diagnosing and monitoring the health of Plaintiffs." (*Id.*).

24.     The foregoing allegations make plain that the amount in controversy here exceeds $75,000, exclusive of interest and costs, and thus that the jurisdictional amount-in-controversy requirement under § 1332(a) is satisfied.

25.     Because there is complete diversity of citizenship between Plaintiffs Jamie and Kimberly Weatherford, on the one hand, and Defendants 3M Company, DuPont, and The Chemours Company FC, LLC on the other, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this case is subject to removal by 3M pursuant to 28 U.S.C. §§ 1332 and 1441.[2]

* * *

WHEREFORE, 3M hereby removes this action from the Court of Common Pleas, Fourth Judicial Circuit, of Darlington County, South Carolina, to this Court.

---

[2] Although this is a putative class action, 3M Company is entitled to remove it based on ordinary diversity under 28 U.S.C. § 1332(a) because "the requirements of traditional diversity jurisdiction"—including complete diversity between the named Plaintiffs and the properly joined Defendants—"are met." *Stell v. Gibco Motor Express, LLC*, 2016 WL 2620178, at *2–3 (S.D. Ill. May 9, 2016); *accord Shah v. Hyatt Corp.*, 425 F. App'x 121, 123 (3d Cir. 2011).

Respectfully submitted,

s/ Brian C. Duffy
Brian C. Duffy (Fed. ID No. 9491)
Patrick Wooten (Fed. ID No. 10399)
DUFFY & YOUNG LLC
96 Broad Street
Charleston, SC 29401
Tel: (843) 720-2044
bduffy@duffyandyoung.com
pwooten@duffyandyoung.com

*Counsel for Defendant 3M Company*

May 3, 2022
Charleston, South Carolina