**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| JAMIE WEATHERFORD and KIMBERLY WEATHERFORD, on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | Civil Action No. 4:22-cv-01427-RBH |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **CONSENT** |
| E.I. DUPONT DE NEMOURS & COMPANY, | ) | **AMENDED SCHEDULING** |
| THE CHEMOURS COMPANY, FC, LLC, 3M | ) | **ORDER** |
| COMPANY, DAIKIN AMERICA, INC., | ) | |
| DAIKIN INDUSTRIES, LTD., and | ) | |
| MITSUBISHI INTERNATIONAL | ) | |
| POLYMERTRADE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case.

**<u>Preliminary Deadlines</u>**

1. No later than 45 days after the date the Court enters this scheduling order, the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[1]

2. No later than **<u>October 25, 2023</u>** the parties shall file a Rule 26(f) Report in the form attached to this order. Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report.

3. The parties shall meet and confer and submit a proposed ESI Order governing discovery of electronic information and a proposed confidentiality order to the Court within 45 days after the date the Court enters a scheduling order.

4. Motions to join other parties and amend the pleadings shall be filed no later than **<u>March 19, 2024</u>** or at a later date if good cause shown.

---

[1] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. See Fed. R. Civ. P. 29 and Local Civil Rule 29.01.

1

**Class Certification Fact Discovery**

5. Discovery shall open after initial disclosures have been provided. To expedite the Court's decision on class certification and to promote fairness and efficiency, the parties agree that, pending a decision on class certification, discovery that focuses upon issues which relate to or could impact class certification shall have priority. In the event that there is a dispute as to the nature, scope, or timing of discovery before the Court's decision on class certification, the parties agree to meet and confer. If the meet and confer does not resolve the disagreement or a party does not make itself available for a meet and confer within 5 days, the parties may seek a determination by the Court and agree that such a disagreement does not stay any other discovery. The parties further agree that priority is not necessarily the same as exclusivity and that the parties may by agreement conduct reasonable discovery which does not impact class certification prior to a decision on class certification to the extent that such discovery is not an obstacle to timely and efficient completion of discovery focused upon issues which could impact a determination on the propriety of class certification.

6. All requests for production of documents, interrogatories, and requests for admission relating to class certification issues must be served by **April 25, 2024**.

7. Document production related to class certification issues shall be substantially completed by **May 24, 2024**.

8. All depositions relating to class certification issues, other than purported class representative and expert depositions, must be completed by **June 27, 2024**.

9. All discovery related to class certification issues, other than deposition(s) of purported class representative(s) and expert discovery, must be completed by **June 27, 2024**.

10. All depositions of purported class representative(s) must be completed by **October 21, 2024.**

**Class Certification Motions**

11. Plaintiffs' motion for class certification must be filed by **September 20, 2024**.

12. Defendants' oppositions to the motion for class certification must be filed by **November 20, 2024**.[2]

13. Plaintiffs' reply in support of their motion for class certification (and a corresponding motion for leave to file a reply memorandum, if necessary) must be filed by **January 20, 2025**.

---

[2] References to "Defendants" herein shall be construed as meaning "Defendants or any of them." The Defendants are not required to make joint motions, disclosures, or other submissions, or otherwise to act jointly, under this order.

14. Any objection to class certification testimony pursuant to Federal Rule of Evidence 702 must be made by motion no later than the deadline for any opposition to the motion for class certification (for objections as to Plaintiffs' experts) and the deadline for any reply (for objections as to Defendants' experts). Oppositions to such motions shall be made no later than the deadline for reply (for objections as to Plaintiffs' experts) and 60 days after the deadline for reply (for objections as to Defendants' experts). Replies in support of any such motions shall be filed on or before 30 days after the oppositions.

**Class Certification Expert Discovery**

15. To the extent that expert testimony may be proper, necessary and useful in the determination of class certification, Plaintiffs shall file and serve a document identifying by full name, address, and telephone number each person upon whom Plaintiffs expect to rely as an expert relating to class certification and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel* has been disclosed to other parties by **September 20, 2024**. **\*NOTE: Amendments effective December 1, 2010, impose new disclosure requirements for certain expert witnesses.** Simultaneously with disclosure of such experts' reports, Plaintiffs' counsel shall advise of the dates and times of their experts' availability for deposition, which shall be no later than 30 days prior to the deadline for any opposition to the motion for class certification.

16. Plaintiffs' experts relating to class certification must be deposed by **November 20, 2024**.

17. To the extent that expert testimony may be proper, necessary and useful in the determination of class certification, Defendants shall file and serve a document identifying by full name, address, and telephone number each person upon whom Defendants expect to rely as an expert relating to class certification and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel* has been disclosed to other parties by **December 20, 2024**. **\*NOTE: Amendments effective December 1, 2010, impose new disclosure requirements for certain expert witnesses.** Simultaneously with disclosure of such experts' reports, Defendants' counsel shall advise of the dates and times of their experts' availability for deposition, which shall be no later than 30 days prior to the deadline for any reply in support of the motion for class certification.

18. Defendants' experts relating to class certification must be deposed by **January 20, 2025**.

19. All discovery related to class certification expert issues must be completed by **January 20, 2025**.

**Post-Class Certification Status Conference**

20. The parties propose that following a decision on class certification, the Court hold a status conference to address subsequent deadlines, including further merits discovery and expert deadlines, dispositive motion deadlines, and a pretrial conference.

**Tentative Schedule Following Decision on Class Certification**

21. In an effort to provide a schedule now, recognizing that a class certification decision may be subject to a petition for leave to appeal by one or both sides, and that a decision to certify a class may result in time for notice to the class, the parties propose the following tentative schedule subject to review and modification at the status conference contemplated in paragraph 20 above.

    a. <u>Non-Duplicative Merits Discovery</u>. Additional, non-duplicative fact discovery, unless otherwise ordered by the Court, may continue for a period of <u>6 months</u> following a decision on class certification. All discovery requests shall be served in time for the responses thereto to be served within 180 days of the decision on class certification, which shall be the merits discovery deadline. De bene esse depositions must be completed by the merits discovery deadline. **No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02, and have had a telephone conference with Judge Harwell in an attempt to resolve the matter informally.**

    b. <u>Merits Expert Discovery</u>.

       i. Plaintiffs shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiffs expect to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel* has been disclosed to other parties by no later than <u>30 days</u> after the close of merits fact discovery. **\*NOTE: Amendments effective December 1, 2010, impose new disclosure requirements for certain expert witnesses.**

       ii. Plaintiffs' merits experts must be deposed no later than <u>60 days</u> after the deadline for Plaintiffs to disclose those experts.

       iii. Defendants shall file and serve a document identifying by full name, address, and telephone number each person whom Defendants expect to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel* has been disclosed to other parties by no later than <u>90 days</u> after the deadline for Plaintiffs to disclose merits experts. **\*NOTE: Amendments effective December 1, 2010, impose new disclosure requirements for certain expert witnesses**.

       iv. Defendants' merits experts must be deposed no later than <u>60 days</u> after the deadline for Defendants to disclose the experts.

       v. All discovery related to merits expert issues must be completed no later than <u>180 days</u> after the close of merits fact discovery.

## Affidavits of Records Custodian Witnesses

22. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than the deadline to depose Defendants' merits experts. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. *See* Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3).

## Dispositive Motions

23. All dispositive motions and all other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial (other than Daubert motions), shall be filed within <u>60 days</u> of the deadline to depose Defendants' merits experts.

24. Oppositions to dispositive motions must be filed within <u>60 days</u> after service of the motion.

25. Replies in support of dispositive motions, if any (and a corresponding motion for leave to file a reply memorandum, if necessary), must be filed within <u>45 days</u> of the oppositions.

26. Any Daubert motions and all objections to merits expert testimony pursuant to Federal Rule of Evidence 702 must be made by motion no later than the deadline for any opposition to a dispositive motion. Oppositions to such motions shall be filed no later than the deadline for replies in support of dispositive motions. Replies to any such motion shall be filed on or before 30 days after the oppositions.

## Mediation

27. Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case within 30 days after the deadline for filing dispositive motions. *See* Standing Order to Conduct Mediation, which sets forth mediation requirements and is found on the court's website under Judge Harwell's forms (http://www.scd.uscourts.gov). At least **thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of Standing Order to Conduct Mediation; (2) discussed the availability of mediation with the party; and (3) discussed the advisability and timing of mediation with opposing counsel.

## Initial Pretrial Conference

28. The parties propose that the Court set the date for an initial pretrial conference subject to modification as set forth above. The parties shall prepare and submit a pretrial memorandum, as directed by the Court, no less than five business days prior to the date of the initial pretrial conference.

**Pretrial Deadlines, Pretrial Conference, and Trial**

29. The dates for pretrial motions and other submissions, the final pretrial conference, and trial shall be set at the status conference following a decision on class certification referenced in paragraph 20 above.


October 26, 2023                                    s/R. Bryan Harwell
Florence, South Carolina                            R. Bryan Harwell
                                                    Chief United States District Judge

/s/ Molly H. Craig
Molly H. Craig (6671)
molly.craig@hoodlaw.com
James B. Hood (9130)
james.hood@hoodlaw.com
Virginia R. Floyd (12212)
virginia.floyd@hoodlaw.com
HOOD LAW FIRM, LLC
172 Meeting Street/Post Office Box 1508
Charleston, SC  29402
P: (843) 577-4435/F: (843) 722-1630
       *and*

Lana A. Olson, *admitted pro hac vice*
lolson@lightfootlaw.com
R. Ashby Pate, *admitted pro hac vice*
apate@lightfootlaw.com
John M. Johnson, *admitted pro hac vice*
jjohnson@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, AL 35203
Ph: (205) 581-0700  /  Fax: (205) 581-0799
**Attorneys for the Defendants**
**E.I. DuPont de Nemours & Company and The**
**Chemours Company, FC, LLC**


/s/ Brian C. Duffy
Brian C. Duffy (9491)
bduffy@duffyandyoung.com
Patrick C. Wooten (10399)
pwooten@duffyandyoung.com
Duffy and Young LLC
96 Broad Street
Charleston, SC 29401
843-720-2044
F: 843-720-2047
**Attorneys for Defendant 3M Company**

/s/ Michael D. Wright
Vincent A. Sheheen (7016)
vsheheen@thesavagefirm.com
Michael D. Wright (11452)
mwright@thesavagefirm.com
Savage, Royall & Sheeheen, L.L.P
P.O. Drawer 10
Camden, SC 29021
Ph: (803) 432-4391/Fax: (803) 425-4812
       *and*

A. Gibson Solomons, III (7769)
gsolomons@speightsandsolomons.com
Sprights & Solomons, LLC
100 Oak Street/P.O. Box 685
East Hampton, SC 29924
Ph: (803) 943-4444/Fax: (803) 943-4599
**Attorneys for the Plaintiffs**


/s/Jessica King
Jessica King (Fed. Bar No. 7152)
Ruth A. Levy (Fed. Bar No. 13275)
WILLIAMS MULLEN
First Citizens Bank Building
1230 Main Street, Suite 330
Columbia, SC 29201
T: 803-567-4602
E: jking@williamsmullen.com
E: rlevy@williamsmullen.com

Katharine S. Perry, *pro hac vice pending*
Marissa L. Morte, *pro hac vice pending*
MANNING GROSS + MASSENBURG, LLP
125 High Street
Boston, MA 02110
T: 617.670.8506/F: 617.670.8801
E: kperry@mgmlaw.com
E: mmorte@mgmlaw.com
**Attorneys for Defendant Mitsubishi**
**International PolymerTrade Corporation**

*/s/ Steven N. Geise*       
JONES DAY
Steven N. Geise (D.S.C. ID #6615)
4655 Executive Drive, Suite 1500
San Diego, CA 92121-3134

Theodore M. Grossman (*Pro Hac Vice*
Forthcoming)
250 Vesey Street
New York, NY 10281
(212) 326-3939
tgrossman@jonesday.com

Jeffrey A. Kaplan, Jr. (*Pro Hac Vice*
Forthcoming)
1221 Peachtree St. N.E., Suite 400
Atlanta, GA 30361
(404) 581-8325
jkaplan@jonesday.com

Beattie B. Ashmore (D.S.C. ID #5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
(864) 467-1001
beattie@beattieashmore.com
***Attorneys for Defendant Daikin America,
Inc.***