UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JAMIE WEATHERFORD and KIMBERLY WEATHERFORD, on behalf of themselves and all other similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>E.I. DUPONT DE NEMOURS & COMPANY, THE CHEMOURS COMPANY, FC, LLC, 3M COMPANY, DAIKIN AMERICA, INC., and MITSUBISHI INTERNATIONAL POLYMERTRADE CORPORATION,<br><br>    Defendants. | CASE NO. 4:22-CV-01427-RBH<br><br><br>**DEFENDANT DAIKIN AMERICA, INC.'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT** |
| DAIKIN AMERICA, INC.,<br><br>    Third-Party Plaintiff<br><br>v.<br><br>GALEY & LORD INDUSTRIES, INC. and GALEY & LORD INDUSTRIES, LLC.[1]<br><br>    Third-Party Defendants | |

Defendant Daikin America, Inc. ("DAI") hereby seeks leave of Court under Federal Rule

---

[1] On information and belief, Burlington Industries, Inc., owned and operated the Galey & Lord plant until 1988 but was appointed a receiver and is no longer a viable entity. Also on information and belief, the two "G&L" entities named by Plaintiffs in the state-court action detailed below refer to Galey & Lord Industries, Inc., and Galey & Lord Industries, LLC. On further information and belief, Galey & Lord Industries, Inc., owned and operated the Galey & Lord plant from 1988 to 2004, when it went through bankruptcy and formed Galey & Lord Industries LLC, which still holds title to the plant property today. The South Carolina Secretary of State's website lists the two named entities as in good standing, so DAI names both entities here, out of an abundance of caution.

1

of Civil Procedure 14(a) to file a claim for contribution against Galey & Lord Industries, Inc., Galey & Lord Industries LLC, and any of their predecessors, successors, or affiliates (collectively, "Galey & Lord"). The proposed Third-Party Complaint is attached hereto as **Exhibit A**.[2]

This action arises from the property damage allegedly caused by per- and polyfluoroalkyl substances ("PFAS") as a direct result of the operation and abandonment of Galey & Lord's textile plant. Plaintiffs allege that, during the plant's operation, PFAS-contaminated wastewater was an "environmental concern." *See* Second Amended Class Action Complaint, ECF No. 34 (hereinafter "SAC") at ¶ 4. And in 2016, Galey & Lord abruptly abandoned its textile plant without first remediating it. Plaintiffs go on to allege that, in 2018, Hurricane Florence flooded the plant, causing basins full of PFAS-containing wastewater stored at the facility to contaminate the nearby Cedar Creek, Great Pee Dee River, and Plaintiffs' property. SAC at ¶¶ 28–29.

Plaintiffs, however, have not named the entities that owned and/or operated the Galey & Lord plant, which are the *only entities alleged to be polluters in this lawsuit*. Rather, Plaintiffs bring this action exclusively against parties Plaintiffs allege to have manufactured and distributed the PFAS used at the plant, one of which is DAI. Plaintiffs contend that DAI is liable for their alleged property damages based on only its *lawful* sale of PFAS to Galey & Lord. DAI denies any liability to Plaintiffs based on DAI's lawful sale of PFAS. If a jury nonetheless were to find for Plaintiffs and were to assess damages against DAI, then Galey & Lord would be liable for those damages in their entirety. Even if Plaintiffs have suffered the injuries they claim, those injuries would not have occurred but for Galey & Lord's negligent conduct. Thus, if Galey & Lord is not

---

[2] Pursuant to Local Rule of Civil Procedure 7.02, counsel for DAI conferred or attempted to confer with the other parties in advance of this Motion. No party stated that they were opposing/objecting to the Motion, although Counsel for Plaintiffs stated that they could not consent to the Motion and reserved their right to oppose or object to the Motion.

added to this case, DAI would be forced to pursue separate litigation against Galey & Lord to seek contribution.

This is the exact problem Rule 14 is meant to remedy. Rule 14 of the Federal Rules of Civil Procedure provides that a defendant, "as a third-party plaintiff," may bring an action upon a "person not a party to the action who is or may be liable to the third-party plaintiff for all or part of plaintiff's claim." Fed. R. Civ. P. 14(a). "District courts have broad discretion over motions for leave to file a third-party complaint, which is also called 'impleader.'" *Avant v. Ahern Rentals, Inc.*, No. 3:20-CV-01884-JMC, 2022 WL 522166, at *3 (D.S.C. Feb. 18, 2022). Additionally, "Federal Rule of Civil Procedure 14 permits claims for contribution to be filed in third-party actions so long as the governing substantive law recognizes a right of contribution." *Brown v. Shredex, Inc.*, 69 F. Supp. 2d 764, 767 (D.S.C. 1999). As applicable here, South Carolina law recognizes a right of contribution through its Contribution Among Tortfeasors Act. *See* S.C. Code. Ann. § 15-38-20(A); *see also, e.g.*, *Brown v. Shredex, Inc.*, 69 F. Supp. 2d 764, 766 (D.S.C. 1999) ("South Carolina substantive law recognizes the right of contribution among tortfeasors.").

Plaintiffs themselves contend that Galey & Lord is liable for the alleged damages here. Plaintiffs have filed a separate complaint in state court against only Galey & Lord seeking damages for the same property damages alleged in this case. *See Weatherford v. Burlington Ind., Inc. et al*, No. 2022-CP-40 (filed Jan. 13, 2023) (hereinafter the "Galey & Lord Complaint"), attached as **Exhibit B**. Virtually the *exact same* allegations that form the basis of the Second Amended Complaint in this case also form the basis of the Galey & Lord Complaint: that Galey & Lord allegedly caused PFAS to leach into Cedar Creek and the Great Pee Dee River, damaging Plaintiffs' property. *Compare, e.g.*, SAC at ¶¶ 26–29 *with* Galey & Lord Complaint at ¶¶ 16–17, 53–54. The District of South Carolina has noted that "[FRCP 14] is to be 'liberally construed' in order to

3

achieve its purpose of 'accomplishing in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits.'" *Laughlin v. Dell Financial Services, LP*, 465 F. Supp. 2d 563, 565 (D.S.C. 2006). If Plaintiffs are awarded damages against DAI in this action, Galey & Lord will be liable for that damage award as the party that caused Plaintiffs' alleged damages. Justice would be more swiftly served by adding Galey & Lord to this action, and DAI's third-party claim does not involve any unrelated issues that would unduly complicate this case or prejudice Plaintiffs.

Finally, although damages have not been paid in this case, this Motion is ripe for review. Although under South Carolina's Rule of Civil Procedure 14, a defendant may not seek contribution until damages are paid, this Court has affirmed multiple times over that Federal Rule of Civil Procedure 14 "trumps this state-law rule, permitting a third-party plaintiff to raise a contribution claim against a third-party defendant even if no judgment has been entered against the third-party plaintiff." *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'[l Ass'n*, No. 3:15-CV-01300-JMC, 2016 WL 6525478, at *7 (D.S.C. Nov. 3, 2016). Thus, "a party proceeding in federal court that wishes to raise a claim for contribution in a third-party action need only have accrued a cause of action for contribution, which, under South Carolina law, arises when the underlying tort has occurred." *Id.* at 8; *see also, e.g.*, *Martin v. Char-Broil*, LLC, No. 3:20-CV-02433-CMC, 2020 WL 12788155, at *3 (D.S.C. Sept. 25, 2020) ("Fed. R. Civ. P. 14(a) . . . takes precedence over the conflicting South Carolina state-court rule" and defendant "can, therefore, assert its contribution claim in its Third-Party Complaint" before damages have been paid).The Court should therefore grant DAI's Motion, which is ripe for review, and allow its claim for contribution in the form of the Third-Party Complaint attached hereto as **Exhibit A**.

4

Dated: April 18, 2024

Respectfully submitted,

**/s/ *Steven N. Geise*** 
JONES DAY
Steven N. Geise (D.S.C. ID #6615)
4655 Executive Drive, Suite 1500
San Diego, CA 92121-3134

Theodore M. Grossman (*Pro Hac Vice*)
250 Vesey Street
New York, NY 10281
(212) 326-3939
tgrossman@jonesday.com

Jeffrey A. Kaplan, Jr. (*Pro Hac Vice*)
1221 Peachtree St. N.E., Suite 400
Atlanta, GA 30361
(404) 581-8325
jkaplan@jonesday.com

Beattie B. Ashmore (D.S.C. ID #5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
(864) 467-1001
beattie@beattieashmore.com

*Attorneys for Defendant Daikin America, Inc.*

## CERTIFICATE OF SERVICE

    I certify that on April 18, 2024, this document was filed using the Court's ECF system, which will send notice to all parties of record.

                                               /s/ *Steven N. Geise*