# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JAMIE WEATHERFORD and KIMBERLY WEATHERFORD, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>E.I. DUPONT DE NEMOURS & COMPANY, THE CHEMOURS COMPANY, FC, LLC, 3M COMPANY, DAIKIN AMERICA, INC., and MITSUBISHI INTERNATIONAL POLYMERTRADE CORPORATION,<br><br>Defendants. | CASE NO. 4:22-CV-01427-RBH<br><br>**DEFENDANT DAIKIN AMERICA, INC.'S THIRD PARTY COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |
| DAIKIN AMERICA, INC.,<br><br>Third-Party Plaintiff<br><br>v.<br><br>GALEY & LORD INDUSTRIES, INC. and GALEY & LORD INDUSTRIES, LLC.[1]<br><br>Third-Party Defendants | |

---

[1] On information and belief, Burlington Industries, Inc., owned and operated the Galey & Lord plant until 1988 but was appointed a receiver and is no longer a viable entity. Also on information and belief, the two "G&L" entities named by Plaintiffs in the state-court action detailed below refer to Galey & Lord Industries, Inc., and Galey & Lord Industries, LLC. On further information and belief, Galey & Lord Industries, Inc., owned and operated the Galey & Lord plant from 1988 to 2004, when it went through bankruptcy and formed Galey & Lord Industries LLC, which still holds title to the plant property today. The South Carolina Secretary of State's website lists the two named entities as in good standing, so DAI names both entities here, out of an abundance of caution.

1

Defendant and Third-Party Plaintiff Daikin America, Inc. (hereinafter "DAI"), complaining of the Third-Party Defendants Galey & Lord Industries, Inc., Galey & Lord Industries LLC, and any of their predecessors, successors, or affiliates (hereinafter "Galey & Lord"), files this Third-Party Complaint and alleges as follows:

## PRELIMINARY STATEMENT

1. In their Complaint, Plaintiffs Jamie and Kimberly Weatherford, on behalf of themselves and all others similarly situated, allege that the textile plant known as the Galey & Lord Plant polluted the adjacent Cedar Creek and Great Pee Dee River with per- and polyfluorinated substances ("PFAS"), damaging their nearby property. Yet Plaintiffs do not sue Galey & Lord, the only alleged polluter.

2. Instead, the Complaint names as defendants only the entities whom Plaintiffs allege manufacture and distribute the PFAS chemicals used at the Galey & Lord plant: DAI, E.I. Dupont de Nemours & Company, 3M Company, The Chemours Company, and Mitsubishi International PolymerTrade Corporation (collectively, "the Manufacturing Defendants").

3. Plaintiffs contend that the Manufacturing Defendants are liable for their alleged property damages based only on their lawful sale of PFAS to Galey & Lord. Regarding these lawful sales, Plaintiffs seek damages based on theories of negligence, strict liability, trespass, nuisance, product liability, and breach of implied warranties.

4. However, if Plaintiffs suffered the injuries they allege, then those injuries were incurred as a direct result of Galey & Lord's negligence.

5. Plaintiffs have recognized as much. They brought a related action in state court in South Carolina against certain Galey & Lord entities based on the ***same facts*** and

seeking damages for *the same property damage* alleged in this case.

6. DAI denies any liability to Plaintiffs based on their lawful sale of PFAS. If a jury nonetheless assesses damages against DAI, then Galey & Lord is directly liable for those damages in their entirety, as the only alleged polluter. DAI therefore brings this third-party claim for contribution against Galey & Lord.

## PARTIES

7. Plaintiffs Jamie and Kimberly Weatherford are citizens of the State of South Carolina, residing at 641 Journeys End, Darlington, South Carolina 29540.

8. Third-Party Plaintiff DAI is a corporation organized under the laws of, and existing in, the State of Delaware, with its principal place of business located at 20 Olympic Drive, Orangeburg, New York 10962.

9. Third-Party Defendant Galey & Lord is a Delaware corporation with its principal place of business in South Carolina.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction over DAI's third-party claims under 28 U.S.C. § 1367 because they are so related to the Plaintiffs' claims that they form part of the same case or controversy under Article III of the United States Constitution.

11. Third-Party Defendant Galey & Lord is subject to personal jurisdiction in South Carolina because it has its principal place of business in South Carolina and owned and operated the Galey & Lord Plant in South Carolina, and therefore had sufficient minimum contacts with South Carolina such that there is both general and specific jurisdiction as to it and that it should reasonably anticipate being hauled into court in

South Carolina.

12. Venue is proper under the doctrine of ancillary venue.

13. The case is properly assigned to the Florence Division, in compliance with Local Rule 3.01(B).

## GENERAL ALLEGATIONS

*The Galey & Lord Plant*

14. The Galey & Lord Plant is a former textile dyeing and finishing plant in South Carolina, located at 670 North Main Street in Society Hill.

15. The Galey & Lord Plant began its textile operations in 1966 and continued until the Plant was abandoned until 2016.

16. The wastewater generated from the Galey & Lord Plant was treated in a wastewater treatment plant (WWTP), which included several basins adjacent to Cedar Creek and the Great Pee Dee River.

17. When the Galey & Lord Plant was abandoned in 2016, the WWTP was not remediated or cleaned.

18. In 2018, Hurricane Florence caused several WWTP basins, which were left at capacity, to flood and release wastewater into Cedar Creek and the Great Pee Dee River.

19. Additionally, the Galey & Lord Plant regularly excavated PFAS-containing sludge from its wastewater plants, which was then distributed over row crop fields as fertilizer throughout South Carolina.

*The Galey & Lord Complaint*

20. On January 13, 2023, Plaintiffs filed a Class Action Complaint in South Carolina state court (the "Galey & Lord Complaint") against several Galey & Lord entities.

4

*Weatherford v. Burlington Ind., Inc. et al*, No. 2022-CP-40 (filed Jan. 13, 2023).

21. The Galey & Lord Complaint alleges that "[a]s a result of the textile operations at the [Galey & Lord] Plant, the adjacent Cedar Creek and the Great Pee Dee River are polluted with harmful PFAs" and that "Plaintiffs and their real properties and their nearby surface waters have . . . suffered damage from dangerous a mounts of toxic chemicals released into the soil and water as a result of the operations at the [Galey & Lord] Plant." (Galey & Lord Complaint at ¶ 17.)

22. The Galey & Lord Complaint further alleges that Galey & Lord "knew or should have known that the PFAs used in its industrial processes were harmful to the environment and public health" but nonetheless "directly and indirectly disposed of PFAS onto the Burlington Plant and properties surrounding the plant." (Galey & Lord Complaint at ¶¶ 49–50.)

23. The Galey & Lord Complaint alleges that the Galey & Lord entities are therefore liable for Plaintiffs' alleged property damages—the same at issue in Plaintiffs' complaint here—based on theories of negligence and recklessness, trespass, and nuisance.

**FOR A FIRST CAUSE OF ACTION**

(Contribution)

24. DAI incorporates by reference the aforesaid allegations of the Third-Party Complaint to the extent relevant to this claim.

25. DAI denies that it has liability of any type to Plaintiffs. But if a jury awards a verdict on behalf of the Plaintiffs against DAI, then DAI is entitled to contribution from Galey & Lord under S.C. Code §15-38-10 *et seq.* or other applicable grounds because Galey & Lord was careless, negligent, grossly negligent, reckless, willful, and wanton in

5

abandoning the Galey & Lord Plant without remediating or cleaning the Plant and leaving basins full of PFAS-contaminated wastewater at capacity at the Plant.

WHEREFORE, DAI respectfully requests:

a. That judgment be entered in its favor;

b. That it be granted the relief requested in its third-party claims;

c. That it be awarded its costs and attorneys' fees; and

d. That the Court order such other and further relief as it considers proper.

Jury trial demanded on all issues triable herein.

Dated: April 18, 2024

Respectfully submitted,

/s/ *Steven N. Geise*
JONES DAY
Steven N. Geise (D.S.C. ID #6615)
4655 Executive Drive, Suite 1500
San Diego, CA 92121-3134

Theodore M. Grossman (*Pro Hac Vice*)
250 Vesey Street
New York, NY 10281
(212) 326-3939
tgrossman@jonesday.com

Jeffrey A. Kaplan, Jr. (*Pro Hac Vice*)
1221 Peachtree St. N.E., Suite 400
Atlanta, GA 30361
(404) 581-8325
jkaplan@jonesday.com

Beattie B. Ashmore (D.S.C. ID #5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
(864) 467-1001
beattie@beattieashmore.com

*Attorneys for Defendant Daikin America, Inc.*

6