**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Jamie Weatherford and Kimberly Weatherford, on behalf of themselves and all other similarly situated, | |
| Plaintiffs, | Case No. 4:22-cv-01427-JDA |
| v. | **(Jury Trial Requested)** |
| E.I. DU PONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY, FC, LLC, 3M COMPANY, DAIKIN AMERICA, INC., and MITSUBISHI INTERNATIONAL POLYMERTRADE CORPORATION, | |
| Defendants. | |
| E.I. DUPONT DE NEMOURS & COMPANY, | |
| Third-Party Plaintiff | |
| v. | |
| HUNTSMAN INTERNATIONAL LLC, itself and as successor in interest to CIBA GEIGY CHEMICALS CORP. and/or CIBA SPECIALTY CHEMICALS, INC., GALEY & LORD INDUSTRIES, LLC, GALEY & LORD, LLC, NANOTEX LLC, and JOHN DOES 1–50. | |
| Third-Party Defendants | |

**E.I. DU PONT DE NEMOURS AND COMPANY'S
AMENDED ANSWER TO SECOND AMENDED COMPLAINT
AND THIRD-PARTY COMPLAINT**

Defendant E.I. du Pont de Nemours and Company ("EIDP") hereby amends its Answer to

the Second Amended Complaint by Jamie and Kimberly Weatherford, on behalf of themselves and

all others similarly situated (collectively, the "Plaintiffs"), denying each and every allegation not

hereinafter specifically admitted, and asserts a Third-Party Complaint under Rules 14 and 15 of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION[1]

1.      This paragraph is a description of the Plaintiffs' claims and theories of liability and therefore, requires no response. To the extent there are allegations in this paragraph asserted against EIDP, EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

2.      The allegations of this paragraph are denied as stated as to EIDP. EIDP is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies them.

3.      The allegations of this paragraph are denied as stated as to EIDP.

4.      The allegations of this paragraph are directed at a defendant other than EIDP and therefore require no response. To the extent a response is necessary, EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

5.      EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

6.      The allegations of this paragraph are denied as to EIDP. EIDP specifically denies that it "discharged toxic chemicals," committed any misconduct, or harmed or injured Plaintiffs. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

---

[1] EIDP's Answer includes the subheadings found within Plaintiffs' Second Amended Complaint for ease of reference. EIDP denies any legal conclusions or characteristics of fact contained within the subheadings.

7.     This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, denied.

8.     This paragraph is a description of the Plaintiffs' claims and theories of liability and therefore requires no response. To the extent there are allegations in this paragraph asserted against EIDP, EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

## JURISDICTION AND VENUE

9.     EIDP is without sufficient information to admit or deny the allegations of this paragraph pertaining to Plaintiffs' residency and therefore denies them.

10.     Admitted that EIDP is a corporation with its principal place of business in Wilmington, Delaware and that it is registered to do business in the State of South Carolina. The remaining allegations of this paragraph pertaining to EIDP are denied.

11.     The allegations of this paragraph are directed at a defendant other than EIDP and therefore require no response.

12.     The allegations of this paragraph are directed at a defendant other than EIDP and therefore require no response. To the extent a response is necessary, EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

13.     The allegations of this paragraph are directed at a defendant other than EIDP and therefore require no response. To the extent a response is necessary, EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

14.     The allegations of this paragraph are directed at a defendant other than EIDP and therefore require no response. To the extent a response is necessary, EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

15.     The allegations of this paragraph are directed at a defendant other than EIDP and therefore require no response. To the extent a response is necessary, EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

16.     The allegations of this paragraph are directed at a defendant other than EIDP and therefore require no response. To the extent a response is necessary, EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

17.     This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, denied.

18.     This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, denied.

19.     This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, denied.

## STATEMENT OF FACTS

20.     EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

21.     Admitted only that EIDP purchased PFOA from 3M Company ("3M") in the past and that it sometimes may have referred to PFOA as C8. EIDP denies any remaining allegations of this paragraph.

22.     The allegations of this paragraph are denied as stated as to EIDP.

23.     The allegations of this paragraph are directed at a defendant other than EIDP and therefore require no response. To the extent a response is necessary, EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

24.     The allegations of this paragraph are denied as stated as to EIDP.

25.     EIDP admits that certain chemistries were used by the textile industry for stain resistance and water resistance. EIDP is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies them.

26.     EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

27.     EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

28.     EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

29.     EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

30.     EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

31.     EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

32.     Denied as to EIDP. EIDP lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies them.

33.     The allegations of this paragraph are denied as stated as to EIDP.

34.     Admitted that the EPA released health advisories for PFOA and PFOS in 2016. Denied to the extent that the allegations of this paragraph do not accurately describe those advisories in full context and further denied to the extent the allegations of this paragraph are inconsistent with those advisories. Any remaining allegations in this paragraph are denied as to EIDP.

35.     Admitted that EIDP has in the past conducted certain studies involving PFOA. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP.

36.     To the extent that this paragraph raises allegations which require expert testimony, a response by EIDP is not required. EIDP denies the remaining allegations of this paragraph as stated.

37.     To the extent that this paragraph raises allegations which require expert testimony, a response by EIDP is not required. The remaining allegations of this paragraph are denied as stated as to EIDP. EIDP is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies them.

38.     Admitted that EIDP has in the past conducted certain studies involving PFOA. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP. Specifically, EIDP denies that it has made false statements in public or withheld information regarding the effects of PFOA. EIDP further admits that, in 2015, a settlement was reached . EIDP denies this paragraph to the extent the allegations are inconsistent with that settlement.

39.     Admitted that EIDP has in the past manufactured HFPO-DA, sometimes referred to as GenX. The remaining allegations are denied as to EIDP.

40.     Denied. Specifically, EIDP denies that it has made false statements or worked to conceal scientific evidence regarding the effects of PFOA.

41.     Admitted that EIDP has in the past conducted certain studies involving PFOA. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies.

42.     Admitted that EIDP has in the past conducted certain studies involving PFOA. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies.

43.     Admitted that EIDP has in the past conducted certain studies involving PFOA. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies.

44.     Admitted that EIDP has in the past conducted certain studies involving PFOA. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies.

45.     Denied as to EIDP. EIDP lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same. Any remaining allegations in this paragraph are denied as to EIDP.

46.     Admitted that EIDP has in the past conducted certain studies involving PFOA. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP.

47.     Admitted that EIDP has in the past conducted certain studies involving PFOA. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP.

48.     Admitted that EIDP has in the past conducted certain studies involving PFOA. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP.

49.     Denied as to EIDP. EIDP lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same. Any remaining allegations in this paragraph are denied as to EIDP.

50.     Denied as to EIDP. EIDP lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

51.     Denied as to EIDP. EIDP lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

52.     EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

53.     Admitted that EIDP has in the past conducted certain studies involving PFOA. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP. Specifically,

EIDP denies that it has made false statements in public or withheld information regarding the effects of PFOA.

54. Admitted that EIDP has in the past conducted certain studies involving PFOA. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP. Specifically, EIDP denies that it has made false statements in public or withheld information regarding the effects of PFOA.

55. Admitted that EIDP has in the past conducted certain studies involving PFOA. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP. Specifically, EIDP denies that it had any duty to warn communities.

56. Admitted that EIDP has in the past conducted certain studies involving PFOA. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP.

57. The allegations of this paragraph are directed at a defendant other than EIDP and therefore require no response. The remaining allegations of this paragraph are denied as to EIDP. Specifically, EIDP denies that it had a duty to warn.

58. Denied. Specifically, EIDP denies that it has made false statements to regulators.

59. Denied as to EIDP's alleged knowledge. This paragraph quotes from and/or characterizes certain documents or studies that speak for themselves within the appropriate

context; without these documents or studies, however, knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies the same. EIDP further denies that it has made any false statements. Any remaining allegations of this paragraph are denied.

60.     Denied. Specifically, EIDP denies that it has made false statements.

61.     Denied as to EIDP. EIDP lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

62.     Admitted only that the C8 Science Panel conducted certain studies as specified and limited by the terms of the Leach class action settlement agreement, including PFOA, and issued "C8 Probable Link Reports." Denied to the extent that the allegations of this paragraph do not accurately state those Reports in full context and further denied to the extent the allegations of this paragraph are inconsistent with those Reports. Any remaining allegations in this paragraph are denied as stated.

63.     Denied as stated. EIDP is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies them.

64.     Denied as to EIDP. EIDP lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

65.     Denied as stated.

66.     Admitted that, in 2009, EIDP and the EPA entered into a Consent Order. The terms of the Consent Order speak for themselves. Denied to the extent that the allegations of this

paragraph do not accurately state those terms in full context. The remaining allegations of this paragraph are denied.

67.    Admitted that EIDP has in the past conducted certain studies pursuant to the Consent Order. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP.

68.    Admitted that EIDP has in the past conducted certain studies pursuant to the Consent Order. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP.

69.    Admitted that EIDP has in the past conducted certain studies pursuant to the Consent Order. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP.

70.    Admitted that EIDP has in the past conducted certain studies pursuant to the Consent Order. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP.

71.    Denied as stated.

72.    Denied. Specifically, EIDP denies that it has made false statements to North Carolina regulators.

73.    Admitted that EIDP has in the past conducted certain studies regarding HFPO-DA, sometimes referred to as GenX.  Denied to the extent the allegations of this paragraph do not

accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP. Specifically, EIDP denies that it has made false statements.

74.     Admitted that EIDP has in the past conducted certain studies regarding HFPO-DA, sometimes referred to as GenX. Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP.

75.     Admitted that EIDP has in the past conducted certain studies regarding HFPO-DA, sometimes referred to as GenX.  Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP.

76.     Admitted that EIDP has in the past conducted certain studies regarding HFPO-DA, sometimes referred to as GenX.   Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies. Any remaining allegations in this paragraph are denied as to EIDP.

77.     This paragraph purports to summarize a study or report that speaks for itself. EIDP denies the allegation in this paragraph to the extent they do not accurately describe the referenced study in full context and further denies the allegations of this paragraph to the extent they are inconsistent with this study. To the extent this paragraph makes other allegations not a part of that study EIDP denies those allegations.

78.     This paragraph purports to summarize a study of a study or report that speaks for itself. EIDP denies the allegation in this paragraph to the extent they do not accurately describe the referenced study in full context and further denies the allegations of this paragraph to the extent they are inconsistent with this study. To the extent this paragraph makes other allegations not a part of that study EIDP denies those allegations.

79.     This paragraph purports to summarize a study of a study or report that speaks for itself. EIDP denies the allegation in this paragraph to the extent they do not accurately describe the referenced study in full context and further denies the allegations of this paragraph to the extent they are inconsistent with this study. To the extent this paragraph makes other allegations not a part of that study EIDP denies those allegations.

80.     This paragraph purports to summarize a study of a study or report that speaks for itself. EIDP denies the allegation in this paragraph to the extent they do not accurately describe the referenced study in full context and further denies the allegations of this paragraph to the extent they are inconsistent with this study. To the extent this paragraph makes other allegations not a part of that study EIDP denies those allegations.

81.     Denied as to EIDP's alleged knowledge. This paragraph quotes from and/or characterizes certain testimony or studies that speak for themselves within the appropriate context; without this testimony or studies, however, knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies the same. EIDP lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

82.     Denied as to EIDP's alleged knowledge. This paragraph characterizes studies that speak for themselves within the appropriate context; without these studies, however, knowledge

or information is sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies the same. EIDP lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

83.     Denied as to EIDP's alleged knowledge. This paragraph characterizes studies that speak for themselves within the appropriate context; without these studies, however, knowledge or information is sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies the same.

84.     This paragraph characterizes studies that speak for themselves within the appropriate context; without these studies, however, knowledge or information is sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies the same.

85.     This paragraph characterizes studies that speak for themselves within the appropriate context; without these studies, however, knowledge or information is sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies the same.

86.     This paragraph characterizes studies that speak for themselves within the appropriate context; without these studies, however, knowledge or information is sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies the same.

87.     EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

88.    Denied as to EIDP's alleged knowledge. The remaining allegations of this paragraph are also denied.

89.    The allegations of this paragraph are directed at a defendant other than EIDP and therefore require no response. To the extent a response is necessary, EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

90.    The allegations of this paragraph are directed at a defendant other than EIDP and therefore require no response. To the extent a response is necessary, EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

91.    Denied.

92.    EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

93.    EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

94.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

95.    EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

96.    Denied as to EIDP. EIDP lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

**CLASS ALLEGATIONS**

97.    This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, EIDP denies all allegations

and statements of damages against EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

98.     This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, EIDP denies all allegations and statements of damages against EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

99.     Denied.

100.     This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, EIDP denies all allegations and statements of damages against EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

101.     This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, EIDP denies all allegations and statements of damages against EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

102.     This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, EIDP denies all allegations and statements of damages against EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

103.     This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, EIDP denies all allegations and statements of damages against EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

104.    This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, EIDP denies all allegations and statements of damages against EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

105.    This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, EIDP denies all allegations and statements of damages against EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

106.    This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, EIDP denies all allegations and statements of damages against EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

107.    This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, EIDP denies all allegations and statements of damages against EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

108.    This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, EIDP denies all allegations and statements of damages against EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

109.    This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, EIDP denies all allegations

and statements of damages against EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

## FIRST CAUSE OF ACTION:
## NEGLIGENCE

110.    EIDP incorporates by references its responses to Paragraphs 1 through 109 as if restated therein.

111.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

112.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

113.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

114.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

115.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

116.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

117.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

118.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

119.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

120.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

121.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

122.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

**SECOND CAUSE OF ACTION:**
**STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITY**

123.    EIDP incorporates by references its responses to Paragraphs 1 through 122 as if restated therein.

124.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

125.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

126.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

127.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

128.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

129.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

130.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

### THIRD CAUSE OF ACTION:
### TRESPASS

131.    EIDP incorporates by references its responses to Paragraphs 1 through 130 as if restated therein.

132.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

133.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

134.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

135.    Denied.

136.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

137.    Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

### FOURTH CAUSE OF ACTION:
### NUISANCE

138.    EIDP adopts and incorporates by references its responses to Paragraphs 1 through 137 as if restated therein.

139.    EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

140.    EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

141.   EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

142.   EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

143.   Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

144.   Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

145.   Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

146.   Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

147.   Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

148.   Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

149.   Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

150.   Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

151.   Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

152.     EIDP denies that the Plaintiffs are entitled to the relief sought in the WHEREFORE clause following paragraph 152 or to any other relief against it.

### FIFTH CAUSE OF ACTION:
### PRODUCT LIABILITY FOR DEFECTIVE DESIGN

153.     EIDP adopts and incorporates by references its responses to Paragraphs 1 through 152 as if restated therein.

154.     Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

155.     Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

156.     Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

157.     Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

158.     Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

159.     Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

160.     Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

161.     EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

162.     EIDP is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

163.     Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

164.     Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

165.     Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

166.     EIDP denies that the Plaintiffs is entitled to the relief sought in the WHEREFORE clause following paragraph 166 or to any other relief against it.

**SIXTH CAUSE OF ACTION:**
**BREACH OF IMPLIED WARRANTIES**

167.     EIDP adopts and incorporates by references its responses to Paragraphs 1 through 166 as if restated therein.

168.     Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

169.     Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

170.     Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

171.     This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, denied that the Plaintiffs is entitled to any relief from EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

172.     Denied as to EIDP. EIDP is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

## JURY DEMAND

173.    This paragraph is a description of the Plaintiffs' claims and theories of liability and therefore requires no response.

EIDP denies that Plaintiffs are entitled to the relief sought in the WHEREFORE clause following paragraph 173 or to any other relief against it. Unless specifically admitted herein, EIDP denies allegations and statements of damages against it. EIDP further denies each and every allegation contained in Plaintiffs' Second Amended Complaint to which no response has previously been made.

## E.I. DU PONT DE NEMOURS AND COMPANY'S AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, it would not otherwise bear, Defendant E.I. du Pont de Nemours and Company ("EIDP") hereby asserts the following as its affirmative and other defenses to the Second Amended Complaint by Plaintiffs:

1.    EIDP denies the material allegations of the Second Amended Complaint in Intervention, both separately and severally, and demands strict proof thereof.

2.    The Second Amended Complaint fails to state a claim upon which relief can be granted.

3.    The Plaintiffs claims may be barred, in whole or in part, because the Plaintiffs lack standing to bring such claims.

4.    Venue is improper and/or maybe more convenient in another forum.

5.    Plaintiffs' claims may be barred, in whole or in part, by the applicable statute(s) of limitations.

6.    Plaintiffs' claims may be barred, in whole or in part, by the doctrine of laches.

7.    EIDP asserts the defense of failure to join a party.

8.     The Plaintiffs' claims may be barred, in whole or in part, because they fail to adequately identify and name the appropriate defendants.

9.     The Plaintiffs' claims may be barred, in whole or in part, under the Economic Injury/Loss Doctrine.

10.    The Plaintiffs' claims may be barred, in whole or in part, under the doctrines of waiver and/or estoppel.

11.    The Plaintiffs' claims may be barred, in whole or in part, because the Plaintiffs and/or members of the putative class assumed the risk.

12.    EIDP avers that the Plaintiffs' injuries and damages were caused, in whole or in part, by the acts or omissions of others over whom EIDP has no control and for whom EIDP owes no legal responsibility. EIDP never manufactured or sold PFOS or PFOA as a commercial product.

13.    Any damages awarded to the Plaintiffs should be subject to apportionment among any parties and non-parties and offset to the extent of fault apportioned to those parties and non-parties.

14.    EIDP avers that the Plaintiffs' injuries and damages were caused, in whole or in part, by superseding, unforeseen, and/or intervening causes.

15.    If it is established that EIDP is in any manner legally responsible for any of the damages claimed by the Plaintiffs, such damages were proximately contributed to and caused by other persons or entities not yet parties to this action, and so EIDP is entitled to equitable and applied indemnity or contribution, or both, from each such person and entity in an amount in direct proportion to the culpable conduct of the other persons or entities.

16.    The Plaintiffs' claims may be barred, in whole or in part, by his own contributory

or comparative negligence or the contributory or comparative negligence of those for whom he bears legal responsibility.

17.    EIDP asserts that the Plaintiffs' claims are preempted by federal law.

18.    EIDP has complied with all relevant federal and state regulations and industry practices.

19.    The Plaintiffs' claims may be barred, in whole or in part, to the extent they seek to impose liability based on retroactive application of laws, regulations, standards, or guidelines.

20.    EIDP is not liable for the matters and things alleged in the Second Amended Complaint.

21.    EIDP denies that it owed any duty to the Plaintiffs.  Alternatively, EIDP denies that it breached any duty or obligation owed to the Plaintiffs.

22.    EIDP denies that its conduct was in any manner negligent  or wanton.

23.    EIDP asserts that its conduct was not the proximate cause of the claimed injuries.

24.    EIDP asserts that its conduct was lawful, privileged, and taken in good faith exercise of its rights and duties under the law.

25.    All or parts of the claims in this case are arbitrable.

26.    EIDP contests the extent and nature of the Plaintiffs' alleged damages.

27.    The Plaintiffs' claims fail, in whole or in part, due to a failure to mitigate damages.

28.    The Plaintiffs' claims may be barred, in whole or in part, by operation of the sophisticated purchaser, sophisticated/learned intermediary, bulk supplier, and/or sophisticated user doctrine.

29.    EIDP asserts as a defense, credit, or set-off against the damages claimed by the Plaintiffs, the settlement (and any monies paid pursuant  thereto) between the Plaintiffs and any

other person or entity.

30.    The Plaintiffs' claim for damages may be limited pursuant to applicable limitation of damages provisions.

31.    The Amended Complaint in Intervention fails to state a claim for punitive or exemplary damages and fails to allege the existence of clear and convincing evidence required to support such a claim.

32.    EIDP pleads all applicable statutory caps on punitive damages, including, but not limited to, the caps described in S.C. Code § 15-32-530 *et seq*., as amended.

33.    The Plaintiffs' claims for punitive or exemplary damages are subject to the limitations of S.C. Code § 15-33-135 in that the Plaintiffs cannot demonstrate that EIDP showed willful misconduct, malice, or reckless disregard for their rights by clear and convincing evidence.

34.    EIDP did not engage in any conduct that would warrant or form a valid basis for an award of punitive or exemplary damages.

35.    The Plaintiffs are not entitled to recover punitive or exemplary damages against EIDP because:

(a)    Any claim by the Plaintiffs for punitive damages is barred because an award of punitive damages would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Due Process Clause of the South Carolina Constitution, in that:

(i)    The jury will be allowed to consider evidence of EIDP's wealth in assessing punitive damages.

(ii)    There are no definite standards whereby the judiciary may determine the

propriety of punitive damages or the amount of any such award.

(iii)   There are no effective procedures whereby the judiciary can review either the propriety or the magnitude of punitive damages.

(iv)   The guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

(v)    The vague and inconsistent legal standards for the imposition of punitive damages deprive EIDP of sufficient notice of the type of conduct and mental state upon which an award of punitive damages could be based.

(vi)   No objective limitations or standards have been established concerning the amount or severity of any punitive damages, including the severity of the penalty.

(b)   Any claim by the Plaintiffs for punitive damages is barred because such claims are essentially criminal in nature and a form of punishment, and they seek to deny EIDP the rights guaranteed to defendants in criminal proceedings under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution and the Constitution of South Carolina.

(c)   Any claim by the Plaintiffs for punitive damages is barred because such claims seek to impose punishment that is excessive and grossly disproportionate to the misconduct alleged, in violation of the Constitution of the State of South Carolina.

(d)   Any claim by the Plaintiffs for punitive damages is barred to the extent it seeks the admission of evidence of EIDP's net worth or wealth in determining whether punitive damages are to be awarded and/or in what amount, because punitive

damages are a form of punishment, and punishment that is grounded in EIDP's status, rather than in specific misconduct, has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Georgia.

(e)     Any claim by the Plaintiffs for punitive damages is barred because punitive damages are a form of punishment and any such award under the laws of the State of South Carolina would violate EIDP's procedural and substantive due process rights, and equal protection rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 the Constitution of the State of South Carolina where a jury:

(i)     is not provided with standards of sufficient clarity, objectivity and uniformity for determining the appropriateness  of awarding, or the appropriate size of any punitive damages;

(ii)     is not instructed on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence;

(iii)     is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole  or  in  part,  on  the basis  of  invidiously  discriminatorycharacteristics;

(iv)     is permitted to award punitive damages under standards fordetermining liability for, and amount of, punitive damages that are vague and arbitrary and do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and

(v)     is not subject to judicial review on the basis of objective and uniform standards.

(f)     Any claim by the Plaintiffs for punitive damages is barred because an award of punitive damages in this action would be an unconstitutional burden on interstate commerce in violation of the Commerce Clause of Article I, Section 8 of the United States Constitution.

(g)     Any claim by the Plaintiffs for punitive damages in this lawsuit is a request to impose economic sanctions in violation of the sovereignty of other states.

(h)     Any such recovery would violate EIDP's rights under Article I, Section 9 of the United States Constitution because such is an ex postfacto law.

(i)     An award of punitive damages is a violation of the Contract Clause of the Constitution of the United States of America.

(j)     South Carolina's scheme for punitive damages, including but not limited to statutes, rules, and jury instructions, violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and in violation of Article I, Section 3, of the South Carolina Constitution, for the reasons set forth above in this section.

36.     With respect to the Plaintiffs' demand for punitive damages, EIDP specifically raises and incorporates by reference any and all standards or limitations regarding the determination and enforceability of such damage awards as held in *BMW v. Gore*, 116 S. Ct. 1589 (1996), *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003), *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), and *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605 (2008).

37.    EIDP has not acted or failed to act in such a way as to give rise to any claim for attorneys' fees or litigation expenses.

38.    The Plaintiffs are not entitled to injunctive or other equitable relief against EIDP, as the Plaintiffs cannot show an irreparable injury if an injunction does not issue, a likelihood of success on the merits, or a lack of an adequate remedy at law.

39.    The proposed claims of the class are precluded because the alleged conduct would have affected, if anyone, only an insubstantial number of putative class members.

40.    The proposed class cannot be certified because the  putative class, class representatives and/or class counsel failed to meet the typicality, commonality, numerosity, adequacy, superiority, and predominance requirements for the pursuit of the claims as a class action.

41.    EIDP hereby gives notice that it may rely upon such other defenses (affirmative or otherwise) that may become available or apparent during the course of discovery or otherwise and thus reserves the right to add or withdraw defenses.

## FURTHER ANSWERING AND BY WAY OF A THIRD-PARTY COMPLAINT AGAINST HUNTSMAN INTERNATIONAL LLC, ITSELF AND AS SUCCESSOR IN INTEREST TO CIBA GEIGY CHEMICALS CORP. AND/OR CIBA SPECIALTY CHEMICALS, INC., GALEY & LORD INDUSTRIES, LLC, GALEY & LORD, LLC, NANOTEX LLC, AND JOHN DOES 1–50, E.I. DU PONT DE NEMOURS AND COMPANY ALLEGES AS FOLLOWS:

1.    EIDP realleges its answers and defenses to Plaintiffs' Second Amended Complaint in the preceding paragraphs as if fully set forth herein.

## PARTIES, JURISDICTION AND VENUE

2.    Huntsman International LLC (hereinafter "Huntsman"), itself and as successor in interest to Ciba Geigy Chemicals Corp. and/or Ciba Specialty Chemicals, Inc. (collectively, "Ciba"), is a limited liability company organized in the State of Delaware and headquartered in

the State of Texas, having a principal place of business located in Woodlands, Texas.

3.    By way of one or more mergers or acquisitions, Huntsman acquired that portion of Ciba's business relating to textiles and has, as a result of the same, assumed all rights, duties, and obligations of Ciba in relation to this business.

4.    Galey & Lord Industries, LLC is a limited liability company organized in the State of Delaware.

5.    Galey & Lord, LLC is a limited liability company organized in the State of Delaware.

6.    Nanotex LLC ("Nanotex") is a limited liability company organized in the State of Michigan and headquartered in the State of Michigan, having a principal place of business located in Bloomfield Hills, Michigan.

7.    Each Third-Party Defendant John Does 1–10 are an individual(s) or entity(ies) domiciled and/or operating under the laws of one of the United States of America that owned and/or participated in the construction, operation, and/or management of the textile mill located in Society Hill, South Carolina. Each John Doe 1–10 ("Other Owner/Operators") is a party whose true name is unknown to EIDP at the time of the filing of this Amended Answer and Third-Party Complaint.

8.    Galey & Lord Industries, LLC, Galey & Lord, LLC, and John Does 1–10 may be hereinafter referred to collectively as the "Owner/Operator Defendants."

9.    Each Third-Party Defendant John Does 11–20 are an individual(s) or entity(ies) domiciled and/or operating under the laws of one of the United States of America that designed and/or manufactured fluorochemicals used by the textile mill located in Society Hill, SC.  Each

John Doe 11–20 ("Additional Fluorochemical Suppliers") is a party whose true name is unknown to EIDP at the time of the filing of this Amended Answer and Third-Party Complaint.

10.     Each Third-Party Defendant John Does 21–30 are other individuals or entities domiciled and/or operating under the laws of one of the United States of America that purchased, modified, transported, sold, and/or served as sales intermediaries for the various materials, chemistry, processing aids, and other substances used in the operation of the textile mill located in Society Hill, South Carolina. Each John Doe 21–30 ("Additional Fluorochemical Formulators, Marketers and/or Sellers") is a party whose true name is unknown to EIDP at the time of the filing of this Amended Answer and Third-Party Complaint.

11.     Each Third-Party Defendant John Does 31–40 are individuals or entities domiciled and/or operating under the laws of one of the United States of America that (a) contracted with, were hired by, or performed work or operations on behalf of one or more of the Owner/Operator Defendants; (b) performed engineering, survey, analytical, or other work related to any program for the removal, transport, handling, spreading and dispersal, or application of industrial sludge from the textile mill in Society Hill, SC to public or private real property; or (c) were otherwise involved in, participated in, or performed operations in relation to any program for the removal, transport, handling, spreading and dispersal, or application of industrial sludge from the textile mill in Society Hill, SC to public or private real property which may be included in Plaintiffs' putative class. Each John Doe 31–40 ("Other Land Application Contractors") is a party whose true name is unknown to EIDP at the time of the filing of this Amended Answer and Third-Party Complaint.

12.     Each Third-Party Defendant John Does 41–50 are individuals or entities domiciled and/or operating under the laws of one of the United States of America that applied for, facilitated,

were involved in, participated in, or performed operations in relation to the removal, transport, handling, spreading and dispersal, or application of industrial sludge originating from sites other than the textile mill in Society Hill, SC to public or private property which may be included in Plaintiffs' putative class.  Each John Doe 41–50 ("Other Land Application Sources") is a party whose true name is unknown to EIDP at the time of the filing of this Amended Answer and Third-Party Complaint.

13.     This Court has subject matter jurisdiction over the claims asserted in this Amended Answer and Third-Party Complaint pursuant to 28 U.S.C. § 1332(a) because the claims are between citizens of different states, and the amount in controversy exceeds $75,000.00.

14.     In the alternative, this Court may exercise supplemental jurisdiction over the claims asserted in this Amended Answer and Third-Party Complaint pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims in this action over which the Court has original diversity jurisdiction that they form part of the same case or controversy.

15.     This Court has personal jurisdiction over each of the above-named Third-Party Defendants because each of these Third-Party Defendants systematically transacted and conducted business in the State of South Carolina or directed business activities in a manner that caused their business to be reasonably likely to reach South Carolina and because a substantial number of the events giving rise to the claims alleged herein took place in South Carolina.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the alleged claims occurred in this District, where the Third-Party Defendants do or have done substantial business so as not to offend the traditional notions of fair play and substantial justice.

34

**STATEMENT OF FACTS**

17.    EIDP realleges its answers and defenses to the Second Amended Complaint in the preceding paragraphs as if fully set forth herein.

18.    For many years, EIDP and Huntsman (and/or Huntsman's predecessors in interest, including, but not limited to, Ciba Specialty Chemicals Corp. and/or Ciba Specialty Chemicals, Inc., collectively "Ciba") entered into and conducted business relating to textile related chemistry through a business alliance.

19.    This alliance was memorialized from time to time in written contracts. For example, EIDP and Huntsman's predecessor in interest, Ciba, executed a Joint Development & Marketing Alliance Agreement in 2002. By way of further example, Huntsman and EIDP executed a Contract Manufacturing Master Agreement in 2011 in furtherance of the same business alliance.

20.    Pursuant to the agreements governing the alliance between EIDP and Huntsman (or Huntsman's predecessors in interest), Huntsman (or its predecessors in interest) purchased various chemistry from EIDP.  EIDP was a mere supplier of textile related chemistry to Huntsman.

21.    Upon information and belief, Huntsman (or its predecessors in interest) either (a) rebranded, offered or sold, or (b) incorporated EIDP textile related chemistry into its own formulations and subsequently sold the textile chemistry to the textile industry under Huntsman's own product names that may have included, but not limited to, to the owners and operators of the textile mill located in Society Hill, SC.

22.    Huntsman (or its predecessors in interest) was responsible for the final formulation, marketing, and communication of information relating to EIDP textile chemistry or products made from EIDP textile related chemistry to Huntsman's (or its predecessors in interest's) customers

within the textile industry that may have included, but not limited to the owners and operators of the textile mill located in Society Hill, SC.

23.     EIDP did not control Huntsman (or its predecessors in interest) with respect to its business decisions to formulate, market, sell, and/or communicate information relating to textile chemistry offered to the textile industry, including, but not limited to, business decisions relating to formulation, marketing, sales, and/or the communication of information regarding textile chemistry that may have been offered or sold to the owners and operators of the textile mill located in Society Hill, SC.

24.     EIDP did not control which textile chemistries Huntsman (or its predecessors in interest) selected, offered, may have offered, sold, may have sold, or did not sell to the textile industry, including, but not limited to, the owners and operators of the textile mill in Society Hill, SC, if any.

25.     EIDP did not have control over any information that Huntsman may have disclosed or not disclosed regarding any textile chemistry supplied by Huntsman (or its predecessors) to the textile industry, including details that may have been shared with the proprietors and operators of the textile finishing facility in Society Hill, SC.

26.     Upon information and belief, the textile mill in Society Hill, SC, was first opened in or around 1965, and operations at this facility included dyeing, finishing, and surface treatment of both cotton and synthetic fabrics.

27.     Upon information and belief, a waste treatment process was installed at the textile mill in Society Hill, SC, as early as 1966, and it was upgraded and expanded from time to time in the subsequent years.

28.    Upon information and belief, during the years of active operation, wastewater was discharged from the textile mill in Society Hill, SC, pursuant to permits issued by the South Carolina Pollution Control Authority and/or the South Carolina Department of Health and Environmental Control ("SCDHEC").

29.    Upon information and belief, Galey & Lord, Inc. purchased the textile mill in Society Hill, SC, sometime in the 1990s.

30.    Upon information and belief, as early as 1995, Galey & Lord Inc. applied for and was granted a permit for land application of industrial sludge from SCDHEC. This permit allowed for the dredging of sludge from the Society Hill, SC plant's wastewater treatment pond, and the distribution of such sludge to local farms.

31.    Upon information and belief, Galey & Lord, Inc. underwent a bankruptcy reorganization process in the early 2000s and, following the same, formed Galey & Lord, LLC and several subsidiaries, including Galey & Lord Industries, LLC.

32.    Upon information and belief, and following the completion of the bankruptcy reorganization, the Society Hill, SC plant was conveyed to Galey & Lord Industries, LLC in 2004.

33.    Upon information and belief, following this conveyance, Galey & Lord Industries, LLC continued operations at the Society Hill, SC plant for several years and also continued the land application of the industrial sludge program initiated by the predecessor owner(s) of the plant.

34.    Upon information and belief, the land application of industrial sludge from the Galey & Lord plant in Society Hill, SC, continued from as early as 1995 through at least 2013.

35.    Upon information and belief, the Other Owner/Operators were also involved in the operation, direction, development, evaluation, and management of operations at the textile mill in Society Hill, SC, including, but not limited to, operations relating to the discharge of wastewater

from the plant, the waste and wastewater treatment facilities installed at the plant, the program for land application of industrial sludge from the plant, and the management of products and materials at the plant upon its closure.

36.     Each of the Owner/Operator Defendants, as the owner(s) or operator(s) of the textile mill in Society Hill, SC, were involved in the process of applying for permits, monitoring, reporting, and otherwise facilitating the land application of sludge from the mill's wastewater treatment plant.

37.     Each of the Other Land Application Contractors were, upon information and belief, employed by, retained by, hired by, or contracted with one or more of the Owner/Operator Defendants to perform services related to the preparation of permit applications, reports or other documentation, the removal, preparation, and dispersal of materials or substances, and/or the monitoring, maintenance, or performance of other communications related to the removal and application of sludge from wastewater treatment facility of the textile mill in Society Hill, SC into other public or private land.

38.     Upon information and belief, facilities other than the textile mill in Society Hill, SC also participated in SCDHEC's program for the land application of industrial sludge.

39.     Upon information and belief, the Other Land Application Sources' participation in SCDHEC's program for the land application of industrial sludge resulted, in whole or in part, in the application of industrial sludge from facilities other than the textile mill in Society Hill, SC onto public or private land.

40.     EIDP did not control or manage the textile mill in Society Hill, SC, at any time.

41.    EIDP did not control the construction, operation, evaluation, management, or conduct of waste or wastewater treatment operations at the textile mill in Society Hill, SC, at any time.

42.    EIDP did not control or manage the Owner/Operator Defendants at any time.

43.    EIDP did not control or manage the Owner/Operator Defendants' design, procurement of permitting, operation, or management of the program for land application of industrial sludge from the textile mill in Society Hill, SC.

44.    EIDP did not control or manage the program for the land application of industrial sludge applied for, run by, monitored by, or otherwise facilitated by the Owner/Operator Defendants and/or the Other Land Application Contractors.

45.    EIDP did not control or manage any other program for the land application of industrial sludge applied for, run by, monitored by, or otherwise facilitated by any of the Other Land Application Sources.

46.    Upon information and belief, for many years, Nanotex and/or its predecessor(s) in interest supplied one or more fluorochemicals, including per- and polyfluoroalkyl substances ("PFAS") to the Owner/Operator Defendants for use in the operations of the textile mill located in Society Hill, SC.

47.    Upon information and belief, the John Does 11–20 designed and/or manufactured one or more fluorochemicals, including PFAS, which were ultimately used in the operations of the textile mill located in Society Hill, SC.   John Does 11–20 may hereinafter be referred to collectively as the "Additional Fluorochemical Suppliers."

48.    EIDP did not control or manage the Additional Fluorochemical Suppliers at any time.

49.     Upon information and belief, John Does 21–30 purchased, modified, transported, sold, and/or served as sales intermediaries for the various materials, textile chemistry, processing aids, and other substances manufactured by entities other than EIDP used in the operation of the textile mill located in Society Hill, South Carolina. Each of the John Does 21–30, upon information and belief, was involved in the stream of commerce between Defendants 3M Company, Daikin America, Inc., Daikin Industries, Ltd., Mitsubishi International Polymertrade Corporation, Third-Party Defendant Nanotex, or one of the Additional Fluorochemical Suppliers which resulted in textile chemistry, materials, processing aids, and substances containing PFAS to be sold to, acquired by, or used at the textile mill located in Society Hill, SC, if any. John Does 21–30 may hereinafter be referred to collectively as the "Additional Fluorochemical Formulators, Marketers and/or Sellers."

50.     EIDP did not control the ownership or management of the Additional Fluorochemical Formulators, Marketers and/or Sellers at any time.

51.     Plaintiffs have alleged that their property, and the property of the class of persons they purport to represent, has become contaminated with PFAS due to the operation of the textile mill located in Society Hill, SC, and particularly due to the plant's use of textile chemistry containing certain fluorinated compounds.

52.     Plaintiffs have also alleged that their alleged property damages are the result of contamination caused by the various textile chemistries manufactured and/or sold by the Defendants named in this action.

53.     Plaintiffs have raised claims for negligence, strict liability for ultrahazardous activity, trespass, nuisance, defective design, and breach of implied warranties against EIDP in the above-captioned lawsuit.

54.     EIDP has denied Plaintiffs' allegations and asserted affirmative defenses in response to Plaintiffs' allegations as described above.

55.     If Plaintiffs' allegations are true, which EIDP specifically denies, then the alleged property damage, at least in part, is the result of the breakdown of other fluorochemical products manufactured by Nanotex and the Additional Fluorochemical Suppliers and sold, transported, or delivered to the Society Hill, SC plant by the Additional Fluorochemical Formulators, Marketers and/or Sellers, if any.

56.     Although EIDP is without fault and has denied Plaintiffs' claims, by virtue of the alleged acts and omissions of Huntsman, the Owner/Operator Defendants, the Additional Fluorochemical Suppliers, and the Additional Fluorochemical Formulators, Marketers and/or Sellers, EIDP has been subjected to damages, including, but not limited to, those amounts that EIDP has already paid to defend itself in this action, those amounts that EIDP may ultimately become obligated to pay as damages to Plaintiffs in the above-captioned lawsuit, costs of investigation, damage, and harm to reputation, as well as attorney's fees and litigation costs incurred due to Huntsman, the Owner/Operator Defendants, the Additional Fluorochemical Suppliers, and the Additional Fluorochemical Formulators, Marketers and/or Sellers' acts and omissions.

## FOR A FIRST CAUSE OF ACTION
### (Contractual and/or Equitable Indemnification as to Huntsman)

57.     EIDP realleges the foregoing paragraphs consistent with this cause of action as if fully restated verbatim herein.

58.     Plaintiffs, individually and on behalf of all others similarly situated, have sued EIDP, claiming damages related to the release of PFAS in the soil and groundwater of their real property allegedly stemming from the operations of the textile mill located in Society Hill, SC.

59.     EIDP denies that it has liability of any type to Plaintiffs.

60.     Plaintiffs have alleged certain actions or inactions of EIDP which are, in fact, attributable to Huntsman.

61.     Though EIDP denies Plaintiffs allegations and maintains that it is not liable to Plaintiffs for their alleged damages, EIDP is informed and believes that if Plaintiffs, individually and on behalf of all others similarly situated, are correct regarding the allegations of their Complaint, then Plaintiffs' alleged damages, if any, are the result of the wrongful acts, breach(es) of warranties, omissions, negligence, and/or representations, and other torts of Huntsman, all of which are contrary to the law of the State of South Carolina.

62.     For a number of years, EIDP and Huntsman (or its predecessors in interest) had a contractual relationship related to products offered to the textile industry by Huntsman. The agreements provided for indemnification.

63.     Even if EIDP's agreements with Huntsman did not provide for indemnification, a sufficient special relationship exists between EIDP and Huntsman such that EIDP could be held liable for Huntsman's errors and/or omissions without any error by EIDP itself.

64.     As EIDP has suffered damages and will continue to suffer damages, including but not limited to attorney's fees and other costs associated with defending itself in this action and any future adjudication of liability to Plaintiffs, individually and on behalf of all others similarly situated, in this action, such liability would be the direct and proximate result of the wrongful acts, errors, and/or omissions, negligence, or breaches of warranties of Huntsman, which have damaged EIDP as set forth more fully above.

65.     To the extent, if any, that EIDP is held liable to Plaintiffs in this action, the alleged acts or omissions of Huntsman are independent, active, primary, superseding, and/or intervening

causes of the damages allegedly suffered by Plaintiffs, individually, and others on whose behalf

they are similarly situated, and the cause of EIDP's separate and distinct damages set forth above

and any wrongful acts or omissions by EIDP, which are expressly denied, were secondary only.

66.     EIDP is entitled to a judgment for full contractual and/or equitable indemnification

from Huntsman for all damages, as set forth above, including any liability EIDP could be found to

have to Plaintiffs in this action, and EIDP is entitled to recover damages for the acts, errors, and/or

omissions, breach(es) of warranties, negligence, and other torts of Huntsman, as described herein

above, along with costs of investigation, damage and harm to reputation, and attorney's fees and

litigation costs incurred due to Huntsman's actions, inactions, errors and/or omissions.

**FOR A SECOND CAUSE OF ACTION**
**(Contribution as to Huntsman, Owner/Operator Defendants,**
**Nanotex, Additional Fluorochemical Suppliers, Additional Fluorochemical Formulators,**
**Marketers and/or Sellers, Other Land Application Contractors, and Other Land**
**Application Sources – S.C. Code § 15-38-20)**

67.     EIDP realleges the foregoing paragraphs consistent with this cause of action as if

fully restated verbatim herein.

68.     EIDP denies that it has liability of any type to Plaintiffs.

69.     However, in the event that EIDP is found liable to the Plaintiffs, which is

specifically denied, then any liability was joint and concurring with the liability of Huntsman, the

Owner/Operator Defendants, Nanotex, the Additional Fluorochemical Suppliers, the Additional

Fluorochemical Formulators, Marketers and/or Sellers, the Other Land Application Contractors,

and the Other Land Application Sources.

70.     Consequently, EIDP is entitled to contribution, in whole or in part, from Huntsman,

the  Owner/Operator  Defendants,  Nanotex,  the  Additional  Fluorochemical  Suppliers,  the

Additional  Fluorochemical  Formulators,  Marketers  and/or  Sellers,  the  Other  Land  Application

43

Contractors, and the Other Land Application Sources as provided by S.C. Code § 15-38-20 or other applicable grounds in an amount to be determined pursuant to the provisions of said statute.

**WHEREFORE**, EIDP respectfully requests that the Court dismiss Plaintiffs' Second Amended Complaint, award the costs and expenses of litigation to it, grant the relief requested in EIDP's Third-Party Complaint, and grant such other relief to it as the Court deems equitable and just under the circumstances.

Dated:  July 5, 2024.

Respectfully submitted,


/s/ Molly H. Craig
Molly H. Craig (6671)
molly.craig@hoodlaw.com
James B. Hood (9130)
james.hood@hoodlaw.com
Virginia R. Floyd (12212)
virginia.floyd@hoodlaw.com
Hood Law Firm, LLC
172 Meeting Street/ PO Box 1508
Charleston, SC 29402
843-577-4435

- and -

Lana A. Olson, *Pro Hac Vice*
AL Bar No.: asb-6841-a59l
lolson@lightfootlaw.com
R. Ashby Pate, *Pro Hac Vice*
AL Bar No.: asb-3130-e64p
apate@lightfootlaw.com
Lightfoot Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700

*Counsel for Defendant E.I. du Pont de Nemours and Company*