**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Jamie Weatherford and Kimberly Weatherford, on behalf of themselves and all other similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>E.I. DU PONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY, FC, LLC, 3M COMPANY, DAIKIN AMERICA, INC., and MITSUBISHI INTERNATIONAL POLYMERTRADE CORPORATION,<br><br>    Defendants. | Case No. 4:22-cv-01427-JDA<br><br>**(Jury Trial Requested)** |

THE CHEMOURS COMPANY,

    Third-Party Plaintiff

v.

HUNTSMAN INTERNATIONAL LLC, itself and as successor in interest to CIBA GEIGY CHEMICALS CORP. and/or CIBA SPECIALTY CHEMICALS, INC., GALEY & LORD INDUSTRIES, LLC, GALEY & LORD, LLC, NANOTEX LLC, and JOHN DOES 1–50.

    Third-Party Defendants

**THE CHEMOURS COMPANY'S AMENDED ANSWER TO**
**SECOND AMENDED COMPLAINT AND THIRD-PARTY COMPLAINT**

Defendant The Chemours Company ("Chemours") hereby amends its Answer to the

Second Amended Complaint by Jamie and Kimberly Weatherford, on behalf of themselves and all

others similarly situated (collectively the "Plaintiffs"), denying each and every allegation not

1

hereinafter specifically admitted, and asserts a Third-Party Complaint under Rules 14 and 15 of the Federal Rules of Civil Procedure.

### NATURE OF THE ACTION[1]

1.      This paragraph is a description of the Plaintiffs' claims and theories of liability and therefore requires no response.  To the extent there are allegations in this paragraph asserted against Chemours, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

2.      The allegations of this paragraph are denied as stated as to Chemours, as Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

3.      The allegations of this paragraph are denied as stated as to Chemours.

4.      The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

5.      Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

6.      The allegations of this paragraph are denied as to Chemours. Chemours specifically denies that it "discharged toxic chemicals," committed any misconduct, or harmed or injured Plaintiffs. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

---

[1]Chemours's Answer includes the subheadings found within Plaintiffs' Second Amended Complaint for ease of reference. Chemours denies any legal conclusions or characterics of fact contained within the subheadings.

7.      This paragraph contains a legal conclusion and therefore requires no response. To the extent a response is necessary, denied.

8.      This paragraph is a description of the Plaintiffs' claims and theories of liability and therefore requires no response. To the extent there are allegations in this paragraph asserted against Chemours, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

## JURISDICTION AND VENUE

9.      Chemours is without sufficient information to admit or deny the allegations of this paragraph pertaining to Plaintiffs' residency and therefore denies them.

10.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

11.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

12.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

13.     Admitted that Chemours is a corporation with its principal place of business in Wilmington, Delaware and that it is registered to do business in the State of South Carolina. The remaining allegations of this paragraph pertaining to Chemours are denied.

14.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent that a response is required, Chemours denies the same.

15.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

16.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

17.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

18.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

19.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

**STATEMENT OF FACTS**

20.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

21.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

22.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

23.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

24.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

25.     Chemours admits that certain chemistries were used by the textile industry for stain resistance and water resistance.  Chemours is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies them.

26.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

27.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

28.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

29.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

30.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

31.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

32.    Denied as to Chemours.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies them.

33.    The allegations of this paragraph are denied as stated as to Chemours.

34.    Admitted that the EPA released health advisories for PFOA and PFOS. Denied to the extent that the allegations of this paragraph do not accurately describe those advisories in full context and further denied to the extent the allegations of this paragraph are inconsistent with those advisories. Any remaining allegations in this paragraph are denied as to Chemours.

35.    Admitted only that certain PFAS are chemically stable and can persist in the environment under certain circumstances.  The remaining allegations of this paragraph are denied as stated as to Chemours.  Chemours is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies them.

36.    To the extent that this paragraph raises allegations which require expert testimony, a response by Chemours is not required. Chemours denies the remaining allegations of this paragraph as stated.

37.    To the extent that this paragraph raises allegations which require expert testimony, a response by Chemours is not required.  The remaining allegations of this paragraph are denied as stated as to Chemours.  Chemours is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies them.

38.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

39.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

40.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

41.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

42.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

43.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

44.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

45.     Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

46.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

47. The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

48. The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

49. Denied as to Chemours. Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

50. Denied as to Chemours. Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

51. Denied as to Chemours. Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

52. Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

53. Denied as to Chemours. Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

54. The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

55.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

56.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

57.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

58.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

59.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

60.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

61.     Denied as to Chemours.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

62.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

63.     Denied as stated. Chemours is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies them.

64.     Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

65.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

66.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

67.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

68.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

69.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

70.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

71.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

72.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

73.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

74.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

75.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

76.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

77.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

78.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

79.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

80.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

81.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

82.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

83.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

84.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

85.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

86.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

87.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

88.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

89.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

90.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response. To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

91.     Denied as to Chemours.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

92.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

93.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

94.     Denied as to Chemours.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

95.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

96.    Denied as to Chemours.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

## CLASS ALLEGATIONS

97.    This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

98.    This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

99.    Denied.

100.    This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

101.    This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

102.    This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

103.    This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

104.    This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

105.    This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours. Chemours is without sufficient

information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

106.     This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

107.     This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

108.     This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

109.     This paragraph is a description of Plaintiffs' claims regarding a proposed class and therefore requires no response. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

## FIRST CAUSE OF ACTION:
## NEGLIGENCE

110.    Chemours incorporates by references its responses to Paragraphs 1 through 109 as if restated therein.

111.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

112.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

113.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

114.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

115.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

116.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

117.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

118.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

119.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

120.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

121.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

122.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

**SECOND CAUSE OF ACTION:**
**STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITY**

123.    Chemours incorporates by references its responses to Paragraphs 1 through 122 as if restated therein.

124.    Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

125.    Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

126.    Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

127.    Denied as to Chemours. Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

128.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

129.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

130.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

## THIRD CAUSE OF ACTION:
## TRESPASS

131.    Chemours incorporates by references its responses to Paragraphs 1 through 130 as if restated therein.

132.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

133.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

134.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

135.    Denied.

136.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

137.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

## FOURTH CAUSE OF ACTION:
## NUISANCE

138.    Chemours adopts and incorporates by references its responses to Paragraphs 1 through 137 as if restated therein.

139.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

140.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

141.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

142.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

143.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

144.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

145.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

146.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

147.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

148.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

149.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

150.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

151.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

152.    Chemours denies that the Plaintiffs are entitled to the relief sought in the WHEREFORE clause following paragraph 152 or to any other relief against it.

### FIFTH CAUSE OF ACTION:
### PRODUCT LIABILITY FOR DEFECTIVE DESIGN

153.    Chemours adopts and incorporates by references its responses to Paragraphs 1 through 152 as if restated therein.

154.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

155.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

156.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

157.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

158.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

159.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

160.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

161.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

162.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

163.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

164.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

165.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

166.    Chemours denies that the Plaintiffs is entitled to the relief sought in the WHEREFORE clause following paragraph 166 or to any other relief against it.

## SIXTH CAUSE OF ACTION:
## BREACH OF IMPLIED WARRANTIES

167.    Chemours adopts and incorporates by references its responses to Paragraphs 1 through 166 as if restated therein.

168.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

169.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

170.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

171.    This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied that the Plaintiffs is entitled to any relief from Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

172.    Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

**JURY DEMAND**

173.    This paragraph is a description of the Plaintiffs' claims and theories of liability and therefore requires no response.

Chemours denies that Plaintiffs are entitled to the relief sought in the WHEREFORE clause following paragraph 173 or to any other relief against it.  Unless specifically admitted herein, Chemours denies allegations and statements of damages against it.  Chemours further denies each and every allegation contained in Plaintiffs' Second Amended Complaint to which no response has previously been made.

**THE CHEMOURS COMPANY'S**
**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof it would not otherwise bear, Defendant The Chemours Company ("Chemours") hereby asserts the following as its affirmative and other defenses to the Second Amended Complaint by Plaintiffs:

1.    Chemours denies the material allegations of the Second Amended Complaint in Intervention, both separately and severally, and demands strict proof thereof.

2.    Chemours was not formed until 2015 and was not an entity in existence at the time of the majority of the events alleged in the Second Amended Complaint and, consequently, has no knowledge of the same.

3.    The Second Amended Complaint fails to state a claim upon which relief can be granted.

4.    The Plaintiffs claims may be barred, in whole or in part, because the Plaintiffs lacks standing to bring such claims.

5.    Venue is improper and/or maybe more convenient in another forum.

6.     Plaintiffs' claims may be barred, in whole or in part, by the applicable statute(s) of limitations.

7.     Plaintiffs' claims may be barred, in whole or in part, by the doctrine of laches.

8.     Chemours asserts the defense of failure to join a party.

9.     The Plaintiffs' claims may be barred, in whole or in part, because they fail to adequately identify and name the appropriate defendants.

10.     The Plaintiffs' claims may be barred, in whole or in part, under the Economic Injury/Loss Doctrine.

11.     The Plaintiffs' claims may be barred, in whole or in part, under the doctrines of waiver and/or estoppel.

12.     The Plaintiffs' claims may be barred, in whole or in part, because the Plaintiffs and/or members of the putative class assumed the risk.

13.     Chemours avers that the Plaintiffs' injuries and damages were caused, in whole or in part, by the acts or omissions of others over whom Chemours has no control and for whom Chemours owes no legal responsibility. Chemours never manufactured or sold PFOS or PFOA.

14.     Any damages awarded to the Plaintiffs should be subject to apportionment among any parties and non-parties and offset to the extent of fault apportioned to those parties and non-parties.

15.     Chemours avers that the Plaintiffs' injuries and damages were caused, in whole or in part, by superseding, unforeseen, and/or intervening causes.

16.     If it is established that Chemours is in any manner legally responsible for any of the damages claimed by the Plaintiffs, such damages were proximately contributed to and caused by other persons or entities not yet parties to this action, and, therefore, Chemours is entitled to

equitable and applied indemnity or contribution, or both, from each such person and entity in an amount in direct proportion to the culpable conduct of the other persons or entities.

17.     The Plaintiffs' claims may be barred, in whole or in part, by his own contributory or comparative negligence or the contributory or comparative negligence of those for whom he bears legal responsibility.

18.     Chemours asserts that the Plaintiffs' claims are preempted by federal law.

19.     Chemours has complied with all relevant federal and state regulations and industry practices.

20.     The Plaintiffs' claims may be barred, in whole or in part, to the extent they seek to impose liability based on retroactive application of laws, regulations, standards, or guidelines.

21.     Chemours is not liable for the matters and things alleged in the Second Amended Complaint.

22.     Chemours denies that it owed any duty to the Plaintiffs. Alternatively, Chemours denies that it breached any duty or obligation owed to the Plaintiffs.

23.     Chemours denies that its conduct was in any manner negligent or wanton.

24.     Chemours asserts that its conduct was not the proximate cause of the claimed injuries.

25.     Chemours asserts that its conduct was lawful, privileged, and taken in good faith exercise of its rights and duties under the law.

26.     All or parts of the claims in this case are arbitrable.

27.     Chemours contests the extent and nature of the Plaintiffs' alleged damages.

28.     The Plaintiffs' claims fail, in whole or in part, due to a failure to mitigate damages.

29.   The Plaintiffs' claims may be barred, in whole or in part, by operation of the sophisticated purchaser, sophisticated/learned intermediary, bulk supplier, and/or sophisticated user doctrine.

30.   Chemours asserts as a defense, credit, or set-off against the damages claimed by the Plaintiffs, the settlement (and any monies paid pursuant thereto) between the Plaintiffs and any other person or entity.

31.   The Plaintiffs' claim for damages may be limited pursuant to applicable limitation of damages provisions.

32.   The Amended Complaint in Intervention fails to state a claim for punitive or exemplary damages and fails to allege the existence of clear and convincing evidence required to support such a claim.

33.   Chemours pleads all applicable statutory caps on punitive damages, including but not limited to, the caps described in S.C. Code § 15-32-530 *et seq*., as amended.

34.   The Plaintiffs' claims for punitive or exemplary damages are subject to the limitations of S.C. Code § 15-33-135 in that the Plaintiffs cannot demonstrate that Chemours showed willful misconduct, malice, or reckless disregard for their rights by clear and convincing evidence.

35.   Chemours did not engage in any conduct that would warrant or form a valid basis for an award of punitive or exemplary damages.

36.   The Plaintiffs are not entitled to recover punitive or exemplary damages against Chemours because:

(a)   Any claim by the Plaintiffs for punitive damages is barred because an award of punitive damages would violate the Due Process Clause of the Fourteenth

Amendment to the United States Constitution and the Due Process Clause of the South Carolina Constitution, in that:

(i)     The jury will be allowed to consider evidence of Chemours's wealth in assessing punitive damages.

(ii)    There are no definite standards whereby the judiciary may determine the propriety of punitive damages or the amount of any such award.

(iii)   There are no effective procedures whereby the judiciary can review either the propriety or the magnitude of punitive damages.

(iv)    The guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

(v)     The vague and inconsistent legal standards for the imposition of punitive damages deprive Chemours of sufficient notice of the type of conduct and mental state upon which an award of punitive damages could be based.

(vi)    No objective limitations or standards have been established concerning the amount or severity of any punitive damages, including the severity of the penalty.

(b)     Any claim by the Plaintiffs for punitive damages is barred because such claims are essentially criminal in nature and a form of punishment, and they seek to deny Chemours the rights guaranteed to defendants in criminal proceedings under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution and the Constitution of South Carolina.

(c)     Any claim by the Plaintiffs for punitive damages is barred because such claims seek to impose punishment that is excessive and grossly disproportionate to the misconduct alleged, in violation of the Constitution of the State of South Carolina.

(d)     Any claim by the Plaintiffs for punitive damages is barred to the extent it seeks the admission of evidence of Chemours's net worth or wealth in determining whether punitive damages are to be awarded and/or in what amount, because punitive damages are a form of punishment, and punishment that is grounded in Chemours's status, rather than in specific misconduct, has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Georgia.

(e)     Any claim by the Plaintiffs for punitive damages is barred because punitive damages are a form of punishment and any such award under the laws of the State of South Carolina would violate Chemours's procedural and substantive due process rights, and equal protection rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 the Constitution of the State of South Carolina where a jury:

(i)     is not provided with standards of sufficient clarity, objectivity and uniformity for determining the appropriateness of awarding, or the appropriate size of any punitive damages;

(ii)     is not instructed on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence;

(iii)  is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics;

(iv)  is permitted to award punitive damages under standards fordetermining liability for, and amount of, punitive damages that are vague and arbitrary and do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and

(v)  is not subject to judicial review on the basis of objective and uniform standards.

(f)  Any claim by the Plaintiffs for punitive damages is barred because an award of punitive damages in this action would be an unconstitutional burden on interstate commerce in violation of the Commerce Clause of Article I, Section 8 of the United States Constitution.

(g)  Any claim by the Plaintiffs for punitive damages in this lawsuit is a request to impose economic sanctions in violation of the sovereignty of other states.

(h)  Any such recovery would violate Chemours's rights under Article I, Section 9 of the United States Constitution because such is an ex post facto law.

(i)  An award of punitive damages is a violation of the Contract Clause of the Constitution of the United States of America.

(j)  South Carolina's scheme for punitive damages, including but not limited to statutes, rules, and jury instructions, violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and in violation

of Article I, Section 3, of the South Carolina Constitution, for the reasons set forth above in this section.

37.     With respect to the Plaintiffs' demand for punitive damages, Chemours specifically raises and incorporates by reference any and all standards or limitations regarding the determination and enforceability of such damage awards as held in *BMW v. Gore*, 116 S. Ct. 1589 (1996), *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003), *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), and *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605 (2008).

38.     Chemours has not acted or failed to act in such a way as to give rise to any claim for attorneys' fees or expenses of litigation.

39.     The Plaintiffs are not entitled to injunctive or other equitable relief against Chemours, as the Plaintiffs cannot show an irreparable injury if an injunction does not issue, a likelihood of success on the merits, or a lack of an adequate remedy at law.

40.     The proposed claims of the class are precluded because the alleged conduct would have affected, if anyone, only an insubstantial number of putative class members.

41.     The proposed class cannot be certified because the  putative class, class representatives and/or class counsel failed to meet the typicality, commonality, numerosity, adequacy, superiority, and predominance requirements for the pursuit of the claims as a class action.

42.     Chemours hereby gives notice that it may rely upon such other defenses (affirmative or otherwise) that may become available or apparent during the course of discovery or otherwise and thus reserves the right to add or withdraw defenses.

**FURTHER ANSWERING AND BY WAY OF A THIRD-PARTY COMPLAINT AGAINST HUNTSMAN INTERNATIONAL LLC, ITSELF AND AS SUCCESSOR IN INTEREST TO CIBA GEIGY CHEMICALS CORP. AND/OR CIBA SPECIALTY CHEMICALS, INC., GALEY & LORD INDUSTRIES, LLC, GALEY & LORD, LLC, NANOTEX LLC, AND JOHN DOES 1–50,  THE CHEMOURS COMPANY ALLEGES AS FOLLOWS:**

1.      Chemours realleges its answers and defenses to Plaintiffs' Second Amended Complaint in the preceding paragraphs as if fully set forth herein.

**PARTIES, JURISDICTION AND VENUE**

2.      Huntsman International LLC (hereinafter "Huntsman"), itself and as successor in interest to Ciba Geigy Chemicals Corp. and/or Ciba Specialty Chemicals, Inc. (collectively, "Ciba"), is a limited liability company organized in the State of Delaware and headquartered in the State of Texas, having a principal place of business located in Woodlands, Texas.

3.      By way of one or more mergers or acquisitions, Huntsman acquired that portion of Ciba's business relating to textiles and has, as a result of the same, assumed all rights, duties, and obligations of Ciba in relation to this business.

4.      Galey & Lord Industries, LLC is a limited liability company organized in the State of Delaware.

5.      Galey & Lord, LLC is a limited liability company organized in the State of Delaware.

6.      Nanotex LLC ("Nanotex") is a limited liability company organized in the State of Michigan and headquartered in the State of Michigan, having a principal place of business located in Bloomfield Hills, Michigan.

7.      Each Third-Party Defendant John Does 1–10 are an individual(s) or entity(ies) domiciled and/or operating under the laws of one of the United States of America that owned and/or participated in the construction, operation, and/or management of the textile mill located in

Society Hill, South Carolina. Each John Doe 1–10 ("Other Owner/Operators") is a party whose true name is unknown to Chemours at the time of the filing of this Amended Answer and Third-Party Complaint.

8.     Galey & Lord Industries, LLC, Galey & Lord, LLC, and John Does 1–10 may be hereinafter referred to collectively as the "Owner/Operator Defendants."

9.     Each Third-Party Defendant John Does 11–20 are an individual(s) or entity(ies) domiciled and/or operating under the laws of one of the United States of America that designed and/or manufactured fluorochemicals used by the textile mill located in Society Hill, SC.  Each John Doe 11–20 ("Additional Fluorochemical Suppliers") is a party whose true name is unknown to Chemours at the time of the filing of this Amended Answer and Third-Party Complaint.

10.     Each Third-Party Defendant John Does 21–30 are other individuals or entities domiciled and/or operating under the laws of one of the United States of America that purchased, modified, transported, sold, and/or served as sales intermediaries for the various materials, chemistry, processing aids, and other substances used in the operation of the textile mill located in Society Hill, South Carolina. Each John Doe 21–30 ("Additional Fluorochemical Formulators, Marketers and/or Sellers") is a party whose true name is unknown to Chemours at the time of the filing of this Amended Answer and Third-Party Complaint.

11.     Each Third-Party Defendant John Does 31–40 are individuals or entities domiciled and/or operating under the laws of one of the United States of America that (a) contracted with, were hired by, or performed work or operations on behalf of one or more of the Owner/Operator Defendants; (b) performed engineering, survey, analytical, or other work related to any program for the removal, transport, handling, spreading and dispersal, or application of industrial sludge from the textile mill in Society Hill, SC to public or private real property; or (c) were otherwise

involved in, participated in, or performed operations in relation to any program for the removal, transport, handling, spreading and dispersal, or application of industrial sludge from the textile mill in Society Hill, SC to public or private real property which may be included in Plaintiffs' putative class. Each John Doe 31–40 ("Other Land Application Contractors") is a party whose true name is unknown to Chemours at the time of the filing of this Amended Answer and Third-Party Complaint.

12.     Each Third-Party Defendant John Does 41–50 are individuals or entities domiciled and/or operating under the laws of one of the United States of America that applied for, facilitated, were involved in, participated in, or performed operations in relation to the removal, transport, handling, spreading and dispersal, or application of industrial sludge originating from sites other than the textile mill in Society Hill, SC to public or private property which may be included in Plaintiffs' putative class. Each John Doe 41–50 ("Other Land Application Sources") is a party whose true name is unknown to Chemours at the time of the filing of this Amended Answer and Third-Party Complaint.

13.     This Court has subject matter jurisdiction over the claims asserted in this Amended Answer and Third-Party Complaint pursuant to 28 U.S.C. § 1332(a) because the claims are between citizens of different states, and the amount in controversy exceeds $75,000.00.

14.     In the alternative, this Court may exercise supplemental jurisdiction over the claims asserted in this Amended Answer and Third-Party Complaint pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims in this action over which the Court has original diversity jurisdiction that they form part of the same case or controversy.

15.     This Court has personal jurisdiction over each of the above-named Third-Party Defendants because each of these Third-Party Defendants systematically transacted and conducted

business in the State of South Carolina or directed business activities in a manner that caused their business to be reasonably likely to reach South Carolina and because a substantial number of the events giving rise to the claims alleged herein took place in South Carolina.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the alleged claims occurred in this District, where the Third-Party Defendants do or have done substantial business so as not to offend the traditional notions of fair play and substantial justice.

## STATEMENT OF FACTS

17.     Chemours realleges its answers and defenses to the Second Amended Complaint in the preceding paragraphs as if fully set forth herein.

18.     For a period of time beginning in July 2015, Chemours and entered into and conducted business relating to textile related chemistry through a business alliance.

19.     This alliance was memorialized from time to time in written contracts.

20.     Pursuant to the agreements governing the alliance between Huntsman and Chemours, Huntsman purchased various chemistry from Chemours.  Chemours was a mere supplier of textile related chemistry to Huntsman.

21.     Upon information and belief, Huntsman either (a) rebranded, offered or sold, or (b) incorporated Chemours textile related chemistry into its own formulations and subsequently sold the textile chemistry to the textile industry under Huntsman's own product names that may have included, but not limited to, to the owners and operators of the textile mill located in Society Hill, SC.

22.     Huntsman was responsible for the final formulation, marketing, and communication of information relating to Chemours textile chemistry or products made from

Chemours textile related chemistry to Huntsman's customers within the textile industry that may have included, but not limited to the owners and operators of the textile mill located in Society Hill, SC.

23.     Chemours did not control Huntsman with respect to its business decisions to formulate, market, sell, and/or communicate information relating to textile chemistry offered to the textile industry, including, but not limited to, business decisions relating to formulation, marketing, sales, and/or the communication of information regarding textile chemistry that may have been offered or sold to the owners and operators of the textile mill located in Society Hill, SC.

24.     Chemours did not control which textile chemistries Huntsman selected, offered, may have offered, sold, may have sold, or did not sell to the textile industry, including, but not limited to, the owners and operators of the textile mill in Society Hill, SC, if any.

25.     Chemours did not have control over any information that Huntsman may have disclosed or not disclosed regarding any textile chemistry supplied by Huntsman to the textile industry, including details that may have been shared with the proprietors and operators of the textile finishing facility in Society Hill, SC.

26.     Upon information and belief, the textile mill in Society Hill, SC, was first opened in or around 1965, and operations at this facility included dyeing, finishing, and surface treatment of both cotton and synthetic fabrics.

27.     Upon information and belief, a waste treatment process was installed at the textile mill in Society Hill, SC, as early as 1966, and it was upgraded and expanded from time to time in the subsequent years.

28.     Upon information and belief, during the years of active operation, wastewater was discharged from the textile mill in Society Hill, SC, pursuant to permits issued by the South Carolina Pollution Control Authority and/or the South Carolina Department of Health and Environmental Control ("SCDHEC").

29.     Upon information and belief, Galey & Lord, Inc. purchased the textile mill in Society Hill, SC, sometime in the 1990s.

30.     Upon information and belief, as early as 1995, Galey & Lord Inc. applied for and was granted a permit for land application of industrial sludge from SCDHEC. This permit allowed for the dredging of sludge from the Society Hill, SC plant's wastewater treatment pond, and the distribution of such sludge to local farms.

31.     Upon information and belief, Galey & Lord, Inc. underwent a bankruptcy reorganization process in the early 2000s and, following the same, formed Galey & Lord, LLC and several subsidiaries, including Galey & Lord Industries, LLC.

32.     Upon information and belief, and following the completion of the bankruptcy reorganization, the Society Hill, SC plant was conveyed to Galey & Lord Industries, LLC in 2004.

33.     Upon information and belief, following this conveyance, Galey & Lord Industries, LLC continued operations at the Society Hill, SC plant for several years and also continued the land application of the industrial sludge program initiated by the predecessor owner(s) of the plant.

34.     Upon information and belief, the land application of industrial sludge from the Galey & Lord plant in Society Hill, SC, continued from as early as 1995 through at least 2013.

35.     Upon information and belief, the Other Owner/Operators were also involved in the operation, direction, development, evaluation, and management of operations at the textile mill in Society Hill, SC, including, but not limited to, operations relating to the discharge of wastewater

from the plant, the waste and wastewater treatment facilities installed at the plant, the program for land application of industrial sludge from the plant, and the management of products and materials at the plant upon its closure.

36.     Each of the Owner/Operator Defendants, as the owner(s) or operator(s) of the textile mill in Society Hill, SC, were involved in the process of applying for permits, monitoring, reporting, and otherwise facilitating the land application of sludge from the mill's wastewater treatment plant.

37.     Each of the Other Land Application Contractors were, upon information and belief, employed by, retained by, hired by, or contracted with one or more of the Owner/Operator Defendants to perform services related to the preparation of permit applications, reports or other documentation, the removal, preparation, and dispersal of materials or substances, and/or the monitoring, maintenance, or performance of other communications related to the removal and application of sludge from wastewater treatment facility of the textile mill in Society Hill, SC into other public or private land.

38.     Upon information and belief, facilities other than the textile mill in Society Hill, SC also participated in SCDHEC's program for the land application of industrial sludge.

39.     Upon information and belief, the Other Land Application Sources' participation in SCDHEC's program for the land application of industrial sludge resulted, in whole or in part, in the application of industrial sludge from facilities other than the textile mill in Society Hill, SC onto public or private land.

40.     Chemours did not control or manage the textile mill in Society Hill, SC, at any time.

41. Chemours did not control the construction, operation, evaluation, management, or conduct of waste or wastewater treatment operations at the textile mill in Society Hill, SC, at any time.

42. Chemours did not control or manage the Owner/Operator Defendants at any time.

43. Chemours did not control or manage the Owner/Operator Defendants' design, procurement of permitting, operation, or management of the program for land application of industrial sludge from the textile mill in Society Hill, SC.

44. Chemours did not control or manage the program for the land application of industrial sludge applied for, run by, monitored by, or otherwise facilitated by the Owner/Operator Defendants and/or the Other Land Application Contractors.

45. Chemours did not control or manage any other program for the land application of industrial sludge applied for, run by, monitored by, or otherwise facilitated by any of the Other Land Application Sources.

46. Upon information and belief, for many years, Nanotex and/or its predecessor(s) in interest supplied one or more fluorochemicals, including per- and polyfluoroalkyl substances ("PFAS") to the Owner/Operator Defendants for use in the operations of the textile mill located in Society Hill, SC.

47. Upon information and belief, the John Does 11–20 designed and/or manufactured one or more fluorochemicals, including PFAS, which were ultimately used in the operations of the textile mill located in Society Hill, SC. John Does 11–20 may hereinafter be referred to collectively as the "Additional Fluorochemical Suppliers."

48. Chemours did not control or manage the Additional Fluorochemical Suppliers at any time.

49.     Upon information and belief, John Does 21–30 purchased, modified, transported, sold, and/or served as sales intermediaries for the various materials, textile chemistry, processing aids, and other substances manufactured by entities other than Chemours used in the operation of the textile mill located in Society Hill, South Carolina. Each of the John Does 21–30, upon information and belief, was involved in the stream of commerce between Defendants 3M Company, Daikin America, Inc., Daikin Industries, Ltd., Mitsubishi International Polymertrade Corporation, Third-Party Defendant Nanotex, or one of the Additional Fluorochemical Suppliers which resulted in textile chemistry, materials, processing aids, and substances containing PFAS to be sold to, acquired by, or used at the textile mill located in Society Hill, SC, if any. John Does 21–30 may hereinafter be referred to collectively as the "Additional Fluorochemical Formulators, Marketers and/or Sellers."

50.     Chemours did not control the ownership or management of the Additional Fluorochemical Formulators, Marketers and/or Sellers at any time.

51.     Plaintiffs have alleged that their property, and the property of the class of persons they purport to represent, has become contaminated with PFAS due to the operation of the textile mill located in Society Hill, SC, and particularly due to the plant's use of textile chemistry containing certain fluorinated compounds.

52.     Plaintiffs have also alleged that their alleged property damages are the result of contamination caused by the various textile chemistries manufactured and/or sold by the Defendants named in this action.

53.     Plaintiffs have raised claims for negligence, strict liability for ultrahazardous activity, trespass, nuisance, defective design, and breach of implied warranties against Chemours in the above-captioned lawsuit.

54.     Chemours has denied Plaintiffs' allegations and asserted affirmative defenses in response to Plaintiffs' allegations as described above.

55.     If Plaintiffs' allegations are true, which Chemours specifically denies, then the alleged property damage, at least in part, is the result of the breakdown of other fluorochemical products manufactured by Nanotex and the Additional Fluorochemical Suppliers and sold, transported, or delivered to the Society Hill, SC plant by the Additional Fluorochemical Formulators, Marketers and/or Sellers, if any.

56.     Although Chemours is without fault and has denied Plaintiffs' claims, by virtue of the alleged acts and omissions of Huntsman, the Owner/Operator Defendants, the Additional Fluorochemical Suppliers, and the Additional Fluorochemical Formulators, Marketers and/or Sellers, Chemours has been subjected to damages, including, but not limited to, those amounts that Chemours has already paid to defend itself in this action, those amounts that Chemours may ultimately become obligated to pay as damages to Plaintiffs in the above-captioned lawsuit, costs of investigation, damage, and harm to reputation, as well as attorney's fees and litigation costs incurred due to Huntsman, the Owner/Operator Defendants, the Additional Fluorochemical Suppliers, and the Additional Fluorochemical Formulators, Marketers and/or Sellers' acts and omissions.

## FOR A FIRST CAUSE OF ACTION
### (Contractual and/or Equitable Indemnification as to Huntsman)

57.     Chemours realleges the foregoing paragraphs consistent with this cause of action as if fully restated verbatim herein.

58.     Plaintiffs, individually and on behalf of all others similarly situated, have sued Chemours, claiming damages related to the release of PFAS in the soil and groundwater of their

real property allegedly stemming from the operations of the textile mill located in Society Hill, SC.

59.     Chemours denies that it has liability of any type to Plaintiffs.

60.     Plaintiffs have alleged certain actions or inactions of Chemours which are, in fact, attributable to Huntsman.

61.     Though Chemours denies Plaintiffs allegations and maintains that it is not liable to Plaintiffs for their alleged damages, Chemours is informed and believes that if Plaintiffs, individually and on behalf of all others similarly situated, are correct regarding the allegations of their Complaint, then Plaintiffs' alleged damages, if any, are the result of the wrongful acts, breach(es) of warranties, omissions, negligence, and/or representations, and other torts of Huntsman, all of which are contrary to the law of the State of South Carolina.

62.     For a period of time beginning in July 2015, Chemours and Huntsman had a contractual relationship related to products offered to the textile industry by Huntsman. The agreements provided for indemnification.

63.     Even if Chemours's agreements with Huntsman did not provide for indemnification, a sufficient special relationship exists between Chemours and Huntsman such that Chemours could be held liable for Huntsman's errors and/or omissions without any error by Chemours itself.

64.     As Chemours has suffered damages and will continue to suffer damages, including but not limited to attorney's fees and other costs associated with defending itself in this action and any future adjudication of liability to Plaintiffs, individually and on behalf of all others similarly situated, in this action, such liability would be the direct and proximate result of the wrongful acts,

errors, and/or omissions, negligence, or breaches of warranties of Huntsman, which have damaged Chemours as set forth more fully above.

65.     To the extent, if any, that Chemours is held liable to Plaintiffs in this action, the alleged acts or omissions of Huntsman are independent, active, primary, superseding, and/or intervening causes of the damages allegedly suffered by Plaintiffs, individually, and others on whose behalf they are similarly situated, and the cause of Chemours's separate and distinct damages set forth above and any wrongful acts or omissions by Chemours, which are expressly denied, were secondary only.

66.     Chemours is entitled to a judgment for full contractual and/or equitable indemnification from Huntsman for all damages, as set forth above, including any liability Chemours could be found to have to Plaintiffs in this action, and Chemours is entitled to recover damages for the acts, errors, and/or omissions, breach(es) of warranties, negligence, and other torts of Huntsman, as described herein above, along with costs of investigation, damage and harm to reputation, and attorney's fees and litigation costs incurred due to Huntsman's actions, inactions, errors and/or omissions.

### FOR A SECOND CAUSE OF ACTION
**(Contribution as to Huntsman, Owner/Operator Defendants,
Nanotex, Additional Fluorochemical Suppliers, Additional Fluorochemical Formulators,
Marketers and/or Sellers, Other Land Application Contractors, and Other Land
Application Sources – S.C. Code § 15-38-20)**

67.     Chemours realleges the foregoing paragraphs consistent with this cause of action as if fully restated verbatim herein.

68.     Chemours denies that it has liability of any type to Plaintiffs.

69.     However, in the event that Chemours is found liable to the Plaintiffs, which is specifically denied, then any liability was joint and concurring with the liability of Huntsman, the

Owner/Operator Defendants, Nanotex, the Additional Fluorochemical Suppliers, the Additional Fluorochemical Formulators, Marketers and/or Sellers, the Other Land Application Contractors, and the Other Land Application Sources.

70.     Consequently, Chemours is entitled to contribution, in whole or in part, from Huntsman, the Owner/Operator Defendants, Nanotex, the Additional Fluorochemical Suppliers, the Additional Fluorochemical Formulators, Marketers and/or Sellers, the Other Land Application Contractors, and the Other Land Application Sources as provided by S.C. Code § 15-38-20 or other applicable grounds in an amount to be determined pursuant to the provisions of said statute.

**WHEREFORE**, Chemours respectfully requests that the Court dismiss Plaintiffs' Second Amended Complaint, award the costs and expenses of litigation to it, grant the relief requested in Chemours's Third-Party Complaint, and grant such other relief to it as the Court deems equitable and just under the circumstances.

Dated: July 5, 2024.

Respectfully submitted,

*/s/ Molly H. Craig*
Molly H. Craig (6671)
molly.craig@hoodlaw.com
James B. Hood (9130)
james.hood@hoodlaw.com
Virginia R. Floyd (12212)
virginia.floyd@hoodlaw.com
Hood Law Firm, LLC
172 Meeting Street/ PO Box 1508
Charleston, SC 29402
843-577-4435

    *- and -*

Lana A. Olson, *Pro Hac Vice*
AL Bar No.: asb-6841-a59l
lolson@lightfootlaw.com
R. Ashby Pate, *Pro Hac Vice*
AL Bar No.    asb-3130-e64p
apate@lightfootlaw.com
Lightfoot Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700
*Counsel for Defendant The Chemours Company*