IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JAMIE WEATHERFORD and KIMBERLY WEATHERFORD, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>E.I. DU PONT DE NEMOURS & COMPANY; THE CHEMOURS COMPANY FC, LLC; THE 3M COMPANY; DAIKIN AMERICA, INC.; and MITSUBISHI INTERNATIONAL POLYMERTRADE CORPORATION,<br><br>                Defendants.<br><br>**AND**<br><br>3M COMPANY,<br><br>                Third-Party Plaintiff,<br><br>v.<br><br>GALEY & LORD, INC.; GALEY & LORD, LLC; GALEY & LORD INDUSTRIES, LLC; GALEY & LORD INDUSTRIES, INC.; JOHN DOE PLANT OWNERS/ OPERATORS; NANOTEX, LLC; JOHN DOE SUPPLIERS; and JOE DOE BIOSOLIDS ENTITIES,<br><br>                Third-Party Defendants. | Civil Action No.: 4:22-CV-01427-RBH<br><br>**3M COMPANY'S THIRD-PARTY COMPLAINT** |

**THIRD-PARTY COMPLAINT OF DEFENDANT 3M COMPANY**

      COMES NOW Defendant and Third-Party Plaintiff 3M Company ("3M"), by and through its counsel, and for its cause of action against the Third-Party Defendants, Galey & Lord, Inc.;

Galey & Lord Industries, Inc.; Galey & Lord, LLC; Galey & Lord Industries, LLC; NanoTex, LLC; John Doe Plant Owners/Operators; John Doe Suppliers; and John Doe Biosolids Entities, hereby sets forth the following upon information and belief[1]:

## PARTIES

1. Defendant and Third-Party Plaintiff 3M is a corporation organized under the laws of Delaware, with its principal place of business in St. Paul, Minnesota.

2. Third-Party Defendant Galey & Lord, Inc. is a corporation organized under the laws of Delaware, with its principal place of business in North Carolina. Based on information and belief, Galey & Lord, Inc. owned and/or operated the former textile dyeing and finishing plant, located in northeastern South Carolina, at 670 North Main Street in Society Hill (hereinafter the "Galey & Lord Plant" or "Plant") from approximately 1988 to November 2004.

3. Third-Party Defendant Galey & Lord Industries, Inc. is a corporation organized under the laws of Delaware, with its principal place of business in North Carolina. Based on information and belief, Galey & Lord Industries, Inc. owned and/or operated the Galey & Lord Plant from approximately 1988 to November 2004.

4. Third-Party Defendant Galey & Lord, LLC is a limited liability company organized under the laws of Delaware. Galey & Lord, LLC has owned and/or operated the Galey & Lord Plant since November 2004.

5. Third-Party Defendant Galey & Lord Industries, LLC is a limited liability company organized under the laws of Delaware. Galey & Lord Industries, LLC has owned and/or operated

---

[1] Pursuant to this Court's Text Order Granting the Consent Motion for Extension of Time to File Motions to Join Other Parties and Amend the Pleadings [ECF No. 116], motions to join other parties and amend pleadings are timely if filed by April 18, 2024, or later if good cause shown. Defendant 3M Company's Motion For Leave To File Third-Party Complaint has been timely filed in accordance with the Text Order.

the Galey & Lord Plant since November 2004.

6. Third-Party Defendant John Doe Plant Owners/Operators are current and former owners and/or operators of the Galey & Lord Plant whose identities are not currently known. Based on information and belief, those owners and/or operators controlled the Galey & Lord Plant and participated in the dyeing, finishing, and surface treatment of cotton and synthetic fabrics at the facility, wastewater treatment, and waste disposal activities.

7. Based on information and belief, Galey & Lord, Inc., Galey & Lord Industries, Inc., Galey & Lord, LLC, Galey & Lord Industries, LLC (hereinafter collectively, the "Galey & Lord Defendants"), and the John Doe Plant Owners/Operators, owned, operated, and/or controlled the Galey & Lord Plant, and its waste treatment and disposal activities. On information and belief, these entities were responsible for waste treatment and disposal activities at the Galey & Lord Plant, including but not limited to arranging for removal of biosolids or "sludge" from the Galey & Lord Plant and contracted for the application of such material to agricultural fields for use as a soil amendment or fertilizer.

8. NanoTex, LLC (a/k/a Nano-Tex LLC) is a limited liability company organized under the laws of Delaware. According to the U.S. Environmental Protection Agency, NanoTex, LLC supplied fluorochemicals to the Galey & Lord Plant.

9. The John Doe Suppliers are suppliers, manufacturers, and/or distributors of fluorochemicals to the Galey & Lord Plant from approximately 1966 to 2016, for use in the dyeing, finishing, and surface treatment of cotton and synthetic fabrics at the facility. The identities of the John Doe Suppliers are currently unknown.

10. The John Doe Biosolids Entities are entities who contracted or otherwise agreed with the Galey & Lord Defendants to dredge, excavate, dewater, dispose of, process, store,

transport, spread, and/or apply waste, sludge, or biosolids containing fluorochemicals and other contaminants from the Galey & Lord Plant. The John Doe Biosolids Entities likewise contracted or otherwise agreed with the Galey & Lord Defendants to apply waste, sludge, or biosolids containing fluorochemicals and other contaminants on or near surrounding farmlands. The identities of the John Doe Biosolids Entities are currently unknown.

11.     Named Plaintiffs in the underlying putative property damage class action, Jamie and Kimberly Weatherford (hereinafter the "Weatherford Plaintiffs"), allegedly are landowners with property interests that have purportedly been damaged by alleged contamination and trespass of certain PFAS chemicals emanating from the Galey & Lord Plant during the period of January 1, 2015 through the present. *See* Plaintiffs' Second Amended Complaint [ECF No. 34] at ¶ 97. They seek to represent a putative class defined as "[a]l persons or entities who ha[ve] any beneficial interest in any real property that has been damaged by the contamination and trespass of PFAs [*sic*] chemicals emanating from the Galey & Lord Plant located at 670 North Main Street, Society Hill, South Carolina 29593 during the period from January 1, 2015 through the present." *Id.*

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action and the third-party claims asserted herein pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367(b), as the claims are so related to the Plaintiffs' claims that they form part of the same case or controversy under Article III of the United States Constitution.

13.     The third-party defendants are subject to personal jurisdiction because the claims asserted herein arise out of their transaction of business in this State, contracting to supply services or things in the State, commission of a tortious act in whole or in part in this State, and/or their having an interest in, using, or possessing real property in this State. *See generally* S.C. Code Ann.

§ 36-2-803. Moreover, any of the John Doe Plant Owners/Operators, John Doe Suppliers, or John Doe Biosolids Entities who are incorporated and/or have their principal place of business in South Carolina are subject to general personal jurisdiction in South Carolina.

14. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## BACKGROUND

15. 3M restates and incorporates by references its responses and separate defenses set forth in its Answer to Plaintiffs' Second Amended Complaint [ECF No. 71].

16. This action was removed to the United States District Court for the District of South Carolina, Florence Division, on May 3, 2022. [ECF No. 1].

17. The Weatherford Plaintiffs commenced this action against 3M, E.I du Pont de Nemours & Company,[2] The Chemours Company, FC, LLC, Daikin America, Inc., Daikin Industries, Ltd.,[3] and Mitsubishi International Polymertrade Corporation, alleging that the original Defendants supplied fluorinated chemicals to the Galey & Lord Plant and seeking damages for alleged contamination and trespass on their properties by certain per- and polyfluoroalkyl substances, or "PFAS" products, from the Society Hill, South Carolina, textile dyeing and finishing plant known as the Galey & Lord Plant (or "Plant"). Plaintiffs' Second Amended Complaint [ECF No. 34] at ¶¶ 1, 6, 7.

18. Operations at the Galey & Lord Plant began in 1966 and included dyeing, finishing, and surface treatment of cotton and synthetic fabrics. Based on information and belief, the Galey

---

[2] On March 11, 2024, the parties filed a Consent Notice of Motion and Motion to Amend/Correct the Caption to correct Defendant E.I. du Pont de Nemours and Company's name. [ECF No. 112].

[3] On September 18, 2023, Plaintiffs dismissed all claims against Daikin Industries, Ltd. without prejudice. [ECF No. 57].

& Lord Plant was "abruptly abandoned" by the Galey & Lord Defendants in 2016, leaving behind wastewater treatment ponds and basins that were not remediated or cleaned and were at or near capacity. *Id.* at ¶¶ 4, 26, 28.

19. Plaintiffs' Second Amended Complaint [ECF No. 34] contains multiple causes of action and claims for damages arising from alleged groundwater contamination from the overflow of wastewater ponds at the Galey & Lord Plant, as well as soil contamination from the application of biosolids or "sludge" from the plant on surrounding farmlands from 1993 to 2013. *See generally, id*.

20. According to the Plaintiffs' Second Amended Complaint [ECF No. 34], the original Defendants, including 3M, manufactured certain per- and polyfluoroalkyl substances ("PFAS"), or PFAS-containing products sold to the Galey & Lord Plant prior to its closure in 2016, and allegedly are now liable for the Galey & Lord Plant's purported waste handling and disposal practices and discharge of PFAS chemicals, and the subsequent contamination of the adjacent wetlands and sediments of Cedar Creek and the Great Pee Dee River and of surrounding crop fields. *Id.*

21. The Weatherford Plaintiffs allege that as part of the operations at the Galey & Lord Plant, wastewater passed through and settled into industrial sludge lagoons located on the banks of Great Pee Dee River and created an "inevitable environmental disaster due to leaching and overflow." *Id.* at ¶ 50. The Weatherford Plaintiffs further allege that abandoned wastewater treatment ponds flooded and overflowed in 2018, after Hurricane Florence made landfall, discharging contaminants into the Cedar Creek and Great Pee Dee River. *Id.* at ¶ 29.

22. The Weatherford Plaintiffs have also alleged that the former owners and operators of the Galey & Lord Plant regularly excavated sludge or biosolids from the wastewater ponds,

which was then distributed over nearby row crop fields as fertilizer from 1993 to 2013. *Id.* at ¶¶ 6, 51.

23.     The Weatherford Plaintiffs allege that as a result of textile operations at the Galey & Lord Plant, they have been subjected to significantly increased PFAS exposure, which has purportedly contaminated their soil and home through water, dust, and steam. *Id.* at ¶ 94. The Weatherford Plaintiffs further allege that they will continue to be exposed to such PFAS chemicals until their homes, properties, and wells are fully remediated, and that contamination from the Galey & Lord Plant has caused economic loss and loss of enjoyment of Plaintiffs' property. *Id.*

24.     In November 2022, the Weatherford Plaintiffs filed a putative class action (Civil Action No. 2022-CP-40-5769) in the Court of Common Pleas for Richland County against numerous entities they claimed to be responsible as owners and/or operators of the Galey & Lord Plant based on, *inter alia*, the allegation that the entities deposited PFAS onto the Plant and surrounding properties.

## COUNT I: CONTRIBUTION
**(Galey & Lord Defendants)**

25.     While 3M expressly denies any liability whatsoever for the Weatherford Plaintiffs' alleged claims and damages, if 3M is found liable to the Weatherford Plaintiffs to any extent, then 3M states that it would be entitled to contribution from the Galey & Lord Defendants pursuant to South Carolina's Uniform Contribution Among Tortfeasors Act, S.C. Code § 15-38-10, *et seq*.

26.     As outlined above, according to the Second Amended Complaint, the Galey & Lord Defendants owned and/or operated the Galey and Lord Plant until they "abruptly abandoned" the Plant in 2016. Plaintiffs' Second Amended Complaint [ECF No. 34] at ¶ 4. The Galey & Lord Defendants disposed of, processed, and/or stored waste, sludge, or biosolids containing fluorochemicals from the Galey and Lord Plant. The Galey & Lord Defendants and John Doe Plant

7

Owners/Operators are responsible for the excavation, disposal, and ultimate application of biosolids on or near surrounding farmlands, which constitutes the basis of certain allegations in the Second Amended Complaint. *Id.* at ¶¶ 34, 51.

27. The Galey & Lord Defendants are likewise responsible for abandoning the Galey & Lord Plant in 2016, and leaving behind wastewater basins and ponds that were neither remediated nor cleaned, and that were at risk of overflowing. *Id.* at ¶ 28. As owners and operators of the Galey & Lord Plant, the Galey & Lord Defendants were and are responsible in whole or in part for any contamination stemming from the Plant that constitutes the basis of Plaintiffs' claims in Plaintiffs' Second Amended Complaint [ECF No. 34].

**WHEREFORE,** 3M demands judgment against the Galey & Lord Defendants for contribution, along with applicable and recoverable costs, attorneys' fees, and such other relief as the court deems appropriate.

## COUNT II: CONTRIBUTION
### (John Doe Plant Owners/Operators)

28. While 3M expressly denies any liability whatsoever for the Weatherford Plaintiffs' alleged claims and damages, if 3M is found liable to the Weatherford Plaintiffs to any extent, then 3M states that it would be entitled to contribution from the John Doe Plant Owners/Operators pursuant to South Carolina's Uniform Contribution Among Tortfeasors Act, S.C. Code § 15-38-10, *et seq*.

29. As outlined above, during pertinent time periods, the John Doe Plant Owners/Operators owned and/or operated the Galey & Lord Plant. The John Doe Plant Owners/Operators during pertinent time periods controlled the Galey & Lord Plant and participated in the dyeing, finishing, and surface treatment of cotton and synthetic fabrics at the facility, wastewater treatment, and waste disposal activities. The John Doe Plant Owners/Operators

are responsible in whole or in part for the excavation, disposal, and ultimate application of biosolids on or near surrounding farmlands, which constitutes the basis of certain allegations in the Second Amended Complaint. Plaintiffs' Second Amended Complaint [ECF No. 34] at ¶¶ 34, 51.

30.    As owners and operators of the Galey & Lord Plant, the John Doe Plant Owners/Operators were and are responsible in whole or in part for any contamination stemming from the Plant that constitutes the basis of Plaintiffs' claims in Plaintiffs' Second Amended Complaint [ECF No. 34].

**WHEREFORE,** 3M demands judgment against the John Doe Plant Owners/Operators for contribution, along with applicable and recoverable costs, attorneys' fees, and such other relief as the court deems appropriate.

## COUNT III: CONTRIBUTION
### (NanoTex, LLC)

31.    While 3M expressly denies any liability whatsoever for the Weatherford Plaintiffs' alleged claims and damages, if 3M is found liable to the Weatherford Plaintiffs to any extent, then 3M states that it may be entitled to contribution from NanoTex, LLC pursuant to South Carolina's Uniform Contribution Among Tortfeasors Act, S.C. Code § 15-38-10, *et seq*.

32.    Per the Hazard Ranking System (HRS) Documentation Record prepared for the Galey & Lord Plant by the U.S. Environmental Protection Agency (EPA ID No: SCD058189622), NanoTex, LLC is a manufacturer and distributor of certain fluorochemicals that were sold to the Galey & Lord Plant prior to its shutdown in 2016.

33.    "A defendant shall retain the right to assert that another potential tortfeasor, whether or not a party, contributed to the alleged injury or damages and/or may be liable for any or all of the damages alleged by any other party." S.C. Code § 15-38-15(D). As a manufacturer and/or

distributor of fluorochemicals to the Galey & Lord Plant, NanoTex, LLC may be liable, in whole or in part, for the claims and damages alleged by the Weatherford Plaintiffs related to the contamination and trespass of fluorochemicals emanating from the Plant.

**WHEREFORE,** 3M demands judgment against NanoTex, LLC for contribution, along with applicable and recoverable costs, attorneys' fees, and such other relief as the court deems appropriate.

**COUNT IV: CONTRIBUTION**
**(John Doe Suppliers)**

34.     While 3M expressly denies any liability whatsoever for the Weatherford Plaintiffs' alleged claims and damages, if 3M is found liable to the Weatherford Plaintiffs to any extent, then 3M states that it may be entitled to contribution from John Doe Suppliers, who manufactured, distributed, sold, and/or supplied fluorochemicals to the Galey & Lord Plant between 1966 to 2016, pursuant to South Carolina's Uniform Contribution Among Tortfeasors Act, S.C. Code § 15-38-10, *et seq*.

35.     "A defendant shall retain the right to assert that another potential tortfeasor, whether or not a party, contributed to the alleged injury or damages and/or may be liable for any or all of the damages alleged by any other party." S.C. Code § 15-38-15(D). As manufacturers, distributors, sellers, and/or suppliers of fluorochemicals to the Galey & Lord Plant, the John Doe Suppliers may be liable, in whole or in part, for the claims and damages alleged by the Weatherford Plaintiffs related to the contamination and trespass of fluorochemicals emanating from the Galey & Lord Plant.

**WHEREFORE,** 3M demands judgment against the John Doe Suppliers for contribution, along with applicable and recoverable costs, attorneys' fees, and such other relief as the court deems appropriate.

## COUNT V: CONTRIBUTION
### (John Doe Biosolids Entities)

36. While 3M expressly denies any liability whatsoever for the Weatherford Plaintiffs' alleged claims and damages, if 3M is found liable to the Weatherford Plaintiffs to any extent, then 3M states that it may be entitled to contribution from John Doe Biosolids Entities, who contracted or otherwise agreed with or acted at the direction of the Galey & Lord Defendants to dredge, excavate, remove, transport, dispose of, and/or spread sludge or biosolids from the Galey & Lord Plant on nearby farm land, as alleged in the Second Amended Complaint, pursuant to South Carolina's Uniform Contribution Among Tortfeasors Act, S.C. Code § 15-38-10, *et seq*.

37. As entities who contracted or otherwise agreed to dredge, excavate, remove, transport, dispose of, and/or spread sludge or biosolids from the Galey & Lord Plant on nearby farm land, as alleged in the Second Amended Complaint, the John Doe Biosolids Entities may be liable, in whole or in part, for the claims and damages alleged by the Weatherford Plaintiffs related to the contamination and trespass of fluorochemicals emanating from the Galey & Lord Plant.

**WHEREFORE,** 3M demands judgment against the John Doe Biosolids Entities for contribution, along with applicable and recoverable costs, attorneys' fees, and such other relief as the court deems appropriate.

**3M DEMANDS A TRIAL BY JURY.**

Dated:   July 8, 2024							Respectfully submitted,

                                                              s/Brian C. Duffy
Brian C. Duffy (Fed. ID No. 9491)
bduffy@duffyandyoung.com
Patrick C. Wooten (Fed. ID No. 10399)
pwooten@duffyandyoung.com
Duffy and Young LLC
96 Broad Street
Charleston, SC 29401
T: 843-720-2044
F: 843-720-2047

Philip J. Combs (*admitted pro hac vice*)
pcombs@tcspllc.com
Sherrie Armstrong Davis (*admitted pro hac vice*)
sarmstrongdavis@tcspllc.com
M. David Griffith (*admitted pro hac vice*)
dgriffith@tcspllc.com
Thomas Combs and Spann PLLC
300 Summers Street, Ste. 1380
PO Box 3824
Charleston, WV 25338
T: 304-414-1800
F: 304-414-1801

*Counsel for Defendant 3M Company*