**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| JAMIE WEATHERFORD and KIMBERLY WEATHERFORD, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>E.I. DU PONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY, FC, LLC, 3M COMPANY, DAIKIN AMERICA, INC., and MITSUBISHI INTERNATIONAL POLYMERTRADE CORPORATION,<br><br>      Defendants. | Civil Action No. 4:22-CV-01427-JDA<br><br>**(Answer and Counterclaims)** |
| E.I. DU PONT DE NEMOURS AND COMPANY, and THE CHEMOURS COMPANY,<br><br>      Third-Party Plaintiffs/Third-Party Counterclaim Defendants,<br><br>      v.<br><br>HUNTSMAN INTERNATIONAL, LLC, itself and as successor in interest to CIBA GEIGY CHEMICALS CORP. and/or CIBA SPECIALTY CHEMICALS, INC.<br><br>      Third-Party Defendant/Third-Party Counterclaim Plaintiff,<br><br>GALEY & LORD INDUSTRIES, LLC, GALEY & LORD, LLC, NANOTEX LLC, and JOHN DOES 1-50,<br><br>      Third-Party Defendants. | |

## HUNTSMAN INTERNATIONAL, LLC'S ANSWER AND COUNTERCLAIMS TO E.I. DU PONT DE NEMOURS AND COMPANY'S THIRD-PARTY COMPLAINT

Third-Party Defendant/Third-Party Counterclaim Plaintiff Huntsman International, LLC ("Huntsman"), by and through its undersigned counsel, submits this Answer and Counterclaims to Third-Party Plaintiff/Third-Party Counterclaim Defendant E.I. du Pont de Nemours and Company's ("EIDP") Third-Party Complaint and responds to the corresponding numbered allegations in the Third-Party Complaint as follows:

1. This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent this Paragraph contains any allegations directed at Huntsman, Huntsman denies them and denies that EIDP is entitled to any relief from Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

### PARTIES, JURISDICTION AND VENUE

2. Huntsman admits that it is a limited liability company organized in the State of Delaware and headquartered in the State of Texas. Huntsman further admits that its principal place of business is located in The Woodlands, Texas. Except as expressly admitted, Huntsman denies the allegations in Paragraph 2.

3. Huntsman admits that it acquired certain Textile Effects assets from Ciba Specialty Chemicals Holding Inc. in July 2006. Huntsman specifically denies that it assumed all rights, duties, and obligations of Ciba in relation to this acquisition. To the extent Paragraph 3 purports to characterize the purchase agreement between Ciba Specialty Chemicals Holding Inc. and Huntsman International LLC, that document speaks for itself, and Huntsman denies any characterization inconsistent therewith. Except as expressly admitted, Huntsman denies the allegations in Paragraph 3.

4.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 and therefore denies them.

5.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 and therefore denies them.

6.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 6 and therefore denies them.

7.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 and therefore denies them.

8.     No response is required to the allegations contained in Paragraph 8.

9.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9 and therefore denies them.

10.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient

knowledge or information to admit or deny the allegations in Paragraph 10 and therefore denies them.

11.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11 and therefore denies them.

12.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12 and therefore denies them.

13.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13 and therefore denies them.

14.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14 and therefore denies them.

15.     Huntsman admits that the Court has personal jurisdiction over Huntsman with respect to the above-captioned matter.  Huntsman denies that it caused harm to Plaintiffs or Third-Party Plaintiff EIDP.  To the extent required, Huntsman denies any remaining allegations in this paragraph.

16.     Huntsman admits that venue is proper in the District of South Carolina with respect to the above-captioned matter only to the extent the relevant dispute resolution provisions in the contracts between Huntsman and EIDP do not require an alternative venue and/or forum, and Huntsman specifically reserves the right to enforce such dispute resolution provisions. Huntsman denies that it caused harm to Plaintiffs or Third-Party Plaintiff EIDP.  To the extent required, Huntsman denies any remaining allegations in this paragraph.

## STATEMENT OF FACTS

17.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent this Paragraph contains any allegations directed at Huntsman, Huntsman denies them and denies that EIDP is entitled to any relief from Huntsman. Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 17 directed towards others and therefore denies those allegations.

18.     Huntsman admits that, pursuant to various contracts between the parties, it entered into and conducted business with EIDP with respect to products intended for textile applications.  To the extent Paragraph 18 purports to characterize these agreements, the documents speak for themselves, and Huntsman denies any characterization inconsistent therewith.  Except as expressly admitted, Huntsman denies the allegations in Paragraph 18.

19.     Huntsman admits that Ciba Specialty Chemicals Corporation and EIDP entered into a Joint Development & Marketing Alliance Agreement in 2002.  To the extent Paragraph 19 purports to characterize these agreements, the documents speak for themselves, and Huntsman denies any characterization inconsistent therewith.  Except as expressly admitted, Huntsman denies the allegations in Paragraph 19.

20.     To the extent Paragraph 20 purports to characterize the agreements between Huntsman and EIDP, those documents speak for themselves, and Huntsman denies any

characterization inconsistent therewith. Except as expressly admitted, Huntsman denies the allegations in Paragraph 20.

21. Huntsman admits that EIDP has manufactured and supplied certain textile related chemistry to Huntsman and that Huntsman sold these products to certain entities in the textile industry. Huntsman denies that these allegations entitle EIDP to any relief from Huntsman or make Huntsman liable for any of the actions or inactions that Plaintiffs have alleged EIDP took or failed to take. Except as expressly admitted, Huntsman denies the allegations in Paragraph 21.

22. Huntsman denies the allegations in Paragraph 22.

23. Huntsman denies the allegations in Paragraph 23.

24. Huntsman denies the allegations in Paragraph 24.

25. Huntsman denies the allegations in Paragraph 25.

26. This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 26 and therefore denies them.

27. This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 27 and therefore denies them.

28. This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 28 and therefore denies them.

29. This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 29 and therefore denies them.

30. This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 30 and therefore denies them.

31. This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 31 and therefore denies them.

32. This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 32 and therefore denies them.

33. This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 33 and therefore denies them.

34. This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient

knowledge or information to admit or deny the allegations in Paragraph 34 and therefore denies them.

35.    This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 35 and therefore denies them.

36.    This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 36 and therefore denies them.

37.    This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 37 and therefore denies them.

38.    This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 38 and therefore denies them.

39.    This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 39 and therefore denies them.

40.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 40 and therefore denies them.

41.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 41 and therefore denies them.

42.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 42 and therefore denies them.

43.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 43 and therefore denies them.

44.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 44 and therefore denies them.

45.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient

knowledge or information to admit or deny the allegations in Paragraph 45 and therefore denies them.

46. This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 46 and therefore denies them.

47. This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 47 and therefore denies them.

48. This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 48 and therefore denies them.

49. This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 49 and therefore denies them.

50. This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 50 and therefore denies them.

51.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, the allegations in this Paragraph reference Plaintiffs' Second Amended Complaint, and Huntsman refers the Court to that document for its contents, which speaks for itself, and denies any characterization inconsistent therewith.

52.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, the allegations in this Paragraph reference Plaintiffs' Second Amended Complaint, and Huntsman refers the Court to that document for its contents, which speaks for itself, and denies any characterization inconsistent therewith.

53.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, the allegations in this Paragraph reference Plaintiffs' Second Amended Complaint, and Huntsman refers the Court to that document for its contents, which speaks for itself, and denies any characterization inconsistent therewith.

54.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 54 and therefore denies them.

55.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 55 and therefore denies them.

56.     The allegations contained in this Paragraph state legal conclusions to which no response is required.  To the extent a response is required, Huntsman denies the allegations asserted against it in this Paragraph.  Huntsman is without sufficient knowledge or information to admit or deny the allegations in this Paragraph as to the other named Third-Party Defendants and therefore denies them.

## FOR A FIRST CAUSE OF ACTION
### (Contractual and/or Equitable Indemnification as to Huntsman)

57.     Huntsman incorporates its responses to Paragraphs 1 to 56 of the Third-Party Complaint as if fully set forth herein.

58.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, the allegations in this Paragraph reference Plaintiffs' Second Amended Complaint, and Huntsman refers the Court to that document for its contents, which speaks for itself, and denies any characterization inconsistent therewith.

59.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

60.     The allegations contained in this Paragraph state legal conclusions to which no response is required.  To the extent a response is required, Huntsman denies the allegations contained in Paragraph 60.

61.     The allegations contained in this Paragraph state legal conclusions to which no response is required.  To the extent a response is required, Huntsman denies the allegations contained in Paragraph 61.

62.     Huntsman admits that, pursuant to various contracts between the parties, it entered into and conducted business with EIDP with respect to products intended for textile applications.  To the extent Paragraph 62 purports to characterize these agreements, those documents speak for themselves, and Huntsman denies any characterization inconsistent therewith.  Except as expressly admitted, Huntsman denies the allegations in Paragraph 62.

63.     The allegations contained in this Paragraph state legal conclusions to which no response is required.  To the extent a response is required, Huntsman denies the allegations contained in Paragraph 63.

64.     The allegations contained in this Paragraph state legal conclusions to which no response is required.  To the extent a response is required, Huntsman denies the allegations contained in Paragraph 64.

65.     The allegations contained in this Paragraph state legal conclusions to which no response is required.  To the extent a response is required, Huntsman denies the allegations contained in Paragraph 65.

66.     The allegations contained in this Paragraph state legal conclusions to which no response is required.  To the extent a response is required, Huntsman denies the allegations contained in Paragraph 66.

## FOR A SECOND CAUSE OF ACTION
**(Contribution as to Huntsman, Owner/Operator Defendants, Nanotex, Additional Fluorochemical Suppliers, Additional Fluorochemical Formulators, Marketers and/or Sellers, Other Land Application Contractors, and Other Land Application Sources – S.C. Code § 15-38-20)**

67.     Huntsman incorporates its responses to Paragraphs 1 to 66 of the Third-Party Complaint as if fully set forth herein.

68.     This Paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

69.     The allegations contained in this Paragraph state legal conclusions to which no response is required.  To the extent a response is required, Huntsman denies the allegations asserted against it in this Paragraph.  Huntsman is without sufficient knowledge or information to admit or deny the allegations in this Paragraph as to the other named Third-Party Defendants and therefore denies them.

70.     The allegations contained in this Paragraph state legal conclusions to which no response is required.  To the extent a response is required, Huntsman denies the allegations asserted against it in this Paragraph.  Huntsman is without sufficient knowledge or information to admit or deny the allegations in this Paragraph as to the other named Third-Party Defendants and therefore denies them.

## HUNTSMAN'S AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof it would not otherwise bear, Huntsman hereby asserts the following as affirmative and other defenses to the Third-Party Complaint:

### FIRST DEFENSE

The Third-Party Complaint fails to state any claim against Huntsman upon which relief can be granted.

### SECOND DEFENSE

EIDP's claims are barred, in whole or in part, because it lacks standing to bring such claims.

### THIRD DEFENSE

EIDP's claims are barred by the applicable statutes of limitations or repose.

14

**FOURTH DEFENSE**

EIDP's claims are barred, in whole or in part, by laches, license, res judicata, acquiescence, release, unclean hands, and/or permit.

**FIFTH DEFENSE**

EIDP's claims are barred, in whole or in part, because they are not ripe for adjudication.

**SIXTH DEFENSE**

EIDP's claims are barred because Plaintiffs' injuries and/or damages are barred, in whole or in part, under the economic-loss doctrine.

**SEVENTH DEFENSE**

EIDP's claims are barred because Plaintiffs' injuries and/or damages are barred, in whole or in part, by the bulk-supplier doctrine, the learned-intermediary doctrine, and/or the sophisticated-user doctrine.

**EIGHTH DEFENSE**

EIDP's claims are barred, in whole or in part, under the doctrines of waiver, release, and/or estoppel.

**NINTH DEFENSE**

EIDP's claims are barred, in whole or in part, by assumption of risk.

**TENTH DEFENSE**

EIDP's claims are barred because its alleged damages, if any, were not caused by any alleged act or omission by Huntsman.

**ELEVENTH DEFENSE**

EIDP's claims are barred because Huntsman owed no duty to EIDP or Plaintiffs.

15

**TWELFTH DEFENSE**

EIDP's claims are barred because EIDP's and Plaintiffs' injuries and/or damages, if any, were caused by superseding, unforeseen, and/or intervening causes.

**THIRTEENTH DEFENSE**

EIDP's claims are barred, in whole or in part, for failure to mitigate damages.

**FOURTEENTH DEFENSE**

EIDP's claims are barred, in whole or in part, by the doctrines of setoff, credit, and/or recoupment.

**FIFTEENTH DEFENSE**

EIDP's claims are barred, in whole or in part, because Huntsman's conduct was in accordance with applicable standards of care under all laws, regulations, and industry practices.

**SIXTEENTH DEFENSE**

EIDP's claim for attorneys' fees is barred because Huntsman has not acted in a manner that gives rise to a claim for attorneys' fees or for the expenses of litigation.

**SEVENTEENTH DEFENSE**

EIDP's claims are barred, in whole or in part, by its own contributory negligence.

**EIGHTEENTH DEFENSE**

EIDP's claims are barred, in whole or in part, by the doctrine of comparative fault.

**NINETEENTH DEFENSE**

EIDP's claims and any recovery against Huntsman are barred, in whole or in part, by the negligence, fault, conduct, or carelessness of others over whose conduct Huntsman had no control and for whose conduct Huntsman is not responsible. Any judgment or damages awarded to EIDP against Huntsman should be limited to the fault attributable to Huntsman. Any damages

awarded to EIDP in this action should be subject to apportionment among any parties or nonparties who are or could be responsible for EIDP's damages.

## TWENTIETH DEFENSE

EIDP's claims for damages, if any, are barred, in whole or in part, to the extent there was no practical or technically feasible alternative design or formulation that would have prevented the harm to EIDP or Plaintiffs, if any, without substantially impairing the usefulness or intended purpose of the product.

## TWENTY-FIRST DEFENSE

EIDP's claims are barred due to the failure to join indispensable parties and real-parties-in-interest.

## TWENTY-SECOND DEFENSE

EIDP's claims are barred, in whole or in part, because Huntsman did not exercise control over Plaintiffs' alleged cause of harm.

## TWENTY-THIRD DEFENSE

EIDP's claims are barred because they are brought in the incorrect venue and/or forum given the relevant dispute resolution provisions in the applicable contracts, including but not limited to provisions subjecting EIDP's claims to binding arbitration.

## TWENTY-FOURTH DEFENSE

EIDP's claims are barred, in whole or part, to the extent Huntsman's products were unforeseeably altered or misused.

## TWENTY-FIFTH DEFENSE

EIDP's claims are barred, in whole or part, under the express terms of written contracts.

17

## TWENTY-SIXTH DEFENSE

Huntsman adopts by reference all affirmative defenses pleaded by other parties as may be applicable to the facts alleged against Huntsman and does not waive or relinquish any other available affirmative defenses.

## TWENTY-SEVENTH DEFENSE

Huntsman reserves any actions for contribution or indemnity against third parties and reserves its right to remedies.

Huntsman at this time lacks sufficient information to set forth all affirmative defenses and hereby reserves the right to assert additional affirmative defenses as facts are discovered throughout this case or to remove affirmative defenses that it later determines are not applicable.

## HUNTSMAN'S COUNTERCLAIMS AGAINST EIDP

1.      Huntsman realleges its answers and defenses to EIDP's Third-Party Complaint in the preceding paragraphs as if fully set forth herein.

## PARTIES, JURISDICTION, AND VENUE

2.      Third-Party Defendant/Third-Party Counterclaim Plaintiff Huntsman is a limited liability company organized in the State of Delaware and headquartered in the State of Texas, having a principal place of business located in Woodlands, Texas.

3.      Third-Party Plaintiff/Third-Party Counterclaim Defendant EIDP is a corporation organized and headquartered in the State of Delaware, having a principal place of business located at 1007 Market Street, Wilmington, Delaware 19899.  EIDP is registered to do business in the State of South Carolina.

4.      This Court has subject matter jurisdiction over Huntsman's Counterclaims under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in

controversy exceeds $75,000.00, and the Court may exercise supplemental jurisdiction over Huntsman's Counterclaims under 28 U.S.C. § 1367(a) because they are so related to the claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

5.    This Court has personal jurisdiction over EIDP because (a) it systematically transacted and conducted business in the State of South Carolina or directed business activities in a manner that caused their business to be reasonably likely to reach South Carolina, and (b) a substantial number of the events giving rise to the claims alleged herein took place in South Carolina.

6.    Venue for Huntsman's Counterclaims is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District, where EIDP does or has done substantial business so as not to offend the traditional notions of fair play and substantial justice.

**STATEMENT OF FACTS**

7.    Huntsman realleges its answers and defenses to EIDP's Third-Party Complaint in the preceding paragraphs as if fully set forth herein.

8.    For several years, pursuant to various contracts between the parties, Huntsman (and/or its predecessors in interest) entered into and conducted business with EIDP with respect to products intended for textile applications.

9.    Under various contracts between the parties, EIDP has manufactured and supplied certain textile related chemistry to Huntsman, which Huntsman sold to certain entities in the textile industry.

10.     Huntsman did not control or manage EIDP or the composition of its textile related chemistry at any time.  Huntsman did not have control of EIDP's business decisions relating to formulation, marketing, sales, and/or the communication of information regarding textile chemistry that EDIP offered, sold, or which finished products EIDP labeled with its brand name.

11.     Jamie and Kimberly Weatherford, on behalf of themselves and all others similarly situated, (collectively, the "Plaintiffs") alleged in the above-captioned lawsuit that their property, and the property of the class of persons they purport to represent, has become contaminated with per- and polyfluoroalkyl substances, including but not limited to perfluorooctanoic acid ("PFOA") and perfulorooctanesulfonic acid ("PFOS"), (collectively "PFAS") due to the operation of the textile mill located in Society Hill, SC, and particularly due to the plant's use of textile chemistry containing certain fluorinated compounds.

12.     Plaintiffs have also alleged that their alleged property damages are the result of contamination caused by the various textile chemistries manufactured and/or sold by Daikin America, Inc., EIDP, Mitsubishi International Polymertrade Corporation, The Chemours Company, and 3M Company (collectively, the "Defendants").

13.     Plaintiffs have raised claims for negligence, strict liability for ultrahazardous activity, trespass, nuisance, defective design, and breach of implied warranties against EIDP in the above-captioned lawsuit.

14.     EIDP filed a Third-Party Complaint against Huntsman alleging that "if Plaintiffs . . . are correct regarding the allegations [in] their Complaint, then Plaintiffs' alleged damages, if any, are the result of the wrongful acts, breach(es) of warranties, omissions, negligence, and/or representations, and other torts of Huntsman, all of which are contrary to the law of the State of South Carolina." (EIDP Compl. ¶ 61).

15.     Contrary to EIDP's allegations, if the allegations in Plaintiffs' Complaint are true, EIDP's wrongful acts, breach(es) of warranties, omissions, negligence, and/or representations, and other torts caused any damages that Plaintiffs allegedly suffered.

16.     For a number of years, Huntsman and EIDP had a contractual relationship related to products offered in the textile industry by EIDP and/or Huntsman.  The agreements provided for mutual indemnification.

17.     Even if Huntsman's agreements with EIDP did not provide for indemnification, EIDP has alleged that a sufficient special relationship exists between Huntsman and EIDP such that Huntsman could be held liable for EIDP's errors and/or omissions without any error by Huntsman itself.

18.     Although Huntsman is without fault and denies EIDP's claims, EIDP's Third-Party Complaint against Huntsman and its acts and omissions expose Huntsman to potential liability to Plaintiffs and reputational harm, as well as force Huntsman to suffer damages and continue to suffer damages, including but not limited to expending money and other resources to defend itself in this action.  Such damages are the direct and proximate result of the wrongful acts, errors, and/or omissions, negligence, or breaches of warranties of EIDP, which have damaged Huntsman.

**FIRST COUNTERCLAIM**
**(Contractual and/or Equitable Indemnification)**

19.     Huntsman realleges the foregoing paragraphs consistent with this cause of action as if fully restated verbatim herein.

20.     Plaintiffs sued EIDP claiming damages related to the release of PFAS in the soil and groundwater of their real property allegedly stemming from the operation of the textile mill located in Society Hill, SC.

21

21. EIDP filed a Third-Party Complaint against Huntsman claiming that, if the allegations in Plaintiffs' Complaint are true, Huntsman's—not EIDP's—wrongful acts, breach(es) of warranties, omissions, negligence, and/or representations, and other torts caused any damages that Plaintiffs allegedly suffered.

22. Contrary to EIDP's allegations, if the allegations in Plaintiffs' Complaint are true, EIDP's wrongful acts, breach(es) of warranties, omissions, negligence, and/or representations, and other torts caused any damages that Plaintiffs allegedly suffered.

23. None of the actions or inactions that Plaintiffs have alleged that EIDP took or did not take are attributable to Huntsman.

24. Huntsman's contracts with EIDP regarding products intended for textile applications provided for mutual indemnification, including of court costs and attorneys' fees.

25. Even if Huntsman's agreements with EIDP did not provide for indemnification, EIDP has alleged that a sufficient special relationship exists between Huntsman and EIDP such that Huntsman could be held liable for EIDP's errors and/or omissions without any error by Huntsman itself.

26. As an impleaded party in the above-captioned matter, Huntsman has suffered damages and will continue to suffer damages—including but not limited to attorneys' fees and other costs associated with defending itself in this action, reputational harm, and any future adjudication of liability to Plaintiffs—that are and would be the direct and proximate result of EIDP's wrongful acts, breach(es) of warranties, omissions, negligence, and/or representations, and other torts.

27. To the extent, if any, that Huntsman is held liable to Plaintiffs in this action, EIDP's acts or omissions are independent, active, primary, superseding, and/or intervening

causes of the damages that Plaintiffs allegedly suffered, and the cause of Huntsman's separate and distinct damages set forth above, and any of Huntsman's wrongful acts or omissions, which are expressly denied, were secondary only.

28.     Huntsman is entitled to a judgment for full contractual and/or equitable indemnification from EIDP for all damages, as set forth above, including any liability Huntsman could be found to have to Plaintiffs in this action, and Huntsman is entitled to recover damages for EIDP's wrongful acts, breach(es) of warranties, omissions, negligence, and/or representations, and other torts, as described herein above, along with costs of investigation, damage and harm to reputation, attorneys' fees, and litigation costs incurred due to EIDP's Third-Party Complaint, actions, inactions, errors and/or omissions.

## SECOND COUNTERCLAIM
### (Contribution – S.C. Code § 15-38-20)

29.     Huntsman realleges the foregoing paragraphs consistent with this cause of action as if fully restated verbatim herein.

30.     Huntsman denies that it has liability of any type to EIDP or Plaintiffs.

31.     However, in the event that EIDP is found liable to Plaintiffs and Huntsman is found liable to EDIP, which Huntsman specifically denies, then any liability was joint and concurring with EIDP's liability.

32.     Consequently, Huntsman is entitled to contribution, in whole or in part, from EIDP as provided by S.C. Code § 15-38-20 or other applicable grounds in an amount to be determined pursuant to the provisions of said statute.

## PRAYER FOR RELIEF

WHEREFORE, Huntsman respectfully requests that the Court dismiss EIDP's Third-Party Complaint Against Huntsman, award Huntsman its reasonable costs and fees, including

23

attorneys' fees, grant the relief requested in Huntsman's Counterclaims Against EIDP, and grant

such other and further relief as the Court deems just and proper.


Dated: September 9, 2024                                    Respectfully submitted,

                                                           /s/ Robert H. Jordan
                                                           Robert H. Jordan (Fed. Bar No. 6986)
                                                           Email: robertjordan@parkerpoe.com
                                                           PARKER POE ADAMS & BERNSTEIN LLP
                                                           850 Morrison Drive, Suite 400
                                                           Charleston, SC 29403
                                                           Telephone: (843) 727-2650
                                                           Facsimile: (843) 727-2680

                                                           Robert C. Osborne, III (Fed. Bar No. 12181)
                                                           Email: robertosborne@parkerpoe.com
                                                           PARKER POE ADAMS & BERNSTEIN LLP
                                                           850 Morrison Drive, Suite 400
                                                           Charleston, SC 29403
                                                           Telephone: (843) 727-2650
                                                           Facsimile: (843) 727-2680

                                                           *Counsel for Third-Party Defendant Huntsman
                                                           International, LLC*