IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JAMIE WEATHERFORD and KIMBERLY WEATHERFORD, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>E.I. DUPONT DE NEMOURS & COMPANY, THE CHEMOURS COMPANY, FC, LLC, 3M COMPANY, DAIKIN AMERICA, INC., DAIKIN INDUSTRIES, LTD., and MITSUBISHI INTERNATIONAL POLYMERTRADE CORPORATION,<br><br>    Defendants. | Case No. 4:22-cv-01427 JDA |
| E.I. DUPONT DE NEMOURS & COMPANY<br><br>    Third-Pary Plaintiff,<br><br>v.<br><br>GALEY & LORD, INC.; GALEY & LORD LLC; GALEY & LORD INDUSTRIES, LLC; GALEY & LORD INDUSTRIES, INC.; JOHN DOE PLANT OWNERS/OPERATORS; NANOTEX, LLC; JOHN DOE SUPPLIERS; and JOHN DOE BIOSOLIDS ENTITIES,<br><br>    Third-Party Defendants. | |

1

| | )|
|---|---|
|THE CHEMOURS COMPANY,| ) |
| | ) |
|                      Third-Party Plaintiff| ) |
| | ) |
|v.| ) |
| | ) |
|HUNTSMAN INTERNATIONAL LLC, ITSELF AND AS SUCCESSOR IN INTEREST TO CIBA GEIGY CHEMICALS CORP.; AND/OR CIBA SPECIALTY CHEMICALS, INC.; GALEY & LORD, LLC; NANOTEX, LLC, AND JOHN DOES 1-50,| ) |
| | ) |
|                      Third-Party Defendants.| ) |

| | )|
|---|---|
|3M COMPANY,| ) |
| | ) |
|                      Third-Party Plaintiff| ) |
| | ) |
|v.| ) |
| | ) |
|GALEY & LORD, INC.; GALEY & LORD, LLC, GALEY & LORD INDUSTRIES, LLC; GALEY & LORD INDUSTRIES, INC.; JOHN DOE PLANT OWNERS/OPERATORS; NANOTEX, LLC, AND JOHN DOE SUPPLIERS; AND JOE DOE BIOSOLIDS ENTITIES,| ) |
| | ) |
|                      Third-Party Defendants.| ) |

| | )|
|---|---|
|DAIKIN AMERICA, INC.,| ) |
| | ) |
|                      Third-Party Plaintiff| ) |
| | ) |
|v.| ) |
| | ) |
|GALEY & LORD INDUSTRIES, INC. and GALEY & LORD INDUSTRIES, LLC.| ) |
| | ) |
|                      Third-Party Defendants.| ) |

2

**UNOPPOSED JOINT MOTION OF DEFENDANTS 3M COMPANY; E.I. DUPONT DE NEMOURS & COMPANY; AND THE CHEMOURS COMPANY, FC, LLC FOR EXTENSION OF TIME TO SERVE JOHN DOE THIRD-PARTY DEFENDANTS**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Civil Rule 6.01, Defendants 3M Company ("3M"); E.I. DuPont de Nemours & Company ("DuPont"); and the Chemours Company, FC, LLC ("Chemours") (collectively "Defendants") respectively submit this Joint Motion for Extension of Time to Serve John Doe Third-Party Defendants. In support of their Motion, Defendants state as follows:

1. On March 14, 2024, Defendants[1] moved for leave to file Third-Party Complaints in this matter. (Doc. 117, 119).

2. On June 20, 2024, the Court granted the Defendants' Motion for Leave to File Third-Party Complaint. (Doc. 127).

3. On July 5, 2024, DuPont and Chemours filed their Amended Answers to Second Amended Complaint and Third-Party Complaints. (Doc. 134, 135). DuPont and Chemours named certain John Doe Third-Party Defendants within their Third-Party Complaints and asserted that , to the extent these Defendants are ultimately determined to be liable to the Plaintiffs (which is specifically denied), these Defendants are entitled to contribution from the John Doe Third-Party Defendants.

4. On July 8, 2024, 3M filed its Third-Party Complaint. (Doc. 136). 3M also named certain John Doe Third-Party Defendants within its Third-Party Complaint. 3M asserted that it is

---

[1] Daikin America, Inc., ("Daikin") also joined in the motion for leave to file a Third-Party Complaint. Daikin did not name any John Doe Third-Party Defendants in its Third-Party Complaint.

3

entitled to contribution from the John Doe Third-Party Defendants if 3M is found liable to the Plaintiffs in this action.[2]

5. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. **But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.**" (emphasis added).

6. Under Rule 4(m), DuPont and Chemours must serve their Third-Party Complaints by October 3, 2024, and 3M must serve its Third-Party Complaint by October 7, 2024.

7. Defendants have perfected service on the Third-Party Defendants that are specifically identified in their Third-Party Complaints. However, Defendants have not yet been able to identify and serve the John Doe Third-Party Defendants.

8. Good cause exists for extending the timeframe for service of the John Doe Third-Party Defendants by 90 additional days, for the reasons set forth in more detail below:

 a. Defendants have undertaken fact investigation and fact discovery in this matter in an attempt to identify John Doe Third-Party Defendants. Defendants have not obtained sufficient information to identify these entities at this time. Defendants' efforts to identify and serve these entities remain ongoing.

 b. Since the filing of the Third-Party Complaints, Defendants have received a substantial production of documents in response to FOIA requests to the United States Environmental Protection Agency and South Carolina Department of Health and Environmental Control. These documents require review and research into

---

[2] Defendants deny any liability to Plaintiffs in their Third-Party Complaints. (Docs. 134, 135, 136).

potentially at fault John Doe Third-Party Defendants, which is currently in progress. Defendants also anticipate receiving additional documents in response to FOIA requests.

    c. Defendants are in the process of finalizing and issuing subpoenas to entities identified in documents received in response to FOIA requests. Defendants anticipate that forthcoming responses to the subpoenas will allow the Defendants to assess whether the subpoenaed entities are John Doe Third-Party Defendants, as identified the in Defendants' Third-Party Complaints. The subpoena responses may also identify other potential John Doe Third-Party Defendants.

9. Even if the Court does not find good cause present for extending the service deadline, the Fourth Circuit has found that district courts still have discretion to extend the time to effect service. *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022) ("we hold that under Rule 4(m), a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule. And if the plaintiff is able to show good cause for the failure, then the court *must* grant the extension.").

10. In light of Defendants' ongoing discovery and investigation, even absent a finding of good cause, the Court should, in its discretion, extend the time to effect service on the John Doe Third-Party Defendants.

11. Defendants have not received any prior extensions of this deadline.

12. The requested extension would not affect any other deadlines in this case, as no other deadlines have been set by the Court.

13.     Pursuant to Local Civil Rule 7.02, counsel for Defendants have conferred with counsel for the Plaintiffs, and the Plaintiffs have consented to the requested extension.

14.     Pursuant to Local Civil Rule 7.04, no accompanying memorandum has been submitted herewith because this Motion fully sets forth the grounds for relief, and a separate memorandum would serve no useful purpose.

For these reasons, Defendants respectfully request that the deadline to serve John Doe Third-Party Defendants be extended to January 2, 2025, for DuPont and Chemours and January 6, 2025, for 3M.

*/s/ James B. Hood*
Molly H. Craig (6671)
molly.craig@hoodlaw.com
James B. Hood (9130)
james.hood@hoodlaw.com
Virginia R. Floyd (12212)
virginia.floyd@hoodlaw.com
HOOD LAW FIRM, LLC
172 Meeting Street/Post Office Box 1508
Charleston, SC  29402
P: (843) 577-4435/F: (843) 722-1630

     and

Lana A. Olson, *admitted pro hac vice*
lolson@lightfootlaw.com
R. Ashby Pate, *admitted pro hac vice*
apate@lightfootlaw.com
John M. Johnson, *admitted pro hac vice*
jjohnson@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, AL 35203
Ph: (205) 581-0700  /  Fax: (205) 581-0799

**Attorneys for the Defendants**
**E.I. DuPont de Nemours & Company and The Chemours Company, FC, LLC**

*/s/ Patrick C. Wooten*
Brian C. Duffy (9491)
bduffy@duffyandyoung.com
Patrick C. Wooten (10399)
pwooten@duffyandyoung.com
Duffy and Young LLC
96 Broad Street
Charleston, SC 29401
843-720-2044
F: 843-720-2047

Philip J. Combs (*admitted pro hac vice*)
pcombs@tcspllc.com
Sherrie Armstrong Davis (*admitted pro hac vice*)
sarmstrongdavis@tcspllc.com
Thomas Combs and Spann PLLC
300 Summers Street, Ste. 1380
PO Box 3824
Charleston, WV 25338
T: 304-414-1800
F: 304-414-1801

**Counsel for Defendant 3M Company**