**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| JAMIE WEATHERFORD and KIMBERLY WEATHERFORD, on behalf of themselves and all others similarly situated, | )<br>)<br>) Case No. 4:22-cv-01427-JDA<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **CONSENT**<br>) **SECOND AMENDED**<br>) **SCHEDULING ORDER** |
| E.I. DUPONT DE NEMOURS & COMPANY, THE CHEMOURS COMPANY, FC, LLC, 3M COMPANY, DAIKIN AMERICA, INC., and MITSUBISHI INTERNATIONAL POLYMERTRADE CORPORATION, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| E.I. DUPONT DE NEMOURS & COMPANY | )<br>) |
| Third-Pary Plaintiff, | )<br>) |
| v. | )<br>) |
| HUNTSMAN INTERNATIONAL LLC, ITSELF AND AS SUCCESSOR IN INTEREST TO CIBA GEIGY CHEMICALS CORP.; AND/OR CIBA SPECIALTY CHEMICALS, INC.; GALEY & LORD INDUSTRIES, LLC; Galey & Lord, LLC, NANOTEX LLC, AND JOHN DOES 1-50, | )<br>)<br>)<br>)<br>)<br>) |
| Third-Party Defendants. | ) |

| | |
|---|---|
| THE CHEMOURS COMPANY, | ) |
| | ) |
| Third-Party Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| HUNTSMAN INTERNATIONAL LLC, ITSELF AND AS SUCCESSOR IN INTEREST TO CIBA GEIGY CHEMICALS CORP.; AND/OR CIBA SPECIALTY CHEMICALS, INC.; GALES & LORD INDUSTRIES, LLC; GALEY & LORD, LLC; NANOTEX LLC, AND JOHN DOES 1-50, | ) |
| | ) |
| Third-Party Defendants. | ) |

| | |
|---|---|
| 3M COMPANY, | ) |
| | ) |
| Third-Party Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| GALEY & LORD, INC.; GALEY & LORD, LLC, GALEY & LORD INDUSTRIES, LLC; GALEY & LORD INDUSTRIES, INC.; JOHN DOE PLANT OWNERS/OPERATORS; NANOTEX, LLC; JOHN DOE SUPPLIERS; AND JOE DOE BIOSOLIDS ENTITIES, | ) |
| | ) |
| Third-Party Defendants. | ) |

| | |
|---|---|
| DAIKIN AMERICA, INC., | ) |
| | ) |
| Third-Party Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| GALEY & LORD INDUSTRIES, INC. AND GALEY & LORD INDUSTRIES, LLC. | ) |
| | ) |
| Third-Party Defendants. | ) |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following Second Amended Case Schedule is hereby established.

**<u>Preliminary Matters</u>**

1. To enable the continued flow of discovery material and adequately protect material that the parties are entitled to keep confidential, and to promote compliance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of South Carolina, all parties to this lawsuit, including but not limited to Plaintiffs, Defendants and/or Defendants/Third-Party Plaintiffs, and Third-Party Defendants, agree to be bound by the terms of the Confidentiality Order entered by this Court on January 24, 2024 (ECF No. 105) ("Confidentiality Order"). The Confidentiality Order shall also bind all future parties to this lawsuit.

2. No later than 45 days after the date the Court enters this Consent Second Amended Case Scheduling Order, newly joined and served Third-Party Defendants shall make the required initial disclosures under Fed. R. Civ. P. 26(a)(1).[1]

**<u>Class Certification Fact Discovery</u>**

3. To expedite the Court's decision on class certification and to promote fairness and efficiency, the parties agree that, pending a decision on class certification, discovery that focuses upon issues which relate to or could impact class certification shall have priority. In the event that there is a dispute as to the nature, scope, or timing of discovery before the Court's decision on class certification, the parties agree to meet and confer. If the meet and confer does not resolve the disagreement or a party does not make itself available for a meet and confer within 5 days, the parties may seek a determination by the Court and agree that such a disagreement does not stay any other discovery. The parties further agree that priority is not necessarily the same as exclusivity and that the parties may by agreement conduct reasonable discovery which does not impact class certification prior to a decision on class certification to the extent that such discovery is not an obstacle to timely and efficient completion of discovery focused upon issues which could impact a determination on the propriety of class certification.

4. All requests for production of documents, interrogatories, and requests for admission relating to class certification issues must be served by **December 15, 2025**.

5. Document production related to class certification issues shall be substantially completed by **January 14, 2026**.

6. All depositions relating to class certification issues, other than purported class representative(s) and expert depositions, must be completed by **April 16, 2026**.

---

[1] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. See Fed. R. Civ. P. 29 and Local Civil Rule 29.01.

7. All discovery related to class certification issues, other than deposition(s) of purported class representative(s) and expert discovery, must be completed by **April 16, 2026**.

**Class Certification Motions/Depositions of Class Representatives**

8. All depositions of purported class representative(s) must be completed by **June 17, 2026**.

9. Plaintiffs' motion for class certification must be filed by **July 17, 2026**.

10. Defendants' oppositions to the motion for class certification must be filed by **September 17, 2026**.[2]

11. Plaintiffs' reply in support of their motion for class certification (and a corresponding motion for leave to file a reply memorandum, if necessary) must be filed by **October 30, 2026**.

12. Any objection to class certification testimony offered by Plaintiffs pursuant to Federal Rule of Evidence 702 must be made by motion no later than September 17, 2026. Oppositions to such motions shall be made no later than October 30, 2026. Replies in support of any such motions shall be filed on or before 30 days after the oppositions to those motions.

13. Any objection to class certification testimony offered by Defendants pursuant to Federal Rule of Evidence 702 must be made by motion no later than October 30, 2026. Oppositions to such motions shall be made no later than December 14, 2026. Replies in support of any such motions shall be filed on or before 30 days after the oppositions to those motions.

**Class Certification Expert Discovery**

14. To the extent that expert testimony may be proper, necessary and useful in the determination of class certification, Plaintiffs shall file and serve a document identifying by full name, address, and telephone number each person upon whom Plaintiffs expect to rely as an expert relating to class certification and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel* has been disclosed to other parties by **July 17, 2026**. ***NOTE: Amendments effective December 1, 2010, impose new disclosure requirements for certain expert witnesses.** Simultaneously with disclosure of such experts' reports, Plaintiffs' counsel shall advise of the dates and times of their experts' availability for deposition, which shall be no later than 30 days prior to the deadline for any opposition to the motion for class certification.

---

[2] For purposes of the deadlines set forth in this Order, "Defendants" shall include, collectively, Defendants and Third-Party Defendants. References to filings by "Defendants" herein shall be construed as meaning "Defendants or Third-Party Defendants or any of them." The Defendants are not required to make joint motions, disclosures, or other submissions, or otherwise to act jointly, under this order.

4

15. Plaintiffs' experts relating to class certification must be deposed by **August 17, 2026.**

16. To the extent that expert testimony may be proper, necessary and useful in the determination of class certification, Defendants shall file and serve a document identifying by full name, address, and telephone number each person upon whom Defendants expect to rely as an expert relating to class certification and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel* has been disclosed to other parties by **September 17, 2026**. ***NOTE: Amendments effective December 1, 2010, impose new disclosure requirements for certain expert witnesses.** Simultaneously with disclosure of such experts' reports, Defendants' counsel shall advise of the dates and times of their experts' availability for deposition, which shall be no later than 30 days prior to the deadline for any reply in support of the motion for class certification.

17. Defendants' experts relating to class certification must be deposed by **October 16, 2026**.

18. All discovery related to class certification expert issues must be completed by **October 16, 2026**.

**Post-Class Certification Status Conference**

19. The parties propose that following a decision on class certification, the Court hold a status conference to address subsequent deadlines, including merits discovery and expert deadlines, dispositive motion deadlines, and a pretrial conference.

**Tentative Schedule Following Decision on Class Certification**

20. In an effort to provide a schedule now, recognizing that a class certification decision may be subject to a petition for leave to appeal by one or both sides, and that a decision to certify a class may result in time for notice to the class, the parties propose the following tentative schedule subject to review and modification at the status conference contemplated in paragraph 18 above.

    a. <u>Merits Fact Discovery</u>. Merits fact discovery, unless otherwise ordered by the Court, may proceed for a period of <u>nine months</u> following a decision on class certification. Once the class certification period has passed, the parties will be permitted to exchange written discovery. The limitations imposed by Rule 33(a)(1) of the Federal Rules of Civil Procedure will begin anew in the Merits Fact Discovery phase. All discovery requests shall be served in time for the responses thereto to be served within nine months of the decision on class certification, which shall be the merits discovery deadline. De bene esse depositions must be completed by the merits discovery deadline. **Counsel shall consult and attempt to resolve and disputes related a discovery matter as required by Local Civil Rule 7.02 prior to filing any motions.**

    b. <u>Merits Expert Discovery</u>.

        i. Plaintiffs shall file and serve a document identifying by full name, address,

and telephone number each person whom Plaintiffs expect to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel* has been disclosed to other parties by no later than 30 days after the close of merits fact discovery. **\*NOTE: Amendments effective December 1, 2010, impose new disclosure requirements for certain expert witnesses.**

ii. Plaintiffs' merits experts must be deposed no later than 60 days after the deadline for Plaintiffs to disclose those experts.

iii. Defendants shall file and serve a document identifying by full name, address, and telephone number each person whom Defendants expect to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel* has been disclosed to other parties by no later than 90 days after the deadline for Plaintiffs to disclose merits experts. **\*NOTE: Amendments effective December 1, 2010, impose new disclosure requirements for certain expert witnesses**.

iv. Defendants' merits experts must be deposed no later than 60 days after the deadline for Defendants to disclose the experts.

v. All discovery related to merits expert issues must be completed no later than 180 days after the close of merits fact discovery.

### Affidavits of Records Custodian Witnesses

21. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than the deadline to depose Defendants' merits experts. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. *See* Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3).

### Dispositive Motions

22. **At least 21 days before filing a motion for summary judgment, the parties shall meet, in person or by telephone to conduct the Rule 56 Conference as required by Judge Austin's preferences.**

23. All dispositive motions and all other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial (other than Daubert motions), shall be filed within 60 days of the deadline to depose Defendants' merits experts.

24. Oppositions to dispositive motions must be filed within 60 days after service of the motion.

25. Replies in support of dispositive motions, if any (and a corresponding motion for leave to

file a reply memorandum, if necessary), must be filed within <u>45 days</u> of the oppositions.

26. Any Daubert motions and all objections to merits expert testimony pursuant to Federal Rule of Evidence 702 must be made by motion no later than the deadline for any opposition to a dispositive motion. Oppositions to such motions shall be filed no later than the deadline for replies in support of dispositive motions. Replies to any such motion shall be filed on or before 30 days after the oppositions.

**Mediation**

27. Mediation, pursuant to Local Civil Rules 16.04 – 16.12, **shall be completed in this case after the completion of discovery and at least fifteen (15) days prior to the deadline for filing dispositive motions**. *See* Standing Order to Conduct Mediation, which sets forth mediation requirements and is found on the court's website under Judge Austin's forms (http://www.scd.uscourts.gov). At least **thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of Standing Order to Conduct Mediation; (2) discussed the availability of mediation with the party; and (3) discussed the advisability and timing of mediation with opposing counsel.

**Initial Pretrial Conference**

28. The parties propose that the Court set the date for an initial pretrial conference subject to modification as set forth above. The parties shall prepare and submit a pretrial memorandum, as directed by the Court, no less than five business days prior to the date of the initial pretrial conference.

**Pretrial Deadlines, Pretrial Conference, and Trial**

29. The dates for pretrial motions and other submissions, the final pretrial conference, and trial shall be set at the status conference following a decision on class certification referenced in paragraph 18 above.

s/Jacquelyn D. Austin<br>
United States District Judge

Date: April 10, 2025  
Florence, South Carolina

| | |
|---|---|
| ***Defendants E.I. du Pont de Nemours & Company and The Chemours Company, FC, LLC*** | ***Plaintiffs Jamie Weatherford & Kimberly Weatherford*** |
| s/ Molly H. Craig<br>Molly H. Craig (6671)<br>molly.craig@hoodlaw.com<br>James B. Hood (9130)<br>james.hood@hoodlaw.com<br>Virginia R. Floyd (12212)<br>virginia.floyd@hoodlaw.com<br>HOOD LAW FIRM, LLC<br>172 Meeting Street/Post Office Box 1508<br>Charleston, SC 29402<br>P: (843) 577-4435/F: (843) 722-1630<br><br>*and*<br><br>Lana A. Olson, *admitted pro hac vice*<br>lolson@lightfootlaw.com<br>R. Ashby Pate, *admitted pro hac vice*<br>apate@lightfootlaw.com<br>John M. Johnson, *admitted pro hac vice*<br>jjohnson@lightfootlaw.com<br>LIGHTFOOT, FRANKLIN & WHITE, LLC<br>400 20th Street North<br>Birmingham, AL 35203<br>Ph: (205) 581-0700 / Fax: (205) 581-0799 | s/ Michael D. Wright<br>Vincent A. Sheheen (7016)<br>vsheheen@thesavagefirm.com<br>Michael D. Wright (11452)<br>mwright@thesavagefirm.com<br>Savage, Royall & Sheeheen, L.L.P<br>P.O. Drawer 10<br>Camden, SC 29021<br>Ph: (803) 432-4391/Fax: (803) 425-4812<br><br>    *and*<br><br>A. Gibson Solomons, III (7769)<br>gsolomons@speightsandsolomons.com<br>Sprights & Solomons, LLC<br>100 Oak Street/P.O. Box 685<br>East Hampton, SC 29924<br>Ph: (803) 943-4444/Fax: (803) 943-4599 |
| ***Defendant 3M Company*** | ***Defendant Mitsubishi International PolymerTrade Corporation*** |
| s/ Brian C. Duffy<br>Brian C. Duffy (9491)<br>bduffy@duffyandyoung.com<br>Patrick C. Wooten (10399)<br>pwooten@duffyandyoung.com<br>Duffy and Young LLC<br>96 Broad Street<br>Charleston, SC 29401<br>843-720-2044<br>F: 843-720-2047<br><br>Philip J. Combs (*admitted pro hac vice*)<br>pcombs@tcspllc.com | s/Jessica King<br>Jessica King (Fed. Bar No. 7152)<br>Ruth A. Levy (Fed. Bar No. 13275)<br>WILLIAMS MULLEN<br>First Citizens Bank Building<br>1230 Main Street, Suite 330<br>Columbia, SC 29201<br>T: 803-567-4602<br>E: jking@williamsmullen.com<br>E: rlevy@williamsmullen.com<br><br>Katharine S. Perry (*admitted pro hac vice*) |

Sherrie Armstrong Davis (*admitted pro hac vice*)
sarmstrongdavis@tcspllc.com
Mitchell B. Tuggle (*admitted pro hac vice*)
mtuggle@tcspllc.com
Thomas Combs and Spann PLLC
300 Summers Street, Ste. 1380
PO Box 3824
Charleston, WV 25338
T: 304-414-1800
F: 304-414-1801

***Daikin America, Inc.***

*s/ Steven N. Geise*
JONES DAY
Steven N. Geise (D.S.C. ID #6615)
4655 Executive Drive, Suite 1500
San Diego, CA 92121-3134

Theodore M. Grossman
(*admitted pro hac vice*)
250 Vesey Street
New York, NY 10281
(212) 326-3939
tgrossman@jonesday.com

Jeffrey A. Kaplan, Jr.
(*admitted pro hac vice*)
1221 Peachtree St. N.E., Suite 400
Atlanta, GA 30361
(404) 581-8325
jkaplan@jonesday.com

Beattie B. Ashmore (D.S.C. ID #5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
(864) 467-1001
beattie@beattieashmore.com

***Third-Party Defendant NanoTex, LLC***

*s/ John S. Wilkerson, III*
TURNER, PADGET, GRAHAM & LANEY, P.A.

MANNING GROSS + MASSENBURG, LLP
125 High Street
Boston, MA 02110
T: 617.670.8506/F: 617.670.8801
E: kperry@mgmlaw.com
E: mmorte@mgmlaw.com

***Third-Party Defendant Huntsman International***

*s/ Robert H. Jordan*
PARKER POE ADAMS & BERNSTEIN LLP
Robert H. Jordan
Robert Crum Osborne, III
850 Morrison Drive, Suite 400
Charleston, SC 29403
robertjordan@parkerpoe.com
robertosborne@parkerpoe.com

John S. Wilkerson, III
April D. Hager
P.O. Box 22129
Charleston, SC 29413
jwilkerson@turnerpadget.com
ahager@turnerpaget.com

James Edward Smith, *pro hac vice pending*
CRAIN CANTON AND JAMES
1401 McKinney Street, Suite 1700
Houston, TX 77010
jsmith@craincanton.com