**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| JAMIE WEATHERFORD and KIMBERLY WEATHERFORD, on behalf of themselves and all others similarly situated, | Civil Action No. 4:22-CV-01427-JDA |
| Plaintiffs, | |
| v. | **HUNTSMAN INTERNATIONAL LLC'S ANSWERS TO LOCAL CIVIL RULE 26.01 INTERROGATORIES** |
| E.I. DU PONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY, FC, LLC, 3M COMPANY, DAIKIN AMERICA, INC., and MITSUBISHI INTERNATIONAL POLYMERTRADE CORPORATION, | |
| Defendants. | |
| E.I. DU PONT DE NEMOURS AND COMPANY | |
| Third-Party Plaintiff/Third-Party Counterclaim Defendant, | |
| v. | |
| HUNTSMAN INTERNATIONAL LLC, itself and as successor in interest to CIBA GEIGY CHEMICALS CORP. and/or CIBA SPECIALTY CHEMICALS, INC.; GALEY & LORD INDUSTRIES, LLC; GALEY & LORD, LLC.; NANOTEX LLC, and JOHN DOES 1–50, | |
| Third-Party Defendants/Third-Party Counterclaim Plaintiff. | |

THE CHEMOURS COMPANY,

       Third-Party Plaintiff/Third-Party Counterclaim Defendant,

       v.

HUNTSMAN INTERNATIONAL, LLC, itself and as successor in interest to CIBA GEIGY CHEMICALS CORP. and/or CIBA SPECIALTY CHEMICALS, INC., GALEY & LORD INDUSTRIES, LLC, GALEY & LORD, LLC.; NANOTEX LLC, and JOHN DOES 1–50.

       Third-Party Defendants/Third-Party Counterclaim Plaintiff.

3M COMPANY,

       Third-Party Plaintiff,

v.

GALEY & LORD, INC.; GALEY & LORD, LLC, GALEY & LORD INDUSTRIES, LLC; GALEY & LORD INDUSTRIES, INC.; JOHN DOE PLANT OWNERS/OPERATORS; NANOTEX, LLC; JOHN DOE SUPPLIERS; AND JOE DOE BIOSOLIDS ENTITIES,

       Third-Party Defendants.

DAIKIN AMERICA, INC.,

       Third-Party Plaintiff,

v.

GALEY & LORD INDUSTRIES, INC. and GALEY & LORD INDUSTRIES, LLC.

       Third-Party Defendants.

2

Third-Party Defendant/Third-Party Counterclaim Plaintiff Huntsman International LLC ("Huntsman"), by and through its undersigned attorneys, answers the following Interrogatories pursuant to Local Rule 26.01:

(A)     State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.

**ANSWER:    Huntsman tendered the defense of the above-captioned matter to Archroma U.S., Inc. which is the current owner of the business assets and liabilities allegedly at issue in the third-party claims against and by Huntsman.  Archroma U.S., Inc. can be contacted through its counsel at Kirkland & Ellis LLP, 1301 Pennsylvania Avenue NW, Washington, DC 20004.**

(B)     As to each claim, state whether it should be tried jury or nonjury and why.

**ANSWER:    Plaintiffs in the above-captioned lawsuit have requested a jury trial on all claims raised in their Complaint.**

(C)     State whether the party submitting these responses is a publicly owned company and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten (10%) or more of the outstanding shares.

**ANSWER:    Huntsman International LLC is not a publicly owned company. Huntsman International LLC is a wholly owned subsidiary of Huntsman Corporation, which is a publicly traded company.  Huntsman International LLC is not a parent of any publicly owned company, nor does it hold shares in any publicly owned company.**

3

(D)   State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).  *See* Local Civil Rule 3.01.

**ANSWER:   Plaintiffs originally filed the underlying action in the South Carolina Court of Common Pleas for Darlington County.  Defendant 3M Company removed the case to the United States District Court for the District of South Carolina, Florence Division pursuant to 28 U.S.C. § 1332(a).**

**Third-Party Defendant/Third-Party Counterclaim Plaintiff Huntsman was impleaded by Third-Party Plaintiffs/Third-Party Counterclaim Defendants E.I. du Pont de Nemours and Company ("DuPont") and The Chemours Company, FC, LLC ("Chemours").  Venue for DuPont's and Chemours's Third-Party Complaints against Huntsman is proper in the United States District Court for the District of South Carolina, Florence Division only to the extent the relevant dispute resolution provisions in the relevant contracts between Huntsman and DuPont/Chemours do not require an alternative venue and/or forum, and Huntsman specifically reserves the right to enforce such alternative dispute resolution provisions.**

**This Court has subject matter jurisdiction over Huntsman's Third-Party Counterclaims against DuPont and Chemours under 28 U.S.C. § 1332(a) because the Plaintiffs and DuPont/Chemours are citizens of different states and the amount in controversy exceeds $75,000.00, and the Court may exercise supplemental jurisdiction over Huntsman's Counterclaims under 28 U.S.C. § 1367(a) because they are so related to the claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.  Venue for Huntsman's Counterclaims against DuPont and Chemours is proper in the United States District Court for the District of South Carolina, Florence Division because a substantial part of the alleged events or omissions giving rise to**

**Huntsman's Counterclaims occurred in this District, where DuPont and Chemours do or have done substantial business so as not to offend the traditional notions of fair play and substantial justice.**

(E)     Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal?  If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action.  Counsel should disclose any cases that *may be* related regardless of whether they are still pending.  Whether cases *are* related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**ANSWER:     Huntsman is aware of one related action in this District, which is also pending before this Court: *Gage Weatherford v. 3M Co. Inc. et al.*, No. 4:24-cv-04635-JDA. In that case, the plaintiff (who is the son of the named Plaintiffs in this matter) seeks recovery from parties other than Huntsman for personal injuries he claims to have suffered due to alleged PFAS exposure that he ultimately attributes to the defendants' production and distribution of "PFAS chemicals" to the Galey & Lord plant in Society Hill, South Carolina. All defendants moved to dismiss that case and their motions are currently pending before the Court.**

(F)     If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**ANSWER:     Huntsman disputes that it has been correctly named in this action and disputes that it is a successor-in-interest to Ciba Geigy Chemicals Corp. and/or Ciba**

**Specialty Chemicals, Inc.  However, Huntsman's name and address are accurately listed in the complaint.**

(G)     If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.

**ANSWER:    Huntsman disputes that it is liable to any party with respect to this action.  With respect to the Third-Party Complaints against Huntsman, Huntsman is entitled to a full contractual and/or equitable indemnification from DuPont and/or Chemours for all damages related to those Complaints.  In the event that DuPont and/or Chemours are found liable to Plaintiffs and Huntsman is found liable to DuPont and/or Chemours, which Huntsman specifically denies, then Huntsman is entitled to contribution, in whole or in part, from DuPont and/or Chemours as provided by S.C. Code § 15-38-20 or other applicable grounds in an amount to be determined pursuant to the provisions of said statute.  Huntsman is still investigating the facts and analyzing the allegations in DuPont's and Chemours's Third-Party Complaints.  Huntsman reserves the right to supplement this disclosure if it learns of additional persons or legal entities that may be liable, in whole or in part, to Huntsman.**

(H)     Parties or Intervenors in a Diversity Case.  In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor.  This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).

**ANSWER:** **Huntsman is a limited liability company organized in the State of Delaware and headquartered in the State of Texas, having a principal place of business located in The Woodlands, Texas.**

/s/ Robert C. Osborne

Robert H. Jordan (Fed. Bar No. 6986)
Email: robertjordan@parkerpoe.com
Robert C. Osborne, III (Fed. Bar No. 12181)
Email: robertosborne@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
850 Meeting Street, Suite 400
Charleston, SC 29403
Phone: 843-727-2650
Fax: 843-727-2680

*Counsel for Third-Party Defendant Huntsman International, LLC*

Dated: June 10, 2025