# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| JAMIE WEATHERFORD and KIMBERLY WEATHERFORD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>E.I. DU PONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY, FC, LLC, 3M COMPANY, DAIKIN AMERICA, INC., and MITSUBISHI INTERNATIONAL POLYMERTRADE CORPORATION,<br><br>Defendants. | Civil Action No. 4:22-CV-01427-JDA<br><br><br>**HUNTSMAN INTERNATIONAL LLC'S LOCAL CIVIL RULE 26.03 DISCLOSURES** |
| E.I. DU PONT DE NEMOURS AND COMPANY<br><br>Third-Party Plaintiff/Third-Party Counterclaim Defendant,<br><br>v.<br><br>HUNTSMAN INTERNATIONAL LLC, itself and as successor in interest to CIBA GEIGY CHEMICALS CORP. and/or CIBA SPECIALTY CHEMICALS, INC.; GALEY & LORD INDUSTRIES, LLC; GALEY & LORD, LLC.; NANOTEX LLC, and JOHN DOES 1–50,<br><br>Third-Party Defendants/Third-Party Counterclaim Plaintiff. | |

THE CHEMOURS COMPANY,

  Third-Party Plaintiff/Third-Party Counterclaim Defendant,

v.

HUNTSMAN INTERNATIONAL LLC, itself and as successor in interest to CIBA GEIGY CHEMICALS CORP. and/or CIBA SPECIALTY CHEMICALS, INC., GALEY & LORD INDUSTRIES, LLC, GALEY & LORD, LLC.; NANOTEX LLC, and JOHN DOES 1–50.

  Third-Party Defendants/Third-Party Counterclaim Plaintiff.

3M COMPANY,

  Third-Party Plaintiff,

v.

GALEY & LORD, INC.; GALEY & LORD, LLC, GALEY & LORD INDUSTRIES, LLC; GALEY & LORD INDUSTRIES, INC.; JOHN DOE PLANT OWNERS/OPERATORS; NANOTEX, LLC; JOHN DOE SUPPLIERS; AND JOE DOE BIOSOLIDS ENTITIES,

  Third-Party Defendants.

DAIKIN AMERICA, INC.,

  Third-Party Plaintiff,

v.

GALEY & LORD INDUSTRIES, INC. and GALEY & LORD INDUSTRIES, LLC.

  Third-Party Defendants.

2

Pursuant to Rule 26.03 of the Local Civil Rules for the United States District Court, District of South Carolina, Third-Party Defendant/Third-Party Counterclaim Plaintiff, Huntsman International LLC ("Huntsman"), by its undersigned attorneys, provides its Local Rule 26.03 Disclosures as follows:

(1)     A short statement of the facts of the case.

**ANSWER:     Jamie and Kimberly Weatherford, on behalf of themselves and all others similarly situated, (collectively, the "Plaintiffs") alleged in the above-captioned matter that their property, and the property of the class of persons they purport to represent, has become contaminated with per- and polyfluoroalkyl substances, including but not limited to perfluorooctanoic acid ("PFOA") and perfulorooctanesulfonic acid ("PFOS"), (collectively "PFAS") due to the operation of the Galey & Lord textile mill located in Society Hill, South Carolina.  Plaintiffs have also purported that their alleged property damages are the result of contamination caused by products manufactured and/or sold by the original Defendants in this case (E.I. du Pont de Nemours and Company ("DuPont"), The Chemours Company, FC, LLC ("Chemours"), 3M Company, Daikin America, Inc., and Mitsubishi International PolymerTrade Corporation).**

**On July 5, 2024, DuPont and Chemours filed Third-Party Complaints against Huntsman, claiming they are entitled to contractual and/or equitable indemnification and contribution from Huntsman for any damages for which they are adjudicated to be liable to Plaintiffs in the above-captioned lawsuit (ECF Nos. 134, 135).  On September 9, 2024, Huntsman answered DuPont's and Chemours's Third-Party Complaints and asserted counterclaims against both parties for contractual and/or equitable indemnification and contribution (ECF Nos. 157, 158).**

Huntsman denies all claims against it and denies that it is liable for any reason. Huntsman also reserves its right to amend or supplement this information as it learns additional information through investigation and discovery in this case or as otherwise required.

(2)   The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

ANSWER:   Huntsman is still investigating the facts and analyzing the allegations in DuPont's and Chemours's Third-Party Complaints. At this time, Huntsman lacks sufficient knowledge or information to identify the names of all the individuals it is likely to call as fact witnesses and/or has otherwise not yet determined all of the fact witnesses it is likely to call. Huntsman reserves the right to supplement these disclosures as it learns additional information through investigation and discovery in this case or as otherwise required. However, at this preliminary stage, Huntsman has identified the following individuals and categories of witnesses who Huntsman may call as fact witnesses:

- a) **Jamie Weatherford** – Mr. Weatherford is a Plaintiff in this matter and is expected to testify as to the facts and circumstances surrounding the alleged incidents and the claimed damages identified in his pleading.

- b) **Kimberly Weatherford** – Mrs. Weatherford is a Plaintiff in this matter and is expected to testify as to the facts and circumstances surrounding the alleged incidents and the claimed damages identified in her pleading.

- c) **Witnesses with knowledge of the operation of the Galey & Lord facility in Society Hill, SC and the materials or products used and/or disposed of during the same** – such witnesses are expected to provide testimony regarding the processes used, materials used, and methods of disposal of waste and/or byproducts by the facility that Plaintiffs have identified as the alleged source of damage to their property.

- d) **Witnesses with knowledge of the materials or products purchased by the Galey & Lord facility in Society Hill, SC, to the extent such materials or products are identified** – such witnesses are expected to provide testimony regarding the characteristics of products or materials used at the facility that Plaintiffs have identified as the alleged source of damage to their property.

e) **Witnesses with knowledge of Third-Party Plaintiffs' operations and manufacturing processes involving the materials or products that Third-Party Plaintiffs allegedly supplied to Huntsman and that Huntsman allegedly sold to the Galey & Lord facility, to the extent such materials or products are identified – such witnesses are expected to provide testimony regarding production operations and technical manufacturing processes for the materials or products that Third-Party Plaintiffs have identified as the basis of their indemnification and contribution claims.**

f) **Witnesses with knowledge of the characteristics of materials or products manufactured by Third-Party Plaintiffs that Third-Party Plaintiffs allegedly supplied to Huntsman and that Huntsman allegedly sold to the Galey & Lord facility, to the extent such materials or products are identified – such witnesses are expected to provide testimony regarding the characteristics of materials or products that Third-Party Plaintiffs have identified as the basis of their indemnification and contribution claims.**

g) **Witnesses with knowledge of any communications between representatives of Third-Party Plaintiffs and representatives of the Galey & Lord facility – such witnesses are expected to provide testimony regarding any communications that have occurred between representatives of Third-Party Plaintiffs and representatives of the Galey & Lord facility regarding any issues that are relevant to this case, including but not limited to the materials or products that Third-Party Plaintiffs have identified as the basis of their indemnification and contribution claims.**

h) **Witnesses with knowledge of any representations that Third-Party Plaintiffs made to Huntsman and/or the Galey & Lord facility regarding the materials or products manufactured by Third-Party Plaintiffs that Third-Party Plaintiffs allegedly supplied to Huntsman and that Huntsman allegedly sold to the Galey & Lord facility, to the extent such materials or products are identified – such witnesses are expected to provide testimony regarding the representations that Third-Party Plaintiffs made to Huntsman and/or the Galey & Lord facility regarding the materials or products that Third-Party Plaintiffs have identified as the basis of their indemnification and contribution claims.**

**Huntsman anticipates that as discovery progresses, it may identify other individuals with knowledge of Plaintiffs' and Third-Party Plaintiffs' claims who may have information supportive of Huntsman's position. Because discovery has not been completed, Huntsman is unable at this time to identify potential witnesses beyond the level of specificity provided above. Therefore, Huntsman reserves its right to amend or supplement this response in accordance with the Consent Second Amended Scheduling Order entered on April 10, 2025**

5

(ECF No. 210) and based upon additional information it may learn during discovery. Huntsman reserves the right to supplement and/or amend this response during or at the close of discovery in this action and to call witnesses not listed in its initial disclosures or in Court-ordered witness lists, to the extent those witnesses will be called solely for impeachment.

The witnesses listed above should not be construed as an admission that any or all of the facts known to the individual(s) listed are legally relevant or admissible. Huntsman reserves all rights to raise appropriate legal challenges to the admissibility of these individual's(s') testimony. At trial, Huntsman reserves the right to call in person or by deposition any person who has been deposed or cross-noticed for deposition, any person who has been listed by any other party as an expert or fact witness, and/or any person identified in documents offered by any other party. Huntsman reserves the right to call any appropriate rebuttal witness regarding fact or expert witnesses designated by any other party.

(3)    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

ANSWER:    Huntsman is still investigating the facts and analyzing the allegations in DuPont's and Chemours's Third-Party Complaints and has not yet identified any expert witnesses that it plans to offer at trial or any subject matter or field of expertise on which it may offer expert testimony. Huntsman will disclose expert witnesses as required by the Consent Second Amended Scheduling Order (ECF No. 210) and the Federal Rules of Civil Procedure.

(4)    A summary of the claims or defenses with statutory and/or case citations supporting the same.

ANSWER: As discovery and this case develop, it is possible that other legal principles may become relevant. Thus, Huntsman reserves the right to rely upon authority and principles beyond the cases and statutes cited below.

Third-Party Plaintiffs DuPont and Chemours brought the following third-party claims against Huntsman (ECF Nos. 134, 135):

- a. Contractual and/or equitable indemnification as to Huntsman. *See Rock Hill Tel. Co. v. Globe Commc'ns, Inc.*, 363 S.C. 385, 389 (S.C. 2005).

- b. Contribution as to Huntsman. *See* S.C. Code § 15-38-20.

In Huntsman's Answers to DuPont's and Chemours's Third-Party Complaints (ECF Nos. 157, 158), Huntsman raised the following defenses:

- a. The Third-Party Complaints fail to state any claim against Huntsman upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *see Lechling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 850-51 (4th Cir. 2016).

- b. Third-Party Plaintiffs' claims are barred, in whole or in part, because Third-Party Plaintiffs lack standing to bring such claims. *See Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017).

- c. Third-Party Plaintiffs' claims are barred by the applicable statutes of limitations or repose. *See First Gen. Servs. of Charleston, Inc. v. Miller*, 314 S.C. 439, 444 (S.C. 1994); S.C. Code § 15-38-40.

- d. Third-Party Plaintiffs' claims are barred, in whole or in part, by laches, license, res judicata, acquiescence, release, unclean hands, and/or permit. *Emery v. Smith*, 361 S.C. 207, 215 (S.C. Ct. App. 2004); *Gathers v. Harris Teeter Supermarket Inc.*, 282 S.C. 220, 229 (S.C. Ct. App. 1984); *RIM Associates v. Blackwell*, 359 S.C. 170, 182 (S.C. Ct. App. 2004); *Williams v. Gould*, 2007 WL 8237722, at *2 (S.C. Ct.

App. June 14, 2007); *Wilson Grp., Inc. v. Quorum Health Resources, Inc.*, 880 F. Supp. 416, 425 (D.S.C. 1995); *Aaron v. Mahl*, 381 S.C. 585, 594 (S.C. 2009).

e. Third-Party Plaintiffs' claims are barred, in whole or in part, because they are not ripe for adjudication. *See Wild Virginia v. Council on Env't Quality*, 56 F.4th 281, 293 (4th Cir. 2022)

f. Third-Party Plaintiffs' claims are barred because Plaintiffs' injuries and/or damages are barred, in whole or in part, under the economic-loss doctrine. *Carroll v. Isle of Palms Pest Controls, Inc.*, 441 S.C. 1, 12 (S.C. Ct. App. 2023)

g. Third-Party Plaintiffs' claims are barred because Plaintiffs' injuries and/or damages are barred, in whole or in part, by the bulk-supplier doctrine, the learned-intermediary doctrine, and/or the sophisticated-user doctrine. *See* Restatement (Second) of Torts § 388; Restatement (Third) of Torts: Products Liability § 5 (1998); *see also Bragg v. Hi-Ranger, Inc.*, 319 S.C. 531, 549–51 (S.C. Ct. App. 1995); *Phillips v. South Carolina State Univ.*, 2005 WL 7084045, at *3–4 (S.C. Ct. App. May 12, 2005).

h. Third-Party Plaintiffs' claims are barred, in whole or in part, under the doctrines of waiver, release, and/or estoppel. *See Sanford v. South Carolina State Ethics Comm'n*, 385 S.C. 483, 496 (S.C. 2009); *Regions Bank v. Schmauch*, 354 S.C. 648, 674–75 (S.C. Ct. App. 2003).

i. Third-Party Plaintiffs' claims are barred, in whole or in part, by assumption of risk. *See Ervin v. Continental Conveyor & Equipment Co.*, 674 F. Supp. 2d 709, 723 (D.S.C. 2009).

j. Third-Party Plaintiffs' claims are barred because their alleged damages, if any, were not caused by any alleged act or omission by Huntsman. *See Wickersham v. Ford Motor Co.*, 997 F.3d 526, 533 (4th Cir. 2021).

k. Third-Party Plaintiffs' claims are barred because Huntsman owed no duty to Third-Party Plaintiffs or Plaintiffs. *See Miller v. City of Camden*, 317 S.C. 28, 33 (S.C. Ct. App. 1994).

l. Third-Party Plaintiffs' claims are barred because Third-Party Plaintiffs' and Plaintiffs' injuries and/or damages, if any, were caused by superseding, unforeseen, and/or intervening causes. *See Dawkins v. Sell*, 434 S.C. 572, (S.C. Ct. App. 2021).

m. Third-Party Plaintiffs' claims are barred, in whole or in part, for failure to mitigate damages. *See Chastain v. Owens Carolina, Inc.*, 310 S.C. 417, 420 (S.C. Ct. App. 1993).

n. Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrines of setoff, credit, and/or recoupment. *See J & W Corp. of Greenwood v. Broad Creek Marina of Hilton Head, LLC*, 414 S.C. 642, 896 S.E.2d 328, 344 (S.C. Ct. App. 2023).

o. Third-Party Plaintiffs' claims are barred, in whole or in part, because Huntsman's conduct was in accordance with applicable standards of care under all laws, regulations, and industry practices. *See Branham v. Ford Motor Co.*, 390 S.C. 203, 224 (S.C. 2010).

p. Third-Party Plaintiffs' claim for attorneys' fees is barred because Huntsman has not acted in a manner that gives rise to a claim for attorneys' fees or for the expenses of litigation. *See Blumberg v. Nealco, Inc.*, 310 S.C. 492, 493 (S.C. 1993).

q. Third-Party Plaintiffs' claims are barred, in whole or in part, by their own contributory negligence.

r. Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrine of comparative fault. *See Bloom v. Ravoira*, 339 S.C. 417, 422 (S.C. 2000).

s. Third-Party Plaintiffs' claims and any recovery against Huntsman are barred, in whole or in part, by the negligence, fault, conduct, or carelessness of others over whose conduct Huntsman had no control and for whose conduct Huntsman is not responsible. *See Wickersham v. Ford Motor Co.*, 997 F.3d 526, 533 (4th Cir. 2021). Any judgment or damages awarded to Third-Party Plaintiffs against Huntsman should be limited to the fault attributable to Huntsman. Any damages awarded to Third-Party Plaintiffs in this action should be subject to apportionment among any parties or nonparties who are or could be responsible for Third-Party Plaintiffs' damages. *See* S.C. Code § 15-38-10 to § 15-38-70.

t. Third-Party Plaintiffs' claims for damages, if any, are barred, in whole or in part, to the extent there was no practical or technically feasible alternative design or formulation that would have prevented the harm to Third-Party Plaintiffs or Plaintiffs, if any, without substantially impairing the usefulness or intended purpose of the product. *See Branham v. Ford Motor Co.*, 390 S.C. 203, 219 (S.C. 2010).

u. Third-Party Plaintiffs' claims are barred due to the failure to join indispensable parties and real-parties-in-interest. *See* Fed. R. Civ. P. 19.

v. Third-Party Plaintiffs' claims are barred, in whole or in part, because Huntsman did not exercise control over Plaintiffs' alleged cause of harm. *See Miller v. City of Camden*, 329 S.C. 310, 314 (S.C. 1997).

w. Third-Party Plaintiffs' claims are barred because they are brought in the incorrect venue and/or forum given the relevant dispute resolution provisions in the applicable contracts, including but not limited to provisions subjecting Third-Party Plaintiffs' claims to binding arbitration. Fed. R. Civ. P. 12(b)(3).

x. Third-Party Plaintiffs' claims are barred, in whole or part, to the extent Huntsman's products were unforeseeably altered or misused. *See Fleming v. Borden, Inc.*, 316 S.C. 452, 457 (S.C. 1994).

y. Third-Party Plaintiffs' claims are barred, in whole or part, under the express terms of written contracts. *See Concord and Cumberland Horizontal Prop. Regime v. Concord & Cumberland, LLC*, 424 S.C. 639, 647 (S.C. Ct. App. 2018).

z. Huntsman adopts by reference all affirmative defenses pleaded by other parties as may be applicable to the facts alleged against Huntsman and does not waive or relinquish any other available affirmative defenses.

In its answers to DuPont's and Chemours's third-party complaints (ECF Nos. 157, 158), Huntsman brought counterclaims against DuPont and Chemours for:

a. Contractual and/or equitable indemnification, *see Rock Hill Tel. Co.*, 363 S.C. at 389, and

b. Contribution. *See* S.C. Code § 15-38-20.

In their answers to Huntsman's counterclaims, DuPont and Chemours raised the following defenses (ECF Nos. 186, 187):

a. "Huntsman's counterclaims fail to state a claim upon which relief can be granted."

b. "Huntsman's counterclaims are barred, in whole or in part, under the express terms of written contracts."

c. "Huntsman's counterclaims are barred, in whole or in part, to the extent [Third-Party Plaintiffs'] chemistry was unforeseeably altered or misused."

d. "Huntsman's counterclaims may be barred, in whole or in part, by the applicable statute(s) of limitations or repose."

e. "Huntsman's counterclaims may be barred, in whole or in part, by laches, license, res judicata, acquiescence, release, unclean hands, and/or permit."

f. "Huntsman's counterclaims are barred, in whole or in part, by waiver, release, laches and estoppel."

g. "Huntsman's counterclaims may be barred, in whole or in part, by assumption of the risk."

h. "Huntsman's counterclaims are barred because Plaintiffs' injuries and/or damages are barred, in whole or in part, by the bulk-supplier doctrine, the learned intermediary doctrine, and/or the sophisticated user doctrine."

i. "Huntsman's counterclaims are barred because its alleged damages, if any, were not caused by any alleged act or omission by [Third-Party Plaintiffs]."

j. "Huntsman's counterclaims are barred because Huntsman's and Plaintiffs' injuries and/or damages, if any, were superseding, unforeseen, and/or intervening causes."

k. "Huntsman's counterclaims are barred, in whole or in part, by the failure to mitigate damages."

l. "Huntsman's counterclaims are barred, in whole or in part, by setoff, credit, and/or recoupment."

m. "Huntsman's counterclaims are barred, in whole or in part, because [Third-Party Plaintiffs'] conduct was in accordance with applicable standards of care under all laws, regulations, and industry practices."

n. "Huntsman's counterclaims for attorneys' fees are barred because [Third-Party Plaintiffs have] not acted in a manner that gives rise to a counterclaim for attorneys' fees or for the expenses of litigation."

o. "Huntsman's counterclaims are barred, in whole or in part, by its own contributory negligence."

p. "Huntsman's counterclaims are barred, in whole or in part, by the doctrine of comparative fault."

q. Third-Party Plaintiffs are "entitled to equitable and applied indemnity or contribution, or both, from each such person and entity in an amount in direct proportion to the culpable conduct of the other persons or entities."

r. "Huntsman's counterclaims may be barred, in whole or in part, to the extent they seek to impose liability based on retroactive application of laws, regulations, standards, or guidelines."

s. "Huntsman's counterclaims are barred, in whole or in part, because [Third-Party Plaintiffs] did not exercise control of Plaintiffs' alleged cause of harm."

t. Third-Party Plaintiffs "assert[] that their conduct was not the proximate cause of the claimed injuries."

u. Third-Party Plaintiffs "assert[] that [their] conduct was lawful, privileged, and taken in good faith exercise of its rights and duties under the law."

v. **Third-Party Plaintiffs "assert[] as a defense, credit, or set-off against the damages claimed by Huntsman, any settlement (and any monies paid pursuant thereto) between Huntsman and any other person or entity."**

w. **"Huntsman's counterclaims for damages may be limited pursuant to applicable limitation of damages provisions."**

x. **"Huntsman's counterclaims for damages, if any, are barred, in whole or in part, to the extent there was no practical or technically feasible alternative design or formulation that would have prevented harm to Huntsman or Plaintiffs, if any, without substantially impairing the usefulness or intended purpose of the product."**

(5)    Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):

(a)    Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.

**ANSWER:    Huntsman incorporates by reference the Consent Second Amended Scheduling Order (ECF No. 210), which identifies the relevant dates.**

(b) Completion of discovery.

**ANSWER:    Huntsman incorporates by reference the Consent Second Amended Scheduling Order (ECF No. 210), which identifies the relevant dates.**

(6)    Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).

**ANSWER:    Huntsman incorporates by reference the parties' joint Rule 26(f) Report (ECF No. 80), Rule 26(f) Discovery Plan (ECF No. 81), and Consent Second Amended**

**Scheduling Order (ECF No. 210), which account for and describe any special circumstances that would affect the time frames in the scheduling order.**

(7)     Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.

      **ANSWER:**     None.

                                      */s/ Robert C. Osborne*
Robert H. Jordan (Fed. Bar No. 6986)
Email: robertjordan@parkerpoe.com
Robert C. Osborne, III (Fed. Bar No. 12181)
Email: robertosborne@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
850 Meeting Street, Suite 400
Charleston, SC 29403
Phone: 843-727-2650
Fax: 843-727-2680

*Counsel for Third-Party Defendant Huntsman International, LLC*

Dated: June 10, 2025