U.S. DISTRICT COURT
DISTRICT OF SOUTH CAROLINA, FLORENCE DIVISION

| | | |
|---|---|---|
| JAMIE WEATHERFORD KIMBERLY WEATHERFORD, and E.J. BRYANT LOGGING COMPANY, INC. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v<br><br>E.I. DUPONT DE NEMOURS & COMPANY, THE CHEMOURS COMPANY, FC, LLC, 3M COMPANY, DAIKIN AMERICA, INC., DAIKIN INDUSTRIES, LTD., MITSUBISHI INTERNATIONAL POLYMERTRADE CORPORATION, ARCHROMA U.S., INC., CLARIANT CORPORATION, HUNTSMAN INTERNATIONAL LLC, ITSELF AND AS SUCCESSOR IN INTEREST TO CIBA GEIGY CHEMICALS CORP. and/or CIBA SPECIALTY CHEMICALS, INC. and, NANOTEX, LLC a/k/a NANO-TEX, LLC<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 4:22-CV-01427-RBH<br><br><br>**DAIKIN AMERICA, INC.'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT** |

**PRELIMINARY STATEMENT**

Daikin America, Inc. ("DAI") answers and responds to the Plaintiffs' Third Amended Class Action Complaint ("Third Amended Complaint") as follows.

DAI denies each allegation in the Third Amended Complaint, including all headings and footnotes, except those expressly admitted below. The Third Amended Complaint's improper mix of factual allegations with argumentative rhetoric makes admissions or denials of such allegations difficult or impossible. Many of the allegations in the Third Amended Complaint are overly broad, vague, ambiguous, or conclusory, and include undefined terms which are susceptible of different meanings.

This Answer is based upon DAI's investigation to date, and DAI reserves the right to amend this Answer if and when new information is learned. This preliminary statement is

incorporated, to the extent appropriate, into each and every paragraph of DAI's Answer.

## NATURE OF THE ACTION

1.      DAI denies plaintiffs are entitled to any relief from DAI.  DAI denies the remaining allegations of paragraph 1 to the extent they are directed at DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 1 directed towards others and therefore denies those allegations.

2.      DAI admits that PFAS materials are a class of non-naturally-occurring, man-made chemicals.  DAI denies the remaining allegations in paragraph 2, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 2 and therefore denies those allegations.

3.      DAI denies the allegations in paragraph 3, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 3 and therefore denies those allegations.

4.      DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of this paragraph and therefore denies those allegations.

5.      DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of this paragraph and therefore denies those allegations.

6.      DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 6 directed towards others and therefore denies those

allegations. DAI denies the allegations in paragraph 6 to the extent they call for legal conclusions to which no response is required. To the extent a further response is required, DAI denies the allegations in paragraph 6 as they pertain to DAI, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 6 directed towards it and therefore denies those allegations.

7. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

8. The allegations of paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, DAI denies that Plaintiffs are entitled to damages, injunctive relief, or other relief from DAI.

## JURISDICTION AND VENUE

9. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

10. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

11. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

12. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

13. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

14.     DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

15.     DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

16.     DAI admits that it is a Delaware corporation licensed to do business in certain states, with its corporate headquarters in Orangeburg, New York.  DAI further admits that its ultimate corporate parent is Daikin Industries, Ltd., a Japanese corporation.  DAI admits that it manufactures fluorochemicals.  DAI denies the remaining allegations of paragraph 16.

17.     DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

18.     DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

19.     DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

20.     DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

21.     DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

22.     DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

23.     Paragraph 23 contains statements of law which require no response.  To the extent this paragraph contains allegations against DAI, they are denied.  DAI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed

towards others and therefore denies those allegations.

24.    Paragraph 24 contains statements of law which require no response.  To the extent this paragraph contains allegations against DAI, they are denied.  DAI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

25.    Paragraph 25 contains statements of law which require no response.  To the extent this paragraph contains allegations against DAI, they are denied.  DAI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

## STATEMENT OF FACTS

26.    This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

27.    This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

28.    This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

29.    This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

30.    This paragraph does not appear to contain allegations against DAI.  DAI lacks

knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

31.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.  DAI admits, upon information and belief, that certain types of PFAS chemicals have been used in the textile industry for stain resistance and water resistance. DAI denies that Plaintiffs are entitled to relief from DAI.

32.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

33.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

34.     This paragraph does not appear to contain allegations against DAI.  DAI admits that PFOA and PFOS are fluorinated, organic, man-made compounds that are used to make fluoropolymer coatings and products that resist heat, oil stains, grease, and water.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations and therefore denies those allegations.

35.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

36.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations

and therefore denies those allegations.

37.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies those allegations.

38.     DAI admits that it manufactures fluorochemicals.  DAI denies the remaining allegations of paragraph 38 directed towards it.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 38 directed towards others and therefore denies those allegations.

39.     DAI denies that the PFAS it has manufactured causes long-term harm to humans. DAI denies the remaining allegations in paragraph 39 including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 39 and therefore denies those allegations.

40.     DAI admits that, in 2016, the EPA issued a "Drinking Water Health Advisory" of 70 parts per trillion for combined concentration of PFOA and PFOS.  DAI denies the remaining allegations in paragraph 40, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 40 and therefore denies those allegations.

41.     DAI denies the allegations in paragraph 41, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.  DAI lacks knowledge or information sufficient to form a belief

about the truth or falsity of the remaining allegations of paragraph 41 and therefore denies those allegations.

42.     DAI denies the allegations in paragraph 42, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 42 and therefore denies those allegations.

43.     DAI denies the allegations in paragraph 43, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 43 and therefore denies those allegations.

44.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 44 and therefore denies those allegations.  To the extent a further response is required, DAI denies the allegations in paragraph 44, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

45.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 45 and therefore denies those allegations.

46.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of

paragraph 46 and therefore denies those allegations.

47.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 47 and therefore denies those allegations.

48.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 48 and therefore denies those allegations.

49.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 49 and therefore denies those allegations.

50.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 50 and therefore denies those allegations.

51.     DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 51 directed towards others and therefore denies those allegations.  To the extent a further response is required, DAI denies the allegations in paragraph 51 as they pertain to DAI, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 51 directed towards it and therefore denies those allegations.

52.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 52 and therefore denies those allegations.

53.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 53 and therefore denies those allegations.

54.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 54 and therefore denies those allegations.

55.     DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 55 directed towards others and therefore denies those allegations.  To the extent a further response is required, DAI denies the allegations in paragraph 55 as they pertain to DAI, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 55 directed towards it and therefore denies those allegations.

56.     DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 56 directed towards others and therefore denies those allegations.  DAI denies the allegations in paragraph 56 to the extent they call for legal conclusions to which no response is required.  To the extent a further response is required, DAI denies the allegations in paragraph 56 as they pertain to DAI, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 56 directed towards it and therefore denies those allegations.

57.     DAI lacks knowledge or information sufficient to form a belief about the truth or

falsity of the allegations in paragraph 57 directed towards others and therefore denies those allegations. DAI denies the allegations in paragraph 57 to the extent they call for legal conclusions to which no response is required. To the extent a further response is required, DAI denies the allegations in paragraph 57 as they pertain to DAI, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 57 directed towards it and therefore denies those allegations.

58.    DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of this paragraph and therefore denies those allegations. To the extent a further response is required, DAI denies the allegations in paragraph 58, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

59.    This paragraph does not appear to contain allegations against DAI. DAI admits that it manufactures fluorochemicals. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 59 directed towards others and therefore denies those allegations. DAI denies the remaining allegations in paragraph 59, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

60.    This paragraph does not appear to contain allegations against DAI. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 60 directed towards others and therefore denies those allegations.

61.    This paragraph does not appear to contain allegations against DAI. DAI lacks

knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 61 directed towards others and therefore denies those allegations.

62.     This paragraph does not appear to contain allegations against DAI.  DAI denies the allegations in paragraph 62 to the extent they call for legal conclusions to which no response is required.  Paragraph 62 refers to research, studies, testing, communications, and documents, which, to the extent they exist, speak for themselves.  DAI denies that paragraph 62 accurately or completely describes what any such research, studies, testing, communications, or documents indicated.  To the extent a further response is required, DAI denies the allegations in paragraph 62 as they pertain to DAI, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

63.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 63 directed towards others and therefore denies those allegations.

64.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 64 directed towards others and therefore denies those allegations.

65.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 65 directed towards others and therefore denies those allegations.

66.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 66 directed towards others and therefore denies those allegations.

67.     The allegations of paragraph 67 are legal conclusions to which no response is

required.  To the extent a further response is required, DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 67 directed towards others and therefore denies those allegations.  DAI denies any allegations in this paragraph to the extent any are directed at DAI.

68.     This paragraph does not appear to contain allegations against DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 68 directed towards others and therefore denies those allegations.  DAI denies the allegations in paragraph 68 to the extent they call for legal conclusions to which no response is required.  Paragraph 68 refers to research, studies, testing, communications, and documents, which to the extent they exist speak for themselves.  DAI denies that paragraph 68 accurately or completely describes what any such research, studies, testing, communications, or documents indicated.  To the extent a further response is required, DAI denies the allegations in paragraph 68 as they pertain to DAI, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

69.     DAI denies the allegations in paragraph 69 to the extent they call for legal conclusions to which no response is required.  Paragraph 69 refers to research, studies, testing, communications, and documents, which, to the extent they exist, speak for themselves.  DAI denies that paragraph 69 accurately or completely describes what any such research, studies, testing, communications, or documents indicated.  To the extent a further response is required, DAI denies the allegations in paragraph 69 as they pertain to DAI, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.  To the extent a further response is required, DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining

allegations of paragraph 69 directed towards it and therefore denies those allegations.

70.    DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 70 directed towards others and therefore denies those allegations. DAI denies the allegations in paragraph 70 to the extent they call for legal conclusions to which no response is required. To the extent a further response is required, DAI denies the allegations in paragraph 70 as they pertain to DAI, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 70 directed towards it and therefore denies those allegations.

71.    This paragraph relates to a party other than DAI. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 71 and therefore denies those allegations.

72.    This paragraph relates to a party other than DAI. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 72 and therefore denies those allegations.

73.    This paragraph relates to a party other than DAI. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 73 and therefore denies those allegations.

74.    This paragraph relates to a party other than DAI. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 74 and therefore denies those allegations.

75.    This paragraph relates to a party other than DAI. DAI lacks knowledge or

information sufficient to form a belief about the truth or falsity of the allegations of paragraph 75 and therefore denies those allegations.

76.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 76 and therefore denies those allegations.

77.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 77 and therefore denies those allegations.

78.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 78 and therefore denies those allegations.

79.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 79 and therefore denies those allegations.

80.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 80 and therefore denies those allegations.

81.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 81 and therefore denies those allegations.

82.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 82 and therefore denies those allegations.

83.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 83 and therefore denies those allegations.

84.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 84 and therefore denies those allegations.

85.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 85 and therefore denies those allegations.

86.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 86 and therefore denies those allegations.

87.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 87 and therefore denies those allegations.

88.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 88 and therefore denies those allegations.

89.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 89 and therefore denies those allegations.

90.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 90

and therefore denies those allegations.

91.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 91 and therefore denies those allegations.  Paragraph 91 refers to research, studies, testing, communications, and documents, which, to the extent they exist, speak for themselves.  DAI denies that paragraph 91 accurately or completely describes what any such research, studies, testing, communications, or documents indicated.  To the extent a further response is required, DAI denies the allegations in paragraph 91 to the extent they pertain to DAI, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

92.     This paragraph relates to a party other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 92 and therefore denies those allegations.  Paragraph 92 refers to research, studies, testing, communications, and documents, which, to the extent they exist, speak for themselves.  DAI denies that paragraph 92 accurately or completely describes what any such research, studies, testing, communications, or documents indicated.  To the extent a further response is required, DAI denies the allegations in paragraph 92 to the extent they pertain to DAI, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

93.     This paragraph relates to parties other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 93 and therefore denies those allegations.

94.     This paragraph relates to parties other than DAI.  DAI lacks knowledge or

information sufficient to form a belief about the truth or falsity of the allegations of paragraph 94 and therefore denies those allegations.

95.    DAI admits that for a period of time, it sold certain fluorochemical products under the Unidyne brand name to the Galey and Lord facility.  Daikin denies the remaining allegations in paragraph 95.

96.    This paragraph relates to parties other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 96 and therefore denies those allegations.

97.    This paragraph relates to parties other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 97 and therefore denies those allegations.

98.    This paragraph relates to parties other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 98 and therefore denies those allegations.

99.    This paragraph relates to parties other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 99 and therefore denies those allegations.

100.    This paragraph relates to parties other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 100 and therefore denies those allegations.

101.    This paragraph relates to parties other than DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 101 and therefore denies those allegations.

102.    DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 102 directed towards others and therefore denies those allegations.  DAI denies the allegations in paragraph 102 to the extent they call for legal conclusions to which no response is required.  To the extent a further response is required, DAI denies the allegations in paragraph 102 as they pertain to DAI, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 102 directed towards it and therefore denies those allegations.

103.    DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 103 and therefore denies those allegations.

104.    DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 104 and therefore denies those allegations.

105.    DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 105 directed towards others and therefore denies those allegations.  DAI denies the allegations in paragraph 105 to the extent they call for legal conclusions to which no response is required.  To the extent a further response is required, DAI denies the allegations in paragraph 105 as they pertain to DAI, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 105 directed towards it and therefore denies those allegations.

106.    DAI lacks knowledge or information sufficient to form a belief about the truth or

falsity of the allegations of paragraph 106 and therefore denies those allegations.

107.    DAI denies the allegations in paragraph 107 to the extent they call for legal conclusions to which no response is required.  DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 107 directed towards it and therefore denies those allegations.

108.    DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 108 directed towards others and therefore denies those allegations.  DAI denies the allegations in paragraph 108 to the extent they call for legal conclusions to which no response is required.  To the extent a further response from DAI is required, DAI denies the remaining allegations of paragraph 108 directed towards it.

## CLASS ALLEGATIONS

109.    The allegations of paragraph 109 are legal conclusions to which no response is required. To the extent a further response is required, DAI denies the allegations in paragraph 109.

110.    The allegations of paragraph 110 are legal conclusions to which no response is required.

111.    DAI denies that this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

111.1.[1] The allegations of paragraph 111.1 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 111.1.

112.    The allegations of paragraph 112 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 112.

---

[1] This paragraph is numbered "1." in the Third Amended Complaint. This Answer refers to this paragraph as "111.1" for clarity.

20

113.    The allegations of paragraph 113 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 113.

114.    The allegations of paragraph 114 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 114.

115.    The allegations of paragraph 115 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 115.

116.    The allegations of paragraph 116 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 116.

117.    The allegations of paragraph 117 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 117.

118.    The allegations of paragraph 118 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 118.

119.    The allegations of paragraph 119 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 119.

120.    The allegations of paragraph 120 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 120.

## FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

121.    DAI incorporates by reference its responses to the prior paragraphs of the Third Amended Complaint as if restated fully herein.

122.    DAI admits that it has engaged in the business of manufacturing fluorochemicals. The remaining allegations of paragraph 122 are legal conclusions to which no response is required. DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 122 directed towards others and therefore denies those allegations.  To

the extent any factual allegations are directed at DAI, DAI denies those allegations.

123. The allegations of paragraph 123 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 123.

124. The allegations of paragraph 124 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 124.

125. The allegations of paragraph 125 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 125.

126. The allegations of paragraph 126 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 126.

127. The allegations of paragraph 127 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 127.

128. The allegations of paragraph 128 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 128.

129. The allegations of paragraph 129 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 129.

130. The allegations of paragraph 130 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 130.

131. The allegations of paragraph 131 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 131.

132. The allegations of paragraph 132 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 132.

133. The allegations of paragraph 133 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 133.

## FOR A SECOND CAUSE OF ACTION:
## STRICT LIABILITY EOR ULTRAHAZARDOUS ACTIVITY

134.     DAI incorporates by reference its responses to the prior paragraphs of the Third Amended Complaint as if restated fully herein.

135.     The allegations of paragraph 135 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 135.

136.     DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 136 directed towards others and therefore denies those allegations. To the extent any factual allegations are directed at DAI, DAI denies those allegations.

137.     DAI denies the allegations in paragraph 137 to the extent they call for legal conclusions to which no response is required.  To the extent a further response is required, DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 137 directed towards others and therefore denies those allegations.  To the extent any factual allegations are directed at DAI, DAI denies those allegations.

138.     The allegations of paragraph 138 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 138.

139.     DAI denies the allegations in paragraph 139 to the extent they call for legal conclusions to which no response is required.  To the extent a further response is required, DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 139 directed towards others and therefore denies those allegations.  To the extent any factual allegations are directed at DAI, DAI denies those allegations.

140.     The allegations of paragraph 140 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 140.

141.     The allegations of paragraph 141 are legal conclusions to which no response is

required. To the extent a response is required, DAI denies the allegations in paragraph 141.

## FOR A THIRD CAUSE OF ACTION: TRESPASS

142.    DAI incorporates by reference its responses to the prior paragraphs of the Third Amended Complaint as if restated fully herein.

143.    The allegations of paragraph 143 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 143.

144.    The allegations of paragraph 144 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 144, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

145.    The allegations of paragraph 145 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 145.

146.    This paragraph does not appear to contain allegations against DAI.  To the extent a response is required, DAI denies the allegations in paragraph 146, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

147.    The allegations of paragraph 147 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 147.

148.    The allegations of paragraph 148 are legal conclusions to which no response is required. To the extent a response is required, DAI denies the allegations in paragraph 148.

## FOR A FOURTH CAUSE OF ACTION:
## PRODUCT LIABILITY FOR DEFECTIVE DESIGN

149.     DAI incorporates by reference its responses to the prior paragraphs of the Third Amended Complaint as if restated fully herein.

150.     The allegations of paragraph 150 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 150.

151.     The allegations of paragraph 151 are legal conclusions to which no response is required.  To the extent a response is required, DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 151 directed towards others and therefore denies those allegations.  To the extent a further response is required, DAI denies the allegations in paragraph 151.

152.     The allegations of paragraph 152 are legal conclusions to which no response is required.  To the extent a response is required, DAI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 152 directed towards others and therefore denies those allegations.  To the extent a further response is required, DAI denies the allegations in paragraph 152.

153.     The allegations of paragraph 153 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 153.

154.     The allegations of paragraph 154 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 154.

155.     The allegations of paragraph 155 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 155.

156.     The allegations of paragraph 156 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 156.

157.    The allegations of paragraph 157 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 157.

158.    The allegations of paragraph 158 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 158.

159.    The allegations of paragraph 159 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 159.

160.    The allegations of paragraph 160 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 160.

161.    The allegations of paragraph 161 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 161.

162.    The allegations of paragraph 162 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 162.

## FOR A FIFTH CAUSE OF ACTION:
## BREACH OF IMPLIED WARRANTIES

163.    DAI incorporates by reference its responses to the prior paragraphs in the Third Amended Complaint as if restated fully herein.

164.    DAI admits that it manufactures fluorochemicals.  The remaining allegations of paragraph 164 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 164.

165.    The allegations of paragraph 165 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 165.

166.    The allegations of paragraph 166 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 166.

167.    The allegations of paragraph 167 are legal conclusions to which no response is

required.  To the extent a response is required, DAI denies the allegations in paragraph 167.

168.    The allegations of paragraph 168 are legal conclusions to which no response is required.  To the extent a response is required, DAI denies the allegations in paragraph 168.

## JURY TRIAL DEMANDED

169.    DAI hereby requests a jury trial as to all issues or claims triable in this action.

## PRAYER FOR RELIEF

DAI denies that Plaintiffs are entitled to any relief from DAI.  DAI denies any allegations in the Prayer for Relief directed at DAI.  DAI lacks knowledge or information sufficient to form a belief about the truth of the allegations in the Prayer for Relief against others and therefore denies those allegations.

DAI demands judgment in its favor and against Plaintiffs and the putative class members as follows:

1. Dismissing the Third Amended Complaint in its entirety with prejudice;

2. Awarding DAI its attorneys' fees, experts' fees, and other costs and expenses; and

3. Awarding DAI such other further relief as this Court deems just, proper, and equitable.

**DAI denies any material allegations in the Third Amended Complaint that require a response from DAI and have not been expressly admitted herein.**

## AFFIRMATIVE DEFENSES

DAI asserts the following defenses.  DAI asserts the following defenses without assuming any burden of proof of such defenses that would otherwise rest on Plaintiffs.  Notwithstanding the enumeration of specific defenses set forth below, DAI reserves unto itself all of those defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure and such other defenses, affirmative or otherwise, as may prove through discovery to be applicable.  DAI further reserves the right to

assert such claims, counterclaims, third-party claims, crossclaims or other claims as investigation and discovery may prove applicable, and hereby reserves unto itself all of its rights associated with any such claim or potential claim. DAI further reserves the right to amend this Answer if investigation, discovery, and further information warrant such amendment, and further, to assert any applicable matters of law during the pendency of this action.

<u>FIRST DEFENSE</u>

DAI denies the material allegations of the Third Amended Complaint and demands strict proof thereof.

<u>SECOND DEFENSE</u>

DAI asserts that it is not liable for the matters and things alleged in the Third Amended Complaint.

<u>THIRD DEFENSE</u>

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations, rules of repose, res judicata, collateral estoppel, accord and satisfaction, consent, license, permit, acquiescence, release, laches, waiver, and/or estoppel.

<u>FOURTH DEFENSE</u>

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the Third Amended Complaint fails to allege facts, or a cause of action, sufficient to support a claim for attorneys' fees and costs, and to the extent recovery of attorneys' fees is not expressly authorized by South Carolina or other applicable law.

<u>FIFTH DEFENSE</u>

DAI asserts that it has complied with all applicable state and federal laws and regulations in the operation of its business described in the Third Amended Complaint. Plaintiffs' and the

putative class members' claims are barred in whole or in part because DAI's conduct was in accordance with the applicable standards of care under all laws, regulations, industry practice, and state-of-the-art knowledge, and the activities of DAI in accordance with such standards were reasonable as a matter of law. DAI at all times acted reasonably, in good faith, and with the skill, prudence, and diligence of others in the industry at the time.

SIXTH DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because any product(s) manufactured and sold by DAI are, and have always been, consistent with available technological, medical, scientific, and industrial state-of-the-art and comply, and have complied, with all applicable governmental requirements and regulations.

SEVENTH DEFENSE

DAI asserts that any alleged injury or damage is the result of one or more independent, superseding, and/or intervening causes.

EIGHTH DEFENSE

DAI asserts that there is no causal relationship between its alleged actions or conduct and Plaintiffs' allegations of injury or damage. Plaintiffs' injuries or damages, if any, were caused solely by the actions, omissions, or conduct of persons and/or entities for whom or which DAI is not responsible and/or were caused by acts, omissions, conduct, and/or factors beyond the control of DAI.

NINTH DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrines of unclean hands, and *in pari delicto*, and the maxim that "one who seeks equity must do equity."

29

## TENTH DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by contributory and/or comparative negligence, and each plaintiff's recovery, if any, should be barred or reduced in proportion to each plaintiff's own culpable conduct.

## ELEVENTH DEFENSE

Plaintiffs' and the putative class members' claims fail against DAI because DAI has not caused or contributed to an imminent and substantial endangerment to health or the environment.

## TWELFTH DEFENSE

Plaintiffs' and the putative class members' claims are barred in whole or in part because the harm is divisible and attributable to others, either in full or in part.

## THIRTEENTH DEFENSE

Plaintiffs' and the putative class members' claims are barred due to the failure to join indispensable parties (under Federal Rule of Civil Procedure 19) and real parties in interest (under Federal Rule of Civil Procedure 17).

## FOURTEENTH DEFENSE

Plaintiffs and the putative class members lack standing to assert the claims in this case.

## FIFTEENTH DEFENSE

Plaintiffs' and the putative class members' claims fail because the relief sought will not redress the alleged harm.

## SIXTEENTH DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because they conflict with federal and state statutory schemes that comprise a comprehensive regulatory policy governing per- and polyfluoroalkyl substances.

SEVENTEENTH DEFENSE

Plaintiffs and the putative class members have not suffered a concrete and particularized injury under either state or federal law.

EIGHTEENTH DEFENSE

Plaintiffs' and the putative class members' claims for relief are barred, in whole or in part, because relief is not available under any of the alleged causes of action.

NINETEENTH DEFENSE

Plaintiffs and the putative class members are not entitled to the relief requested in the Third Amended Complaint because the hardship that would be imposed on DAI by the relief is greatly disproportionate to any hardship that Plaintiffs might suffer in its absence.

TWENTIETH DEFENSE

DAI could not have reasonably foreseen that any act it undertook would result in imminent and substantial endangerment to health or the environment.

TWENTY-FIRST DEFENSE

Any alleged injury or harm was not foreseeable.

TWENTY-SECOND DEFENSE

Plaintiffs' and the putative class members' claims are or may be barred, in whole or in part, because there was no feasible alternative design for the relevant products containing PFAS or related compounds, during the relevant time period.

TWENTY-THIRD DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the Separation of Powers provided for in the United States Constitution.

## TWENTY-FOURTH DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because they violate DAI's rights under the First Amendment to the United States Constitution, which protects the rights to freedom of speech, to petition the government, and to freedom of association.

## TWENTY-FIFTH DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the *Noerr-Pennington* doctrine, to the extent that Plaintiffs' and the putative class members' claims are premised, in whole or in part, on alleged statements or conduct in judicial, legislative or administrative proceedings, of any kind or at any level of government.

## TWENTY-SIXTH DEFENSE

Plaintiffs' and the putative class members' claims and the relief they seek are barred, in whole or in part, because they violate the United States Constitution, including Article III, the Fifth Amendment, and the Seventh Amendment, and also violate the cognate provisions of the applicable state constitution(s).

## TWENTY-SEVENTH DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Art. VI § 2, because those claims are preempted and/or precluded by federal law.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' and the putative class members' claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations,

guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' and the putative class members' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

<u>TWENTY-NINTH DEFENSE</u>

Plaintiffs' and the putative class members' claims are or may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

<u>THIRTIETH DEFENSE</u>

Plaintiffs' and the putative class members' claims are barred, in whole or in part, to the extent that they seek to retroactively impose liability on DAI for conduct that was not actionable at the time it occurred.

<u>THIRTY-FIRST DEFENSE</u>

DAI had no duty to warn of possible dangers which were not known at the time of plaintiffs' exposure(s), if any.

<u>THIRTY-SECOND DEFENSE</u>

No actions of DAI were the proximate cause of any of plaintiffs' alleged injuries.

<u>THIRTY-THIRD DEFENSE</u>

Plaintiffs' and the putative class members' claims are or may be barred, in whole or in part, because DAI did not owe a legal duty to plaintiffs, or, if it owed such a duty, did not breach or fail to discharge that duty.

<u>THIRTY-FOURTH DEFENSE</u>

Plaintiffs' and the putative class members' warranty claims, if any, are or may be barred,

in whole or in part, because Plaintiffs did not provide DAI reasonable notice of any alleged breach.

## THIRTY-FIFTH DEFENSE

Plaintiffs' and the putative class members' claims against DAI are barred or limited by the economic loss rule.

## THIRTY-SIXTH DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the superseding/intervening cause of any injury or damages allegedly sustained by plaintiffs is their own conduct and/or that of others which were in no way caused by DAI or for which DAI can be liable.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, to the extent they cannot establish that their alleged damages were caused by exposure to per- and polyfluoroalkyl substances from any product(s) manufactured by DAI.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, to the extent that they cannot establish that per- and polyfluoroalkyl substances have been reliably established, through scientific means, to be capable of causing their alleged damages.

## THIRTY-NINTH DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, to the extent that their sole and exclusive remedy is under applicable workers' compensation laws.

## FORTIETH DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, to the extent that they rely upon the doctrines of market share, alternative liability, collective liability, or

any other theory providing for liability without proof of causation.

### FORTY-FIRST DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, to the extent that DAI's products were unforeseeably misused or altered.

### FORTY-SECOND DEFENSE

Plaintiffs' and the putative class members' claims are or may be barred, in whole or in part, because DAI asserts the change of the product or material condition as a defense.

### FORTY-THIRD DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, under the bulk-supplier, component-part-supplier, sophisticated-purchaser, sophisticated-user, sophisticated-intermediary, learned-intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

### FORTY-FOURTH DEFENSE

Plaintiffs and the putative class members may not recover on the claims pleaded in the Third Amended Complaint because the relief sought is too speculative and remote.

### FORTY-FIFTH DEFENSE

Plaintiffs and the putative class members failed to mitigate any injuries and damages which they allegedly suffered, which failure reduces or bars any recovery by Plaintiffs and the putative class members.

### FORTY-SIXTH DEFENSE

DAI denies that its conduct was in any manner negligent or wanton.

### FORTY-SEVENTH DEFENSE

Plaintiffs and the putative class members have alleged an injury that, as a matter of law,

does not support a recovery in tort.

### FORTY-EIGHTH DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because DAI neither knew, nor should have known, that any of the per- and polyfluoroalkyl substances to which plaintiffs were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of harm by virtue of the then-prevailing state of the medical, scientific, technical, and/or industrial knowledge available to DAI.

### FORTY-NINTH DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because DAI did not release, spill, discharge, dump, emit, or dispose of any per- and polyfluoroalkyl substances into the environment to which plaintiffs have been exposed.

### FIFTIETH DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, to the extent that the alleged injuries or damages, if any, were due to preexisting conditions, for which DAI cannot be held responsible.

### FIFTY-FIRST DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, to the extent they are abrogated by applicable state products liability statutes.

### FIFTY-SECOND DEFENSE

To the extent that plaintiffs have split their claims, Plaintiffs' and the putative class members' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

### FIFTY-THIRD DEFENSE

While denying any and all allegations of negligence, wrongdoing, fault, or liability, DAI

states that it would be entitled to a full credit offset, *pro rata* reduction, or percentage reduction, based on the percentage of fault attributable to each settling defendant, in the event Plaintiffs settle with any defendant.

FIFTY-FOURTH DEFENSE

Plaintiffs' and the putative class members' claims are or may be barred, in whole or in part, because if DAI is found to have contributed to any injury or loss to any of the plaintiffs, then any liability of DAI must be reduced by the amount of causal fault of other parties and non-parties that caused plaintiffs' injuries and losses.

FIFTY-FIFTH DEFENSE

Plaintiffs' and the putative class members' claims are or may be barred, in whole or in part, because the Third Amended Complaint fails to state a claim upon which punitive or exemplary damages may be awarded under the United States Constitution, the South Carolina Constitution, federal statutory law, or common law. Further, plaintiffs may not recover punitive or exemplary damages as there is no valid legal or factual basis for them.

FIFTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have come to the alleged nuisance.

FIFTY-SEVENTH DEFENSE

Plaintiffs' nuisance claim fails because Plaintiffs did not suffer or incur any special damage or special harm. Plaintiffs have not suffered or incurred any damage or harm different from those exercising the right common to the general public that is the subject of the alleged interference.

FIFTY-EIGHTH DEFENSE

Plaintiffs' nuisance claim fails against DAI because DAI did not create, cause, continue,

37

or maintain the alleged nuisance or otherwise have control over the cause of the alleged harm.

FIFTY-NINTH DEFENSE

Plaintiffs' and the putative class members' claims for equitable relief are or may be barred, in whole or in part, because plaintiffs have an adequate remedy at law.

SIXTIETH DEFENSE

Plaintiffs' and the putative class members' claims for injunctive relief are or may be barred, in whole or in part, because Plaintiffs are not entitled to injunctive relief as a matter of law. Actors not party to this suit are partially or wholly responsible for the plaintiffs' alleged injuries, if any. As a result, plaintiffs' proposed remedies will impose a disproportionate hardship on DAI.

SIXTY-FIRST DEFENSE

DAI hereby adopts and incorporates the affirmative defenses set forth by its co-defendants in this case.

SIXTY-SECOND DEFENSE

All of the preceding defenses are pled in the alternative, and none constitutes an admission that DAI is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.

**RIGHT TO ASSERT ADDITIONAL DEFENSES**

DAI reserves the right to assert additional defenses based upon information learned during the course of this litigation and/or through discovery in this action.

Dated: February 11, 2026

Respectfully submitted,


/s/ *Steven N. Geise*
JONES DAY
Steven N. Geise (D.S.C. ID #6615)
4655 Executive Drive, Suite 1500
San Diego, CA 92121-3134

Theodore M. Grossman (Pro Hac Vice)
250 Vesey Street
New York, NY 10281
(212) 326-3939
tgrossman@jonesday.com

Jeffrey A. Kaplan, Jr. (Pro Hac Vice)
Jennifer L. Weizenecker (Pro Hac Vice)
1221 Peachtree St. N.E., Suite 400
Atlanta, GA 30361
(404) 581-8325
jkaplan@jonesday.com
jweizenecker@jonesday.com

James L. Hollis (Pro Hac Vice)
Andrea L. Swartzberg (Pro Hac Vice)
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, GA 30309
(404) 261-6020
jhollis@balch.com
aswartzberg@balch.com

Beattie B. Ashmore (D.S.C. ID #5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
(864) 467-1001
beattie@beattieashmore.com

*Attorneys for Defendant Daikin America, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 11, 2026, this document was filed using the Court's ECF system, which will send notice to all parties of record.

*/s/ Steven N. Geise* _____