**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

|  |  |
|---|---|
| JAMIE WEATHERFORD, KIMBERLY WEATHERFORD, and E.J. BRYANT LOGGING COMPANY, INC. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>E.I. DUPONT DE NEMOURS & COMPANY, THE CHEMOURS COMPANY, FC, LLC, 3M COMPANY, DAIKIN AMERICA, INC., DAIKIN INDUSTRIES, LTD., MITSUBISHI INTERNATIONAL POLYMERTRADE CORPORATION, ARCHROMA U.S., INC., CLARIANT CORPORATION, HUNTSMAN INTERNATIONAL LLC, ITSELF AND AS SUCCESSOR IN INTEREST TO CIBA GEIGY CHEMICALS CORP. and/or CIBA SPECIALTY CHEMICALS, INC. and, NANOTEX, LLC a/k/a NANO-TEX, LLC,<br><br>Defendants. | Civil Action No. 4:22-CV-01427-JDA<br><br>TRIAL BY JURY REQUESTED |

**HUNTSMAN INTERNATIONAL, LLC'S ANSWER TO PLAINTIFFS'
THIRD AMENDED CLASS ACTION COMPLAINT**

Defendant Huntsman International LLC ("Huntsman") hereby files its answer and affirmative defenses to Plaintiffs Jamie Weatherford, Kimberly Weatherford, and E.J. Bryant Logging Company, Inc.'s Third Amended Class Action Complaint ("Third Amended Complaint" or "TAC") (ECF Doc. 236). Huntsman's answer is based upon its investigation to date, and Huntsman reserves the right to amend this answer if and when new information is learned.

## NATURE OF THE ACTION

1.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman admits that this is a civil action seeking certain damages and that this Paragraph describes Plaintiffs' legal theories. To the extent this Paragraph contains any allegations directed at Huntsman, Huntsman denies them and denies that Plaintiffs are entitled to any relief from Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

2.     Huntsman admits that Perfluorooctanoic Acid ("PFOA") and Perfulorooctanesulfonic Acid (PFOS") are man-made chemical compounds that are part of a larger group of chemicals known as per- and polyfluoroalkyl substances, or "PFAS." Huntsman denies the remaining allegations in Paragraph 2, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

3.     Huntsman denies the allegations in Paragraph 3, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

4.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies them.

5.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies them.

6. To the extent the allegations in Paragraph 6 contain or call for legal conclusions, no response is required. Huntsman denies the remaining allegations asserted against it in Paragraph 6. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph directed towards others and therefore denies those allegations.

7. Huntsman is without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 and therefore denies them.

8. The allegations of Paragraph 8 are legal conclusions and/or a description of the Plaintiffs' claims and theories of liability to which no response is required. To the extent a response is required, Huntsman denies that Plaintiffs are entitled to any relief from Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

## JURISDICTION AND VENUE

9. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

10. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

11.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

12.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

13.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

14.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

15.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

16.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

17.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

18.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

19.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

20.     Huntsman admits that it is a limited liability company organized in the State of Delaware and headquartered in the State of Texas.  Huntsman further admits that its principal place of business is located in The Woodlands, Texas. Except as expressly admitted, Huntsman denies the allegations in Paragraph 20.

21.     Huntsman admits that it acquired certain assets from Ciba Specialty Chemicals Holding Inc. in July 2006. To the extent Paragraph 21 purports to characterize the purchase agreement between Ciba Specialty Chemicals Holding Inc. and Huntsman International LLC, that document speaks for itself, and Huntsman denies any characterization inconsistent therewith. Except as expressly admitted, Huntsman denies the allegations in Paragraph 21.

22.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

23.     The allegations of Paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 23. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

24.     The allegations of Paragraph 24 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 24. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

25.     The allegations of Paragraph 25 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 25. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

## STATEMENT OF FACTS

26.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman admits that PFOA is part of a group of chemicals that can be used to treat textiles to confer stain and water resistance. Huntsman further admits that PFOA is part of a larger group of chemicals known as per- and

polyfluoroalkyl substances, or "PFAS." Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and therefore denies them.

27. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them.

28. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

29. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

30. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies them.

31. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman admits that certain PFAS chemicals have been used to treat textiles to confer stain and water resistance. To the extent this Paragraph contains any allegations directed at Huntsman, Huntsman denies them and denies that Plaintiffs are entitled to any relief from Huntsman. Huntsman lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and therefore denies them.

32.     This Paragraph and footnote 1 do not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman admits that Galey and Lord is a plant that operated in Society Hill, South Carolina. Except as expressly admitted, Huntsman denies the allegations in Paragraph 32 and footnote 1.

33.     This Paragraph and footnote 2 do not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and footnote 2 and therefore denies them.

34.     This Paragraph and footnote 3 do not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman admits that PFOA and PFOS are fluorinated, organic, man-made compounds that are used to make fluoropolymer coatings and products that resist heat, oil stains, grease, and water. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and footnote 3 and therefore denies them.

35.     This Paragraph and footnote 4 do not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and footnote 4 therefore denies them.

36.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies them.

37.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies them.

38.     Huntsman admits that Defendants The Chemours Company ("Chemours") and/or E.I. du Pont de Nemours and Company ("DuPont") manufactured and supplied certain textile related chemistry products containing PFAS to Huntsman and that Huntsman at certain times distributed these products to the Galey & Lord textile plant. Huntsman denies the remaining allegations asserted against it in this Paragraph and denies that Plaintiffs are entitled to any relief from Huntsman, including because the allegations are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

39.     Huntsman denies the allegations in Paragraph 39, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

40.     Huntsman admits that the EPA published non-enforceable and nonregulatory lifetime health advisories for PFOA and PFOS in 2016. To the extent Paragraph 40 purports to characterize the EPA's advisories, they speak for themselves, and Huntsman denies that paragraph 40 accurately or completely describes what any such research, studies, testing, communications,

or documents incorporated into those advisories indicated.  To the extent this Paragraph contains any allegations directed at Huntsman, Huntsman denies them, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore denies them.

41.     Huntsman denies the allegations in Paragraph 43, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

42.     Huntsman denies the allegations in Paragraph 42, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

43.     Huntsman denies the allegations in Paragraph 43, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

44.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them. To the extent this Paragraph contains any allegations directed at Huntsman, Huntsman denies them and denies that Plaintiffs are entitled to any relief from Huntsman, including because the allegations are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

45.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies them. To the extent this Paragraph contains any allegations directed at Huntsman, Huntsman denies them and denies that Plaintiffs are entitled to any relief from Huntsman, including because the allegations are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

46.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

47.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

48.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

49.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

50.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

51.    Huntsman denies the allegations in Paragraph 51 to the extent they pertain to Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

52.    This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies them.

53.    This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

54.    This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

55.    Huntsman denies the allegations in Paragraph 55 to the extent they pertain to Huntsman, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

56.     Huntsman denies the allegations in Paragraph 56 to the extent they pertain to Huntsman, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

57.     To the extent the allegations in Paragraph 57 contain or call for legal conclusions, no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 57, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

58.     To the extent the allegations in Paragraph 58 contain or call for legal conclusions, no response is required. To the extent a response is required, Huntsman denies the allegations in Paragraph 58 to the extent they pertain to Huntsman, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

13

59. Huntsman denies the allegations in Paragraph 59 to the extent they pertain to Huntsman, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

60. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies them.

61. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

62. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

63. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

64. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

65. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies them.

66. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies them.

67. Huntsman denies the allegations in Paragraph 67 to the extent they pertain to Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

68. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them. Paragraph 68 refers to research, studies, testing, communications, and documents, which, to the extent they exist, speak for themselves, and Huntsman denies that Paragraph 68 accurately or completely describes what any such research, studies, testing, communications, or documents indicated. To the extent a further response is required, Huntsman

15

denies the allegations in Paragraph 68 to the extent they pertain to Huntsman, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

69. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them. Paragraph 69 purports to refer to, and characterize, an unidentified 2013 study, which, to the extent it exists, speaks for itself, and Huntsman denies that paragraph 69 accurately or completely describes what any such research, studies, testing, communications, or documents indicated. To the extent a further response is required, Huntsman denies the allegations in Paragraph 69 to the extent they pertain to Huntsman, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

70. To the extent the allegations in Paragraph 70 contain or call for legal conclusions, no response is required. To the extent a further response is required, Huntsman denies the allegations in Paragraph 70 to the extent they pertain to Huntsman and denies that Plaintiffs are entitled to any relief from Huntsman, including because the allegations are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph directed towards others and therefore denies those allegations.

71. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them.

72.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

73.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them.

74.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies them.

75.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies them.

76.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies them.

77. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies them.

78. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

79. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

80. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies them.

81. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies them.

82. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore denies them.

83. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore denies them.

84. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore denies them.

85. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore denies them.

86. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore denies them.

87. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore denies them.

88.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore denies them.

89.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies them.

90.     This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies them.

91.     This Paragraph and footnote 5 do not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and footnote 5 and therefore denies them. Paragraph 91 and footnote 5 refer to research, studies, testing, communications, and documents, which, to the extent they exist, speak for themselves. Huntsman denies that paragraph 91 and footnote 5 accurately or completely describe what any such research, studies, testing, communications, or documents indicated. To the extent a further response is required, Huntsman denies the allegations in Paragraph 91 and footnote 5 to the extent they pertain to Huntsman, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

92. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore denies them. Paragraph 92 refers to research, studies, testing, communications, and documents, which, to the extent they exist, speak for themselves. Huntsman denies that paragraph 92 accurately or completely describes what any such research, studies, testing, communications, or documents indicated. To the extent a further response is required, Huntsman denies the allegations in Paragraph 92 to the extent they pertain to Huntsman, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

93. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore denies them.

94. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore denies them.

95. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and therefore denies them.

96. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore denies them.

97. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore denies them.

98. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore denies them.

99. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies them.

100. Huntsman admits that Chemours manufactured and supplied certain textile related chemistry products containing PFAS to Huntsman and that Huntsman at certain times distributed these products to certain entities in the textile industry. Huntsman denies that these allegations entitle Plaintiffs to any relief from Huntsman. Except as expressly admitted, Huntsman denies the allegations in Paragraph 100.

101. This Paragraph does not contain allegations against Huntsman, and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore denies them.

102.     To the extent the allegations in Paragraph 102 contain or call for legal conclusions, no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 102, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

103.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore denies them.

104.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and therefore denies them.

105.     To the extent the allegations in Paragraph 105 contain or call for legal conclusions, no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 105, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

106.     To the extent the allegations in Paragraph 106 contain or call for legal conclusions, no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 106. Huntsman lacks knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

107. To the extent the allegations in Paragraph 107 contain or call for legal conclusions, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies those allegations.

108. To the extent the allegations in Paragraph 108 contain or call for legal conclusions, no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 108. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

## CLASS ALLEGATIONS

109. The allegations of Paragraph 109 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations in Paragraph 109 and expressly denies that this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

110. The allegations of Paragraph 110 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations in Paragraph 110.

111. The allegations of Paragraph 111 and its subparts are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 108 and its subparts and expressly denies that this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and its subparts and therefore denies those allegations.

24

112.    The allegations of Paragraph 112 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations in Paragraph 112.

113.    The allegations of Paragraph 113 and its subparts are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 113 and its subparts and expressly denies that this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and its subparts and therefore denies those allegations.

114.    The allegations of Paragraph 114 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 114 and expressly denies that this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies those allegations.

115.    The allegations of Paragraph 115 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations in this Paragraph and expressly denies that this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

116.    The allegations of Paragraph 116 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 116 and expressly denies that this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure. Huntsman lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies those allegations.

117. The allegations of Paragraph 117 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 117 and expressly denies that this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies those allegations.

118. The allegations of Paragraph 118 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations in Paragraph 118 and expressly denies that this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

119. The allegations of Paragraph 119 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations in Paragraph 119 and expressly denies that this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

120. The allegations of Paragraph 120 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 120 and expressly denies that this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies those allegations.

## FOR A FIRST CAUSE OF ACTION:
## NEGLIGENCE

121. Huntsman incorporates by reference its responses to Paragraphs 1 through 120 as if restated fully herein.

122. Huntsman admits that Chemours and DuPont manufactured and supplied certain textile related chemistry products containing PFAS to Huntsman and that Huntsman at certain times distributed these products to certain entities in the textile industry. The remaining allegations of Paragraph 122 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 122. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

123. The allegations of Paragraph 123 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 123. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

124. The allegations of Paragraph 124 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 124. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

125. The allegations of Paragraph 125 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 125. Huntsman lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

126.    The allegations of Paragraph 126 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 126. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

127.    The allegations of Paragraph 127 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 127. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

128.    The allegations of Paragraph 128 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 128. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

129.    The allegations of Paragraph 129 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 129. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

130.    The allegations of Paragraph 130 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 130. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

131.    The allegations of Paragraph 131 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 131. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

132.    The allegations of Paragraph 132 and its subparts are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 132 and its subparts. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and its subparts, including those directed at others, and therefore denies those allegations.

133.    The allegations of Paragraph 133 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 133. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

### FOR A SECOND CAUSE OF ACTION:
### STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITY

134.    Huntsman incorporates by reference its responses to Paragraphs 1 through 133 as if restated fully herein.

135.    The allegations of Paragraph 135 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 135. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

136.    Huntsman denies the allegations asserted against it in Paragraph 136. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

137.    To the extent the allegations in Paragraph 137 contain or call for legal conclusions, no response is required. Huntsman denies the remaining allegations asserted against it in Paragraph 137. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

138.    The allegations of Paragraph 138 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 138. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

139.    The allegations of Paragraph 139 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 139. Huntsman lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

140. The allegations of Paragraph 140 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 140. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

141. The allegations of Paragraph 141 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 141. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

<u>**FOR A THIRD CAUSE OF ACTION:**</u>
<u>**TRESPASS**</u>

142. Huntsman incorporates by reference its responses to Paragraphs 1 through 141 as if restated fully herein.

143. The allegations of Paragraph 143 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 143. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

144. The allegations of Paragraph 144 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 144. Huntsman lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

145. The allegations of Paragraph 145 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 145. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

146. To the extent the allegations in Paragraph 146 contain or call for legal conclusions, no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 146, including on the basis that they are incomplete or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

147. The allegations of Paragraph 147 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 147. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

148. The allegations of Paragraph 148 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 148. Huntsman lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

## FOR A FOURTH CAUSE OF ACTION:
## PRODUCT LIABILITY FOR DEFECTIVE DESIGN

149.    Huntsman incorporates by reference its responses to Paragraphs 1 through 148 as if restated fully herein.

150.    The allegations of Paragraph 150 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 150. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

151.    The allegations of Paragraph 151 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 151. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

152.    To the extent the allegations in Paragraph 152 contain or call for legal conclusions, no response is required. Huntsman denies the remaining allegations asserted against it in Paragraph 152. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

153.    The allegations of Paragraph 153 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 153. Huntsman lacks knowledge or information sufficient to form a belief as to the

33

truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

154. The allegations of Paragraph 154 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 154. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

155. The allegations of Paragraph 155 and its subparts are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 155 and its subparts. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and its subparts, including those directed at others, and therefore denies those allegations.

156. The allegations of Paragraph 156 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 156. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

157. The allegations of Paragraph 157 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 157. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

158.    The allegations of Paragraph 158 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 158. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

159.    The allegations of Paragraph 159 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 159. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

160.    The allegations of Paragraph 160 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 160. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

161.    The allegations of Paragraph 161 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations in Paragraph 161.

162.    The allegations of Paragraph 162 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations in Paragraph 162 and denies that Plaintiffs are entitled to any relief from Huntsman.

**FOR A FIFTH CAUSE OF ACTION:**
**BREACH OF IMPLIED WARRANTIES**

163.    Huntsman incorporates by reference its responses to Paragraphs 1 through 162 as if restated fully herein.

164.    The allegations of Paragraph 164 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 164. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

165.    The allegations of Paragraph 165 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 165. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

166.    The allegations of Paragraph 166 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 166. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

167.    The allegations of Paragraph 167 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations asserted against it in Paragraph 167. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, including those directed at others, and therefore denies those allegations.

168.    The allegations of Paragraph 168 are legal conclusions to which no response is required. To the extent a response is required, Huntsman denies the allegations in Paragraph 168 and denies that Plaintiffs are entitled to any relief from Huntsman.

## JURY TRIAL DEMANDED

169.    To the extent the allegations of Paragraph 169 are legal conclusions, no response is required. Huntsman hereby requests a jury trial as to all issues or claims triable in this action.

## PRAYER FOR RELIEF

Huntsman denies the allegations asserted against it in the Prayer for Relief and denies that Plaintiffs are entitled to any relief from Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph directed towards others and therefore denies those allegations.

Huntsman demands judgment in its favor and against Plaintiffs and the putative class members as follows:

1.  Dismissing the Third Amended Complaint in its entirety with prejudice;

2.  Awarding Huntsman its attorneys' fees, experts' fees, and other costs and expenses; and

3.  Awarding Huntsman such other further relief as this Court deems just, proper, and equitable.

Huntsman denies any allegations in the Third Amended Complaint that require a response from Huntsman and have not been expressly admitted herein.

## HUNTSMAN'S AFFIRMATIVE AND OTHER DEFENSES

Huntsman sets forth the following additional defenses and affirmative defenses. In so doing, the term "Plaintiffs" encompasses the named Plaintiffs as well as members of the proposed class. In disclosing these defenses, Huntsman does not assume any burden of proof not otherwise required by law. Notwithstanding the enumeration of specific defenses set forth below, Huntsman reserves unto itself all of those defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure and such other defenses, affirmative or otherwise, as may prove through discovery to

37

be applicable. Huntsman further reserves the right to assert such claims, counterclaims, third-party claims, crossclaims or other claims as investigation and discovery may prove applicable and hereby reserves unto itself all of its rights associated with any such claim or potential claim. Huntsman reserves its right to amend this Answer.

## FIRST DEFENSE

Huntsman denies the material allegations of the Third Amended Complaint and demands strict proof thereof.

## SECOND DEFENSE

Huntsman asserts that it is not liable for the matters and things alleged in the Third Amended Complaint.

## THIRD DEFENSE

The Third Amended Complaint fails to state, in whole or in part, a claim upon which relief can be granted.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to seek recovery for alleged injury to property not owned by Plaintiffs, including but not limited to groundwater, or for costs incurred by third parties, including the local, state, or federal governments.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by laches, license, res judicata, acquiescence, release, waiver, estoppel, accord and satisfaction, ratification, unclean hands, and/or permit.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations, statute(s) of repose, or other rule, regulation, or doctrine requiring the institution of an action by a certain date or time.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred because Huntsman owed no duty to Plaintiffs.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, Huntsman exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

**NINTH DEFENSE**

Huntsman asserts the change of the product, material, or equipment's condition as a defense.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because, (i) prior to sale, Huntsman's products conformed to government standards or the state-of-the-art existing at the time of manufacture; (ii) Huntsman's conduct was in accordance with and complied with all applicable laws, regulations, industry practice and state-of-the-art knowledge, including, but not limited to, all applicable standards of care thereunder; and (iii) Huntsman's conduct in accordance with such standards of care was reasonable, prudent, in good faith and with due care for the rights, safety and property of others.

39

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any alleged damages may be the result of an unforeseeable series of events, acts of God, or unavoidable circumstances and causes beyond the control of Huntsman.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, under the economic loss rule.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs and/or members of the putative class assumed the risks associated with Huntsman's products.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent Huntsman's products were unforeseeably misused or altered.

**FIFTEENTH DEFENSE**

The alleged incidents, injuries, and damages of which Plaintiffs complain were caused by unforeseeable alteration or unauthorized, unintended, and/or improper use or disposal of PFAS and/or other chemicals or substances, and because of the failure to exercise reasonable care, caution, or vigilance for which Huntsman is not legally liable or responsible.

**SIXTEENTH DEFENSE**

The damages that Plaintiffs seek, if awarded, would result in unjust enrichment to Plaintiffs.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims, injuries, and damages, if any, alleged in the TAC are barred because there is no causal relationship between any acts or omissions by Huntsman and the damages, if

40

any, suffered by Plaintiffs and/or because they are the result of independent, unforeseeable, superseding, and/or intervening causes unrelated to any Huntsman conduct, warning, or product sold by Huntsman. Such independent, unforeseeable, superseding, and/or intervening causes constitute a break in any causal chain.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because no action of Huntsman was the proximate, substantial, or actual cause of Plaintiffs' alleged injuries.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their own contributory or comparative negligence or the contributory or comparative negligence of those for whom they are legally responsible.

## TWENTIETH DEFENSE

Plaintiffs' claims are preempted by federal law.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because costs alleged to be incurred in the future are remote, speculative, conjectural, contingent, unreasonable, excessive, and/or arbitrary and capricious.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent there was no practical, reasonable, or technically feasible alternative design or formulation that would have prevented the alleged harm to Plaintiffs, if any, without substantially impairing the usefulness or intended purpose of the product, and Plaintiffs failed to allege any such practical, reasonable, or technically feasible alternative design or formulation.

41

## TWENTY-THIRD DEFENSE

Plaintiffs are not entitled to recover from Huntsman more than Huntsman's fair, equitable, and proportionate share, if any, of the costs and damages alleged by Plaintiffs or to otherwise recover from Huntsman more than the amount of such relief, if any, for which Huntsman is liable.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the Plaintiffs seek to retroactively impose liability for conduct that was not actionable at the time it occurred, and Huntsman may not be held liable under retroactive theories not requiring proof of fault or causation.

## TWENTY-FIFTH DEFENSE

This action is barred by Plaintiffs' failure to join necessary and/or indispensable parties, including, but not limited to Galey & Lord and its relevant predecessors, successors, and affiliates, and any owners/operators of the sites in question.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the sophisticated purchaser/user, sophisticated/learned intermediary, sophisticated/knowledgeable user, bulk supplier, component part supplier, or other similar or related doctrines.

## TWENTY-SEVENTH DEFENSE

The Huntsman products at issue in Plaintiffs' TAC were reasonably fit, suitable, and safe for their intended purpose.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, and any award of damages should be limited to the extent any fault, negligence, assumption of risk, and/or other culpable conduct by

42

other persons or entities over whose conduct Huntsman had no control and for whose conduct Huntsman is not responsible, including, but not limited to co-Defendants and non-parties who caused, proximately caused, or contributed to the alleged injuries and damages or to the extent that the doctrines of contributory negligence, comparative fault, avoidable consequences, assumption of risk, voluntary exposure, and/or other applicable common law or statutory doctrines apply.

## TWENTY-NINTH DEFENSE

Huntsman cannot be held jointly and severally liable for the acts or omissions of third parties, because their acts or omissions were separate and distinct and the alleged harm is divisible from any harm allegedly caused by acts or omissions of Huntsman, which is expressly denied.

## THIRTIETH DEFENSE

If found, in whole or in part, either directly or indirectly, liable for damages, liability for which Huntsman denies, then Huntsman is entitled to (i) statutory contribution and/or (ii) common law contribution and indemnification from other persons or entities.

## THIRTY-FIRST DEFENSE

The damages sought by Plaintiffs, if awarded, should be reduced by any amounts they may recover from any other sources, and Plaintiffs are barred from any form of double recovery regardless of the nature or source of such recovery.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to take reasonable steps to mitigate Plaintiffs' alleged damage and by the doctrines of avoidable consequences, open and obvious risk, voluntary exposure and acquiescence.

**THIRTY-THIRD DEFENSE**

To the extent that Plaintiffs have received or may receive some or all of the requested relief from a governmental agency or other third party, Huntsman asserts its entitlement to an appropriate set-off or reduction of any judgment against it.

**THIRTY-FOURTH DEFENSE**

Plaintiffs' request to recover attorneys' fees and expenses is barred, in whole or in part, to the extent recovery of attorneys' fees and expenses is not expressly authorized by South Carolina or other applicable law and/or Huntsman has not acted in a manner that gives rise to a claim for attorneys' fees or for the expenses of litigation.

**THIRTY-FIFTH DEFENSE**

Plaintiffs have no evidence upon which punitive or exemplary damages may be awarded under South Carolina statutory or common law.

**THIRTY-SIXTH DEFENSE**

Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute or violate the due process protections afforded by the United States Constitution and the Constitution of the State of South Carolina. Huntsman specifically incorporates by reference any and all standards and limitations regarding the determination and/or enforceability of punitive damage awards specified in decisions of the United States Supreme Court, including, but not limited to, *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); and *TXO Prod. Corp. v. Alliance Resources Corp.*, 509 U.S. 443 (1993).

44

## THIRTY-SEVENTH DEFENSE

Any award of punitive damages based upon vague and undefined standards of liability, or based upon any standard of proof less than "clear and convincing" evidence, would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Due Process Clause of the South Carolina State Constitution, and/or the applicable laws of any relevant jurisdiction and venue.

## THIRT-EIGHTH DEFENSE

The amount of punitive damages sought is unconstitutionally excessive and disproportionate to Huntsman's alleged conduct, and thus violates the United States Constitution, including, without limitation the Excessive Fines Clause of the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Fourth, Fifth, and Sixth Amendments, and the South Carolina State Constitution, and/or the applicable laws of any relevant jurisdiction and venue.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that Plaintiffs' alleged injuries were caused by exposure to any product(s) attributable to Huntsman.

## FORTIETH DEFENSE

To the extent Plaintiffs have not suffered any cognizable harm and have not incurred any present damages caused by Huntsman, there is no current case or controversy and thus, Plaintiffs' claims are not ripe for adjudication.

**FORTY-FIRST DEFENSE**

Plaintiffs' claims are barred because Huntsman did not discharge, release, emit, or dispose of the PFAS or other chemicals and substances to which Plaintiffs allege Plaintiffs were exposed and/or that allegedly contaminated the groundwater, soil, air, and/or Plaintiffs' property.

**FORTY-SECOND DEFENSE**

Plaintiffs' claims are barred to the extent that the conduct of Huntsman alleged to give rise to liability in the TAC is the subject of a release, contract, or other agreement executed by Plaintiffs.

**FORTY-THIRD DEFENSE**

Plaintiffs' trespass claims are barred, in whole or in part, because Plaintiffs neither alleged nor suffered an invasion of an exclusive possessory interest in the alleged damaged property.

**FORTY-FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any alleged entry of materials onto Plaintiffs' property was expressly or impliedly authorized by Plaintiffs and/or by law, and Plaintiffs cannot establish that they have sustained trespass or damage to real or personal property.

**FORTY-FIFTH DEFENSE**

The proposed class cannot be certified because the putative class, class representatives and/or class counsel failed to meet the typicality, commonality, numerosity, adequacy,

46

superiority, and predominance requirements for the pursuit of the claims as a class action, nor do Plaintiffs have standing or class standing to assert claims on behalf of the putative class.

### FORTY-SIXTH DEFENSE

Any alleged failure to warn was not the proximate cause of any alleged injury or damage because unforeseeable actions by a third-party or parties, over whose conduct Huntsman had no control and for whose conduct Huntsman is not responsible, severed the causal chain.

### FORTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack the requisite legal or equitable interest to recover damages for alleged property entry or damage, if any.

### FORTY-EIGHTH DEFENSE

If Huntsman owed any duty to Plaintiffs, which Huntsman denies, Huntsman exercised due care and did not breach or fail to discharge that duty.

### FORTY-NINTH DEFENSE

If Plaintiffs are owed any damages, which Huntsman denies, their claims for damages exceed the amount allowed by statute or common law.

### FIFTIETH DEFENSE

Huntsman reserves any actions for contribution or indemnity against third parties and reserves its right to remedies.

### FIFTY-FIRST DEFENSE

To the extent Plaintiffs' claims are premised upon any alleged violation of the South Carolina Pollution Control Act, S.C. Code Ann. §48-1-10 *et seq.* (1976), Plaintiffs' claims are barred because the Act expressly forecloses any private right of action. S.C. Code Ann. §48-1-250.

47

**FIFTY-SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, under the useful product doctrine.

**FIFTY-THIRD DEFENSE**

Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, because Plaintiffs did not provide Huntsman reasonable notice of any alleged breach.

**FIFTY-FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries or damages, if any, were due to preexisting conditions, for which Huntsman cannot be held responsible.

**FIFTY-FIFTH DEFENSE**

Huntsman incorporates by reference as if set forth herein in their entirety all applicable defenses set forth in the answers of all other Defendants, except to the extent they seek to impose any liability on or allocation of fault to Huntsman, and, further, reserves the right to amend or supplement these defenses with any additional defenses that subsequently become available during discovery or at trial.

Dated: March 31, 2026

Respectfully submitted,

*/s/ Robert H. Jordan*

Robert H. Jordan (Fed. Bar No. 6986)
Email: robertjordan@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
850 Morrison Drive, Suite 400
Charleston, SC 29403
Telephone: (843) 727-2650
Facsimile: (843) 727-2680

Peter A. Farrell, P.C. (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
Telephone: (202) 289-5000
Facsimile: (202) 389-5200
peter.farrell@kirkland.com

*Counsel for Defendant Huntsman*
*International, LLC*